# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC<br><br>Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>Relief Defendant. | Case No.: 3:19-cv-01628-H-BLM<br><br>**ORDER; GRANTING THE PARTIES' JOINT MOTION AND STIPULATED REQUEST BY ALL PARTIES FOR A PRELIMINARY INJUNCTION ORDER AND ORDER (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) APPOINTING A PERMANENT RECEIVER**<br><br>[Doc. No. 2] |

On August 28, 2019, the Securities and Exchange Commission ("Plaintiff" or "SEC") filed a complaint against ANI Development, LLC ("ANI Development"), Gina Champion-Cain (collectively "Defendants") and Relief Defendant American National Investments, Inc. (American National Investments) alleging violations of various federal securities laws. (Doc. No. 1.) Concurrently the parties filed a joint motion for Preliminary Injunction which is now before the Court. (Doc. No. 2.)

The present Joint Motion and Stipulated Request by All Parties seeks a Preliminary Injunction Order and Order (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Permanent Receiver filed by the SEC

and Defendants and Relief Defendant American National Investments.

## **Background**

The SEC seeks an order preliminarily enjoining Defendants from engaging in specified conduct, Defendants and Relief Defendant do not oppose the requested relief, and Defendants and Relief Defendant consent and agree to an asset freeze, accountings, and prohibition of the destruction of documents, and the SEC, Defendants, and Relief Defendants jointly request the appointment of a permanent receiver over ANI Development, American National Investments, and all of their subsidiaries and affiliates.

The Court, having considered the SEC's Complaint and the parties' Joint Motion and Stipulated Request by All Parties for a Preliminary Injunction Order and Order (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Permanent Receiver, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action, pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a).

B. Venue properly lies in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because certain of the transactions, acts, practices and courses of conduct constituting alleged violations of the federal securities laws occurred within this district. In addition, venue is proper in this district because Defendant ANI Development and Relief Defendant American National Investments have their principal places of business in this district.

C. Defendants and Relief Defendant do not dispute that the SEC is able to make the requisite showing for the requested relief pursuant to Section 20(b) of the Securities Act [15 U.S.C. s 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(b)] in order to prevent violations of federal securities laws

during the pendency of the litigation.

D. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants or Relief Defendants could dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Preliminary Injunction preventing the dissipation of assets.

E. Good cause exists to believe that an accounting of assets is necessary.

F. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants could alter or destroy documents relevant to this action.

G. Good cause exists to warrant the appointment of a permanent receiver over ANI Development, American National Investments, and all of their subsidiaries and affiliates.

## I.

**IT IS HEREBY ORDERED** that the SEC, Defendants, and Relief Defendant's Joint Motion and Stipulated Request by All Parties for a Preliminary Injunction Order and Order (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Permanent Receiver is **GRANTED.**

## II.

**IT IS FURTHER ORDERED** that Defendants Champion-Cain and ANI Development, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material

fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

**IT IS FURTHER ORDERED** that Defendants Champion-Cain and ANI Development, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, Defendants Champion-Cain and ANI Development, and Relief Defendant American National Investments, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including, but not limited to the following:

132 & 140 Keller Street, LLC

| |
|---|
| 2163 Abbot Street, LP |
| 2466 1st Avenue, LLC |
| 301 D Street, LLC |
| 3415 Mission Blvd., LLC |
| 3445 Ingraham Street, LLC |
| 3768 Mission Blvd., LLC |
| 3816 Mission Blvd., LLC |
| 3833 Mission Blvd., LLC |
| 4030 Randolph Street, LLC |
| 4445 Lamont Street, LLC |
| 901 W. Washington, LLC |
| ANI Andreas Truffles, LP |
| ANI Commercial CA III, LLC |
| ANI Prop Management, Inc. |
| Bao Beach, LP |
| Beautiful MB, Inc. |
| Friends of Presidio |
| Friends of Presidio Hills Golf |
| La Mesa Ventures I, LLC |
| Luvsurf, LLC |
| Perils of Pauline Food Product, Inc. |
| Pullman Lofts Phase I, LLC |
| San Jose Parking Lot, LLC |
| Tenth & J, LLC |
| Tenth and J, LP |
| The Fireside By the Patio, LP |
| The Foundation, LP |

| | |
|---|---|
| The Patio Express, LP | |
| The Patio In Petaluma, LP | |
| The Patio Marketplace, LP | |
| The Patio On Lamont, LP | |
| The Surf Life, LP | |
| The Swell Coffee Roasting Co., LLC | |
| 1625 Hotel Circle South, LLC | |
| 4020 Goldfinch Street, LLC | |
| Casanova & Palou, LLC | |
| Cultivate Juicing Co., LP | |
| Foundation, LP | |
| 6050 El Cajon Blvd, LLC | |
| 814 Jamaica Court, LLC | |
| GCC I, LLC | |
| Patio at the Ballpark, LLC | |
| TPO Lamont, LLC | |
| Urbane Boheme, LP | |
| Westlink Development Co., LLC | |
| Windemere Court, LLC | |
| CA Opportunity License Fund, LLC | |
| ERA Boutique Hotel, LLC | |
| Cultivate Coffee | |
| CWC Casa Del Zorro, LLC | |
| 809 San Rafael Place, LLC | |
| San Rafael Place, LLC | |
| 3515 Hancock Street, LLC | |
| 809 San Rafael Place, LLC | |

and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendant, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief Defendant, or their subsidiaries and affiliates.

**V.**

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard (with the expectation that Defendant Cain intends to bring such motion and the SEC shall so stipulate if good cause is shown) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Champion-Cain and ANI Development, Relief Defendant American National Investments, and/or all of their subsidiaries and affiliates including, but not limited to those subsidiaries and affiliates identified above in Section IV, and, including but not limited to, the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Wells Fargo Bank | 132 & 140 Keller Street LLC | xxxxxx1819 |
| Wells Fargo Bank | 2163 Abbot Street LP | xxxxxx0125 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
| --- | --- | --- |
| Wells Fargo Bank | 2466 1st Avenue, LLC | xxxxxx5890 |
| Wells Fargo Bank | 301 D Street, LLC | xxxxxx2365 |
| Wells Fargo Bank | 3415 Mission Blvd., LLC | xxxxxx7705 |
| Wells Fargo Bank | 3445 Ingraham Street, LLC | xxxxxx7577 |
| Wells Fargo Bank | 3768 Mission Blvd., LLC | xxxxxx3126 |
| Wells Fargo Bank | 3816 Mission Blvd., LLC | xxxxxx2976 |
| Wells Fargo Bank | 3833 Mission Blvd., LLC | xxxxxx0658 |
| Wells Fargo Bank | 4030 Randolph Street, LLC | xxxxxx3924 |
| Wells Fargo Bank | 4445 Lamont Street LLC | xxxxxx1942 |
| Wells Fargo Bank | 901 W. Washington, LLC | xxxxxx2373 |
| Wells Fargo Bank | American Natl Investments Inc. | xxxxx0083 |
| Wells Fargo Bank | ANI Andreas Truffles LP | xxxxxx7324 |
| Wells Fargo Bank | ANI Commercial CA III, LLC | xxxxxx4452 |
| Wells Fargo Bank | ANI Development, LLC | xxxxxx3768 |
| Wells Fargo Bank | ANI Prop Management, Inc. | xxxxxx1369 |
| Wells Fargo Bank | Bao Beach LP | xxxxxx4190 |
| Wells Fargo Bank | Beautiful MB, Inc. | xxxxxx9394 |
| Wells Fargo Bank | Friends of Presidio | xxxxxx2296 |
| Wells Fargo Bank | Friends of Presidio Hills Golf | xxxxxx2296 |
| Wells Fargo Bank | La Mesa Ventures I, LLC | xxxxxx3338 |
| Wells Fargo Bank | Luvsurf, LLC | xxxxxx0178 |
| Wells Fargo Bank | Perils of Pauline Food Product, Inc. | xxxxx3826 |
| Wells Fargo Bank | Pullman Lofts Phase I, LLC | xxxxxx2304 |
| Wells Fargo Bank | San Jose Parking Lot, LLC | xxxxxx7713 |
| Wells Fargo Bank | Steven Cain and Gina Champion Cain | xxxxx0198 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
| --- | --- | --- |
| Wells Fargo Bank | Tenth & J, LLC | xxxxx3346 |
| Wells Fargo Bank | Tenth and J, LP | xxxxx3353 |
| Wells Fargo Bank | The Fireside By the Patio, LP | xxxxx2286 |
| Wells Fargo Bank | The Foundation LP | xxxxx1801 |
| Wells Fargo Bank | The Patio Express, LP | xxxxx6988 |
| Wells Fargo Bank | The Patio In Petaluma, LP | xxxxx7088 |
| Wells Fargo Bank | The Patio Marketplace, LP | xxxxx6452 |
| Wells Fargo Bank | The Patio On Lamont, LP | xxxxx1991 |
| Wells Fargo Bank | The Surf Life, LP | xxxxx6184 |
| Wells Fargo Bank | The Swell Coffee Roasting Co., LLC | xxxxx7374 |
| Wells Fargo Bank | The Gina Champion-Revocable Trust | Xxxxx1109 |
| Chicago Title Insurance Company | ANI Development, LLC | XXXX2122 |
| Chicago Title Insurance Company | Real Property Escrow Account | XXX397 |
| Chicago Title Insurance Company | Real Property Escrow Account | XXXX71A |

The account XXXX0198, held jointly in the name of Steven Cain and Gina Champion-Cain at Wells Fargo, and funded in part by Steven Cain's separate salary, shall be excepted from the freeze on all monies and assets, in only the following respect:

- If, as anticipated, Steven Cain's employer, Pacific Pulp Molding, Inc. transfers $8,629.85 in monthly wages on August 31, 2019 to the Wells Fargo account ended XXXX0198 ("August Wages"), the August Wages shall not be frozen, and may, upon approval by the permanent receiver, be used to pay these four limited expenses:
    - Outstanding check number 6290 in the amount of $600;

- - Outstanding check number 6296 in the amount of $1,000;
  - An anticipated $300 payment for home expenses; and,
  - A $300 cash withdrawal for personal expenses.
- All other funds and assets in the Wells Fargo account ended XXXX0198 shall be frozen as set forth above.

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court, or except as provided as follows: all banks, financial institutions, or brokerage firms shall take direction from the receiver and shall cooperate with the receiver to allow for, notwithstanding the asset freeze provided for herein, the immediate release of funds necessary to make payroll, pay operating expenses, and/or meet any other payment obligations, as deemed necessary by the permanent receiver.

## VI.

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

| Property Address | Owners |
| --- | --- |
| 4445 Lamont Street, San Diego, CA 92109 | 4437 - 4445 Lamont Street, LLC |
| 3515 Hancock Street San Diego, CA 92110 | 3515 Hancock Street, LLC |
| 132 Keller Street, Petaluma, CA 94952 | 132 & 140 Keller Street, LLC |
| 140 Keller Street, Petaluma, CA 94952 | 132 & 140 Keller Street, LLC |
| 3768 Mission Blvd, San Diego, CA 92109/Parking Lot | 3768 Mission Blvd., LLC |

| Property Address | Owners |
|---|---|
| 369 10th Avenue, San Diego, CA 92101 | Tenth & J, LLC |
| 3831 La Mesa Blvd., La Mesa CA | La Mesa Ventures I, LLC |
| 3445 Ingraham Street, San Diego, CA 92109 | 3445 Ingraham Street, LLC |
| 901, 903, 904 W. Washington ST., San Diego, CA | American National Investments, Inc. |
| 301-317 D Street, Sacramento, CA 95605 | American National Investments, Inc. |
| 7569-7571/7565 University Avenue, La Mesa, CA 91942 | American National Investments, Inc. |
| 3241 Borrego Road Borrego Springs, CA 92004 | CWC Casa Del Zorro, LLC |
| 809 San Rafael Place, San Diego, CA 92109 | 809 San Rafael Place, LLC |
| 750 Yarmouth Ct., San Diego, CA 92109 | Luv Surf Brands, LLC |
| 737 Windemere Ct., San Diego, CA 92109 | Windemere Court, LLC |
| 812 San Rafael Pl., San Diego, CA 92109 | San Rafael Place, LLC |
| 3415 Mission Blvd., San Diego, CA 92109 | 3415 Mission Blvd, LLC |
| 3816 Mission Blvd., San Diego, CA 92109 | 3816 Mission Blvd., LLC |
| 3833 Mission Blvd., San Diego, CA 92109 | 3833 Mission Blvd, LLC |
| 724 Zanzibar Ct., San Diego, CA 92109 | Luv Surf Brands, LLC |
| 3792 Mission Blvd., San Diego, CA 92109 | San Jose Parking Lot, LLC |

| Property Address | Owners |
|---|---|
| 4014 Bandini Street, San Diego, CA 92103 | Cain Family Trust |
| 805 Brighton Ct., San Diego, CA 92109 | 6050 El Cajon Blvd, LLC |
| 4205 Lamont ST #12, San Diego, CA 92109 | 2466 1st Avenue, LLC |
| SE Corner of Casanova St & Palou Ave Carmel by the Sea 93921 | Cain Family Trust |
| 7940 University Avenue #9, La Mesa, CA 91941 | 2466 1st Avenue, LLC |
| 4030-4034 Randolph Street, San Diego, CA 92103 | 4030 Randolph Street, LLC |
| 7243 Camino Degrazia, Unit 59, San Diego, CA 92111 | 2466 1st Avenue, LLC |
| 4829 Bella Pacific #215, San Diego, CA 92109 | 2466 1st Avenue LLC |
| 3548 Tennyson Street, San Diego, CA | American National Investments, Inc. |
| 3764-68 Mission Blvd., #68, San Diego, CA 92109 | 3768 Mission Blvd., LLC |
| 83 Royal Saint Georges Way, Rancho Mirage, CA 92103 | American National Investments, Inc. |
| 1775 Diamond Street, #301, San Diego, CA 92111 | 2466 1st Avenue, LLC |
| 4439 Lamont Street, San Diego, CA 92109 | Lamont Street, LLC |

**VII.**

**IT IS FURTHER ORDERED** that Defendants Champion-Cain and ANI Development and Relief Defendant American National Investments, within ten days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Kathryn C. Wanner, counsel for the SEC. After completion of the accounting, each of the Defendants and Relief Defendant shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

**VIII.**

**IT IS FURTHER ORDERED** that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or Relief Defendant, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

**IX.**

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, each of the Defendants Champion-Cain and ANI Development, and Relief Defendant American National Investments, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing

of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Champion-Cain and ANI Development and Relief Defendant American National Investments.

## X.

**IT IS FURTHER ORDERED** that Krista L. Freitag is appointed as permanent receiver of Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates (including but not limited to those subsidiaries and affiliates identified above in Section IV), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

B. to assume full control of Defendant ANI Development and Relief Defendant American National Investments by removing, as the receiver deems necessary

14

or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates, including any named Defendant, from control of, management of, or participation in, the affairs of Defendant ANI Development and Relief Defendant American National Investments;

C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Defendant ANI Development and Relief Defendant American National Investments, and their subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, including but not limited to, the law firm in which the receiver is a partner;

G. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant ANI Development and Relief

        Defendant American National Investments and to file the accounting with the Court and deliver copies thereof to all parties;

H.     to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging her duties as permanent receiver;

I.     to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant ANI Development and Relief Defendant American National Investments, and their subsidiaries and affiliates

J.     to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

K.     to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of her duties as permanent receiver.

## XI.

**IT IS FURTHER ORDERED** that Defendant ANI Development and Relief Defendant American National Investments and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

16

3:19-cv-01628-H-BLM

## XII.

**IT IS FURTHER ORDERED** that no officer, agent, servant, employee or attorney of Defendant ANI Development or Relief Defendant American National Investments shall take any action or purport to take any action, in the name of or on behalf of Defendant ANI Development or Relief Defendant American National Investments without the written consent of the permanent receiver or order of this Court.

## XIII.

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant ANI Development and Relief Defendant American National Investments, or their subsidiaries or affiliates (including, but not limited to those subsidiaries and affiliates identified above in Section IV), and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

- A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;
- B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant ANI Development and Relief Defendant American National Investments; and
- C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the

property and assets owned, controlled or managed by or in the possession of Defendant ANI Development and Relief Defendant American National Investments, or in any way to interfere with or harass the permanent receiver or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XIV.

**IT IS FURTHER ORDERED** that Defendant Gina Champion-Cain and ANI Development and Relief Defendant American National Investments, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XV.

**IT IS FURTHER ORDERED** that Defendant ANI Development and Relief Defendant American National Investments, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

18

3:19-cv-01628-H-BLM

**XVI.**

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of her duties and responsibilities.

**XVII.**

**IT IS FURTHER ORDERED** that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant ANI Development and Relief Defendant American National Investments, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

**XVIII.**

**IT IS FURTHER ORDERED** that the parties may take discovery using third-party subpoenas issued pursuant to the Federal Rules of Civil Procedure.

**XIX.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## XX.

**IT IS FURTHER ORDERED** that a status conference concerning the receivership, is set for October 7, 2019 at 10:30 a.m. absent further notice from the parties who may submit a joint motion to change the date of the status conference.

**IT IS SO ORDERED.**

DATED: September 3, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT