1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN, et al.,<br><br>                                    Defendants. | Case No.:  19cv1628-LAB (AHG)<br><br>**ORDER ADOPTING IN PART AND MODIFYING REPORT AND RECOMMENDATION ON MOTION FOR ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT; AND DEFERRING ON OTHER RECOMMENDATIONS** |

Receiver Krista Freitag filed an *ex parte* motion for an order to show cause why Chicago Title should not be held in civil contempt for its refusal to turn over approximately $11 million held in certain accounts. Rather than issue an order to show cause, the Court referred the matter to Magistrate Judge Allison Goddard, effectively converting the motion into a motion to hold Chicago Title in civil contempt. Judge Goddard received briefing, held a hearing, and issued her report and recommendation (Docket no. 54, the "R&R"). Three sets of written objections were filed.

The Court held a hearing on related matters on Monday,  November 18, at which the Receiver, Chicago Title, the objectors, and other parties and interested

persons or their counsel appeared. The issue of civil contempt was also discussed, and Chicago Title acceded to the Court's request that it turn over the funds without the need to formally hold it in contempt.

The Court **OVERRULES** objections to the R&R to the extent they argue Chicago Title was not required to turn over the funds, or that some other method (such as an interpleader proceeding) should be used to adjudicate the funds' ownership or protect them from dispersal. Under the appointment order, which the Court is not revisiting at this time, Chicago Title is obligated to turn over the funds to the Receiver. Refusing to do so is not an appropriate response to an order Chicago Title disagrees with, and the order did not admit of the interpretation Chicago Title urged. Chicago Title's request that the prosecution bar be extended to cover it is **GRANTED IN LIMITED PART**. The prosecution bar (*see* Docket no. 6, section XIII) is extended to cover Chicago Title for its act of turning over the funds as ordered. But as to any and all other claims, the request is **DENIED WITHOUT PREJUDICE**.

The Court accepts Chicago Title's representation that it would turn over the contested funds to the Receiver. As soon as Chicago Title in fact turns over the funds as ordered, the recommended contempt finding will be purged. On the strength of Chicago Title's representation, the Court finds it unnecessary to pursue the matter further. The request to hold Chicago Title in civil contempt, and to award attorney's fees, is **DENIED WITHOUT PREJUDICE**. Should Chicago Title fail to turn over the fees as it promised to do, the Court will revisit this preliminary holding.

The R&R determined that the Receiver had authority to determine the proper use of the $11 million. At the hearing, the Court heard argument on this, and directed the parties to meet and confer to set a briefing schedule to resolve the question of how the funds could or should be used. In the interim, the Court encouraged the Receiver to use other funds to defray receivership expenses. The Court defers ruling on this issue pending determination of any motion to restrict the

Receiver's use of the funds. (S*ee* Docket no. 126 at 2:23–3:3). The R&R is deemed modified to omit any determination of this issue.

The R&R is also deemed modified to incorporate this order's reasoning, and to conform to this order in all other respects. So modified, the R&R is **ADOPTED**.

**IT IS SO ORDERED**.

Dated:  November 22, 2019

Hon. Larry Alan Burns
Chief United States District Judge

3

19cv1628-LAB (AHG)