UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>Defendants, and<br><br>AMERICAN NATIONAL INVESTMENT, INC.,<br><br>Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED AT 4205 LAMONT STREET, #12**<br><br>[ECF No. 84] |

## I. BACKGROUND

On August 28, 2019, the Securities and Exchange Commission ("SEC") brought this action against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1. Along with the Complaint, the SEC filed a Joint Motion and Stipulated Request seeking a preliminary injunction, appointment of a permanent Receiver, and other related relief (ECF No. 2), which the Court granted on September 3, 2019. ECF No. 6 ("the Appointment Order"). In the Appointment Order, the Court established an equity receivership, appointing Krista Freitag as Receiver of ANI Development and ANI Inc. and authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See id.* at 14-16. Relevant here, the Receiver was granted full power over all premises owned, leased, occupied, or otherwise controlled by the receivership entities. *Id.* at 14.

On October 3, 2019, the Receiver filed a Motion for Order in Aid of Receivership (ECF No. 76), which included the Receiver's Verified Initial Report. ECF No. 76-1 at 11-24. According to the Initial Report, the receivership encompasses approximately 70 entities, including over 60 real properties and operating businesses at the time of the Receiver's appointment. *Id.* at 11. Attached to the Report is a Preliminary Real Estate and Liquor License Asset Schedule (ECF No. 76-2), which lists all premises leased or owned by the receivership entities, including a rental condominium located at 4205 Lamont Street #12, San Diego, CA 92109 ("4205 Lamont"). On October 11, 2019, the Receiver filed the present Motion for Approval of Sale of 4205 Lamont and Authority to Pay Broker's Commission. ECF No. 84 ("the 4205 Lamont Motion"). Chief Judge Larry A. Burns referred the 4205 Lamont Motion to the undersigned for a Report and Recommendation, and the Court accordingly set a briefing schedule and hearing on October 16, 2019. ECF

No. 86. The Court held the hearing on the 4205 Lamont Motion on December 5, 2019.[1] *See* ECF Nos. 86, 154. On December 11, 2019, Chief Judge Burns granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. Consequently, this Order resolves the Motion directly pursuant to the grant of limited consent rather than serving merely as a report and recommendation to Chief Judge Burns. *See* 28 U.S.C. § 636(c); CivLR 72.1(g).

Upon review of the relevant briefing and in consideration of the testimony at the hearing, the Court **GRANTS** the Motion, for the reasons explained more fully below.

## II.   LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

As part of its wide discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power

---

[1] Initially, the undersigned set the December 5, 2019 hearing solely on the 4205 Lamont Motion. However, as set forth in the Court's November 26, 2019 Minute Order (ECF No. 135), the undersigned also heard oral argument on two other pending property sale motions during the hearing—the Receiver's Motion for Order Approving Sale of Real Property Located at 132 Keller Street Free and Clear of Mechanic's Lien and Authorizing Payment of Broker's Commission (ECF No. 98) and the Receiver's Motion for Order for Approval of Sale of Real Property Located at 1617 Thomas Avenue and Authority to Pay Broker's Commission (ECF No. 100).

of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, <u>Treatise on Law & Practice of Receivers</u> § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, <u>Treatise on Law & Practice of Receivers</u>, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[2] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale"); *SEC v. Billion Coupons, Inc.*, No. CIV. 09-00068 JMSLEK, 2009 WL 2143531, at *3 (D. Haw. July 13, 2009), *report and recommendation adopted,* No. CIV. 09-00068JMS-LEK, 2009 WL 2365696 (D. Haw. July 29, 2009) (approving a receiver's proposed alternative procedure for the sale of real property because the alternative procedure "ha[d] sufficient safeguards in order to solicit

---

[2] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

4

the highest price that a willing buyer in an arms-length negotiation will offer while conducting the sales in a timely and cost-efficient manner that will maximize the net sales proceeds.").

### III. DISCUSSION

The sale of 4205 Lamont was well underway prior to the Receiver's appointment in September 2019. Licensed broker Pacific Sotheby's International Realty listed the property for sale on May 14, 2019, and the property went into escrow on August 10, 2019 with a purchase price of $409,000 from buyer Misty Swetland ("Buyer"). ECF No. 84-1 at 2. Following her appointment and upon learning of the pending sale, the Receiver reviewed automated valuation scores for 4205 Lamont as well as the appraisal Buyer had previously procured that appraised the property at a value of $410,000, leading her to conclude that the purchase price of $409,000 is fair and reasonable. *Id.* Consequently, the Receiver and Buyer executed a First Amendment to Residential Purchase Agreement and Escrow Instructions, which made court approval of the sale a condition to closing and provided for the overbid and auction process required by 28 U.S.C. § 2001(a). *Id.*; *see also* ECF No. 84-3 at 26-32.

On October 11, 2019, the Receiver filed the present Motion seeking approval of the sale and proposing compliance with the overbid and auction process by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 4205 Lamont Street, #12 in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $419,000. The auction will take place on November 7, 2019 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $29,550, and proof of funds. All bidders must be qualified by 5:00

5

p.m. PT on November 5, 2019, by submitting the required materials to the receiver at 401 W. A Street, Suite 1830, San Diego, California, 92101.

ECF No. 84-1 at 8. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

On November 20, 2019, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the 4205 Lamont Motion. ECF No. 120. In the Notice, the Receiver informs the Court that, after filing the 4205 Lamont Motion, she posted notice of the Motion on the receivership website anireceivership.com, published the above notice of the sale in the San Diego Union-Tribune in compliance with 28 U.S.C. § 2002, and continued to market the property and notify potential purchasers about the opportunity to submit an overbid by the proposed deadline of November 5, 2019 set forth in the Motion. *See id.* To date, no overbids have been submitted. Therefore, Misty Swetland remains the intended Buyer.

Significantly, 4205 Lamont is encumbered by a Small Business Administration loan and deed of trust in favor of First Choice Bank ("the First Choice Bank loan"). ECF No. 84-1 at 3. The loan is associated with receivership entity 2163 Abbott Street, LP, which owns the restaurant Surf Rider Pizza Co. *Id.* The balance due on the loan is approximately $800,000, and 4205 Lamont serves as collateral for the loan along with three other residential properties as well as personal property located at Surf Rider Pizza Co. *Id.* The Receiver intends to use the proceeds of the sale of 4205 Lamont to partially pay off the First Choice Bank loan. *Id.*

First Choice Bank filed a limited opposition to the present Motion on November 21, 2019, seeking to ensure that any Order approving the sale of 4205 Lamont would protect its security interest in the property (ECF No. 124). The Receiver filed a Reply on November 25, 2019, asserting that counsel for the Receiver had conferred with counsel for First Choice Bank and that, following conferral, there was no longer any dispute regarding the Receiver's proposed use of proceeds from the sale. ECF No. 132 at 2. During the December

6

5, 2019 hearing, counsel for First Choice Bank confirmed on the record that its limited opposition was withdrawn and that it had no objection to the sale.

The Court has reviewed the documents submitted by the Receiver in support of the 4205 Lamont Motion and finds the purchase price of $409,000 to be fair and reasonable in light of the appraised value of the property of $410,000, as well as the fact that the price exceeds the 2016 purchase price of the property by $59,000. *See* ECF No. 84-2, Freitag Decl. ¶¶ 4, 7. The broker's commission of 5% of the purchase price is consistent with industry standards. The Motion sets forth proposed procedures that comply with the requirements for the public sale procedures set forth in 28 U.S.C. §§ 2001(a) and 2002, and the subsequently filed Notice (ECF No. 120) confirms that the Receiver implemented those proposed procedures. Of particular note is the Receiver's use of the overbid process to ensure the sale garnered the highest and best price for the property. ECF No. 120. In addition, the Court questioned the Receiver further at the hearing to clarify certain details of the proposed sale, such as, e.g., the magnitude of the anticipated costs of sale. Therefore, the Court finds the Receiver has sufficiently established that the proposed sale of 4205 Lamont Street, #12 and proposed distribution of the sale proceeds are consistent with the principles of equity that must guide the Court in overseeing the "orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038.

## IV. CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of 4205 Lamont and Authority to Pay Broker's Commission (ECF No. 84) on its merits and noting that there is no longer any opposition thereto, the Court **GRANTS** the Motion and **APPROVES** the proposed sale of 4205 Lamont Street #12 to Buyer Misty Swetland at the purchase price of $409,000.

The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1) Payment of the Broker's Commission in the amount of $20,450.00 shall be paid to Pacific Sotheby's International Realty;

(2) Payment of any outstanding real property taxes, to the extent any are due;

(3) Payment of reasonable and customary costs of sale, such as escrow fees, title insurance, and recording fees. The Receiver shall provide a full accounting of sale costs once the sale is complete for the Court to take into consideration in approving future real property sales; and

(4) Payment of the remainder of the sale proceeds to First Choice Bank, to be applied to the balance of the First Choice Bank loan.

**IT IS SO ORDERED.**

Dated: December 11, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge