UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>                              Defendants, and<br><br>AMERICAN NATIONAL INVESTMENT, INC.,<br><br>                              Relief Defendant. | Case No.:  3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED AT 1617 THOMAS AVENUE**<br><br>**[ECF No. 100]** |

## I. BACKGROUND

On August 28, 2019, the Securities and Exchange Commission ("SEC") brought this action against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1. Along with the Complaint, the SEC filed a Joint Motion and Stipulated Request seeking a preliminary injunction, appointment of a permanent Receiver, and other related relief (ECF No. 2), which the Court granted on September 3, 2019. ECF No. 6 ("the Appointment Order"). In the Appointment Order, the Court established an equity receivership, appointing Krista Freitag as Receiver of ANI Development and ANI Inc. and authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See id.* at 14-16. Relevant here, the Receiver was granted full power over all premises owned, leased, occupied, or otherwise controlled by the receivership entities. *Id.* at 14.

On October 3, 2019, the Receiver filed a Motion for Order in Aid of Receivership (ECF No. 76), which included the Receiver's Verified Initial Report. ECF No. 76-1 at 11-24. According to the Initial Report, the receivership encompasses approximately 70 entities, including over 60 real properties and operating businesses at the time of the Receiver's appointment. *Id.* at 11. Attached to the Report is a Preliminary Real Estate and Liquor License Asset Schedule (ECF No. 76-2), which lists all premises leased or owned by the receivership entities, including a vacation home located at 1617 Thomas Avenue, San Diego CA, 92109.[1]

After filing the Motion for Order in Aid of Receivership, the Receiver began filing motions seeking Court approval of various real property sales, including the present Motion

---

[1] In the report, the property is mistakenly listed as "1617 Thomas St., Pacific Beach, CA 92109." ECF No. 76-2 at 3.

for Order for Approval of Sale of Real Property Located at 1617 Thomas Avenue and Authority to Pay Broker's Commission ("the 1617 Thomas Motion"), filed on November 4, 2019. ECF No. 100.

On November 15, 2019, the Presiding Judge in this matter, Chief Judge Larry A. Burns, issued a Minute Order stating in pertinent part:

> The Court is inclined to refer certain other matters to Magistrate Judge Allison Goddard to take evidence, if necessary, and to submit to this Court a Report and Recommendation with her findings and recommendations, with regard to the proposed sale and management of properties and assets and the allocation of proceeds from such sales.

ECF No. 113. Consistent with the Minute Order, on December 5, 2019, Chief Judge Burns formally referred the 1617 Thomas Motion to Judge Goddard, who held a hearing on the Motion the same day.[2] *See* ECF Nos. 135, 154.

Then, on December 11, 2019, Chief Judge Burns granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. Consequently, this Order resolves the Motion directly pursuant to the grant of limited consent rather than serving merely as a report and recommendation to Chief Judge Burns. *See* 28 U.S.C. § 636(c); CivLR 72.1(g).

Having reviewed the relevant briefing and considered the testimony at the hearing, the Court **GRANTS** the Motion, for the reasons explained more fully below.

---

[2] Initially, the Court set the December 5, 2019 hearing solely on the Receiver's Motion for Approval of Sale of 4205 Lamont Street, #12 and Authority to Pay Broker's Commission (ECF No. 84). ECF No. 86. However, on November 26, 2019, in light of Chief Judge Burns's stated inclination to refer all such matters, the undersigned issued a Minute Order permitting oral argument on this and another pending property sale motion in addition to the 4205 Lamont Street Motion at the hearing. ECF No. 135.

## II. LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

As part of its wide discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[3] These safeguards of notice

---

[3] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

4

and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale"); *SEC v. Billion Coupons, Inc.*, No. CIV. 09-00068 JMSLEK, 2009 WL 2143531, at *3 (D. Haw. July 13, 2009), *report and recommendation adopted,* No. CIV. 09-00068JMS-LEK, 2009 WL 2365696 (D. Haw. July 29, 2009) (approving a receiver's proposed alternative procedure for the sale of real property because the alternative procedure "ha[d] sufficient safeguards in order to solicit the highest price that a willing buyer in an arms-length negotiation will offer while conducting the sales in a timely and cost-efficient manner that will maximize the net sales proceeds.").

## III. DISCUSSION

The Gina-Champion Cain Revocable Trust purchased the 1617 Thomas Avenue property for $775,000 on July 6, 2017. ECF No. 100-1 at 5. On July 13, 2019, prior to the Receiver's appointment, licensed broker Pacific Sotheby's International Realty ("Broker") listed the 1617 Thomas Avenue property for sale for $925,000. *Id.* Three credible offers were received within the first few days of listing, and Paul and Deborah Ludford's ("Buyer") offer of $985,000 was accepted. The property went into escrow on July 19, 2019 with that purchase price. *Id.*

Following her appointment and upon learning of the pending sale, the Receiver and her staff performed their own evaluation of the property, by reviewing automated valuation scores, a survey of market-comparable properties, and the appraisal Buyer had previously procured that appraised the property at a value of $990,000, leading her to conclude that the proposed purchase price of $985,000 is fair and reasonable. *Id.* at 6. Consequently, on October 15, 2019, the Receiver and Buyer executed a First Amendment to Residential

Purchase Agreement and Escrow Instructions, which made court approval of the sale a condition to closing and provided for the overbid and auction process required by 28 U.S.C. § 2001(a). *Id.*; *see also* ECF No. 100-3 at 19-25.

On November 4, 2019, the Receiver filed the present Motion seeking approval of the sale and proposing compliance with the overbid and auction process by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 1617 Thomas Avenue in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $1,010,000. The auction will take place on December 5, 2019 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $29,550, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on December 2, 2019, by submitting the required materials to the receiver at 401 W. A Street, Suite 1830, San Diego, California, 92101.

ECF No. 100-1 at 11.

For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.* In her Reply to the present Motion, the Receiver reported that no qualified overbids were received by the deadline of December 2, 2019 at 5:00 p.m. ECF No. 141 at 2. Therefore, Paul and Deborah Ludford remain the intended Buyer.

Although no express opposition to the Motion was filed, interested non-party Axos Bank filed a Statement of Position regarding the sale on November 25, 2019. ECF No. 131. 1617 Thomas Avenue is encumbered by a deed of trust in favor of Axos Bank, along with six other residential properties that are all part of the receivership estate. ECF No. 100-2, Freitag Decl. ¶ 5. *See also* ECF No. 131-1. According to the Receiver's calculations, the total estimated market value of the other six properties subject to the Axos loan is

$9,494,000. ECF No. 100-2, Freitag Decl. ¶ 5 n.2. The documents governing the loan provide for partial release prices to facilitate the sale of separate properties. *See* ECF No. 131 at 2; ECF No. 131-1 at 70, 102. The release price for the 1617 Thomas Avenue property is $657,572.00. ECF No. 131-1 at 102. At the time the Receiver filed the present Motion, she was still in the process of reviewing the payment history of the Axos Bank loan to verify the release price prior to the sale closing. ECF No. 100-2, Freitag Decl. ¶ 5. Thus, Axos Bank's Statement lent clarity to the record regarding the status of the loan and the amount needed to pay the release price, due and past-due payments, and three required prepayment premiums. *See* ECF No. 131 at 2. In her Reply, the Receiver represents that she has been in communication with Axos Bank about the loan and the proper release price since the Statement was filed, and that they reached an agreement that the Receiver would pay Axos Bank a total of $828,067.97 at closing. ECF No. 141 at 2. That amount reflects a release price of $653,571.61 plus a payment of $174,496.36 to bring the loan current through the end of December, with the three prepayment premiums subtracted. *Id.* During the December 5, 2019 hearing, counsel for Axos Bank confirmed on the record that its opposition was withdrawn and that it had no objection to the sale.

The Court has reviewed the documents submitted by the Receiver in support of the 1617 Thomas Motion and finds the purchase price of $985,000 to be fair and reasonable in light of the appraised value of the property of $990,000, as well as the fact that the price exceeds the 2017 purchase price of the property by $210,000. *See* ECF No. 100-2, Freitag Decl. ¶¶ 2-4. The broker's commission of 5% of the purchase price is consistent with industry standards.

Notably, 1617 Thomas Avenue is held by Defendant Gina Champion-Cain's revocable trust. ECF No. 100-1 at 5 n.1. However, Defendant Champion-Cain does not dispute that the property is an asset of the receivership estate, and the title company has confirmed that the Receiver may sign closing documents for the sale on behalf of the trust. *Id.* The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune complies with the requirements for the public sale procedures set forth in

28 U.S.C. §§ 2001(a) and 2002. In particular, the Court notes that three credible offers were made on the property within the first few days of its listing, and the sale price far exceeds the listing price. That fact, coupled with the Receiver's implementation of the notice and overbid process, satisfies the Court that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled. In addition, the Court questioned the Receiver further at the hearing to clarify certain details of the proposed sale, including, e.g., whether all payments to Axos Bank and Broker would be made from escrow at closing rather than disbursed by the Receiver, and whether the Receiver anticipates property taxes will need to be paid from the proceeds. Based on these considerations, the Court finds the Receiver has sufficiently established that the proposed sale of 1617 Thomas Avenue and proposed distribution of the sale proceeds are consistent with the principles of equity that must guide the Court in overseeing the "orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038.

## IV. CONCLUSION

Having considered the Receiver's Motion for Order for Approval of Sale of Real Property Located at 1617 Thomas Avenue and Authority to Pay Broker's Commission (ECF No. 100) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion and **APPROVES** the sale of 1617 Thomas Avenue to Buyer Paul and Deborah Lundford at the proposed purchase price of $985,000. The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1) Payment shall be made to Axos Bank of $828,067.97 in exchange for a release of Axos Bank's Deed of Trust on the property;

(2) Payment of the Broker's Commission in the amount of $49,250.00 shall be paid to Pacific Sotheby's International Realty;

(3) Payment of any outstanding real property taxes, to the extent any are due;

(4) Payment of reasonable and customary costs of sale, such as escrow fees, title insurance, and recording fees. The Receiver shall provide a full accounting of sale costs once the sale is complete for the Court to take into consideration in approving future real property sales; and

(5) Payment of the remainder of the sale proceeds to the Receiver.

**IT IS SO ORDERED.**

Dated: December 11, 2019

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge