UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>　　　　　　　　　Defendants, and<br><br>AMERICAN NATIONAL INVESTMENT, INC.,<br><br>　　　　　　　　　Relief Defendant. | Case No.:  3:19-cv-1628-LAB-AHG<br><br>**ORDER:**<br><br>**(1) ENTERING PROTECTIVE ORDER REGARDING CITY NATIONAL BANK RECORDS;**<br><br>**(2) STAYING COMPLIANCE WITH SUBPOENA DIRECTED TO UNION BANK;**<br><br>**(3) SETTING TELEPHONIC STATUS CONFERENCE; and**<br><br>**(4) SETTING DEADLINE FOR NON-PARTIES TO GIVE NOTICE OF INTENT TO ATTEND TELEPHONIC STATUS CONFERENCE** |

　　　On December 20, 2019, the Court held a Telephonic Discovery Dispute Conference at the request of counsel for the Receiver and interested non-party Chicago Title Company ("Chicago Title"). ECF No. 178. The dispute stems from the Receiver's issuance of third-party subpoenas to City National Bank and Union Bank on or around November 21, 2019,

1  requesting records related to Chicago Title's bank accounts with those institutions. The
2  Receiver served the subpoenas in an effort to fulfill her duties under the Court's
3  Appointment Order to perform an accounting of Defendants' and Relief Defendant's ("the
4  ANI Defendants") assets, since transactions related to the ANI Defendants and the
5  purportedly fraudulent scheme underlying this litigation are documented in the bank
6  records. However, the Receiver did not serve a copy of the subpoenas on Chicago Title
7  because it is not a named party to this action, and notice was thus not required under Rule
8  45. *See* Fed. R. Civ. P. 45(a)(4) (requiring notice of third-party subpoenas be served on
9  each party to the action prior to service on the third parties).

10  When Chicago Title first learned of the third-party subpoenas on December 13,
11  2019, it also learned that City National Bank had already complied with the subpoena and
12  had produced all requested records. The Receiver thereafter provided Chicago Title access
13  to the information provided. Union Bank has not produced any information in response to
14  the subpoena, and the Court is advised that it is awaiting further direction from the Court
15  before it does so.

16  Upon review of the information produced by City National Bank and the scope of
17  the subpoenas generally, Chicago Title contacted the Receiver out of concern that the
18  records at issue contained a significant amount of irrelevant private financial information
19  of Chicago Title customers other than the ANI Defendants, since Chicago Title's accounts
20  at both banks are aggregate accounts. Chicago Title thus requested the Receiver
21  immediately stop her review of the records and to request that Union Bank wait to comply
22  until Chicago Title and the Receiver could agree on a protective order. The parties
23  eventually reached an impasse and sought the Court's guidance. The Court agreed that
24  some form of protective order should be in place to ensure that private financial
25  information unrelated to this litigation remains confidential. This Order memorializes the
26  Court's oral ruling during the December 20, 2019 Discovery Dispute Conference:

27  The Court **ENTERS** the following Protective Order related to the third-party
28  subpoenas:

1.   All information that has already been produced to the Receiver by City

National Bank pursuant to the third-party subpoena shall be designated and treated as Confidential. This Confidential information cannot be used for any purpose other than in connection with this litigation, unless and until any such designation is removed either by agreement of the Parties and Chicago Title Company, or by order of the Court. The information can only be viewed by:

    a. the Receiver or personnel working directly with the Receiver who need to access the information in order to accomplish the tasks delegated to the Receiver pursuant to the Court's Appointment Order (ECF No. 6),

    b. Counsel for the Receiver,

    c. Counsel for the Parties,

    d. Counsel for Chicago Title, and

    e. Court personnel.

2. Additionally, the Court grants limited permission to any employees or technical personnel of the parties with whom counsel for the Parties or non-parties listed above find it necessary to consult, in the discretion of such counsel, to assist in narrowing the scope of the subpoena to Union Bank or to accomplish the tasks delegated to the Receiver in the Court's Appointment Order.

3. This Order is without prejudice to any request by a Party or interested non-party for a further or revised protective order governing this information or any other information produced in this litigation.

**IT IS FURTHER ORDERED** that the Receiver's subpoena to Union Bank is **STAYED**, and Union Bank shall not produce any information in response to the subpoena until the Court enters a further order.

Counsel for Chicago Title is **ORDERED** to review the information produced by City National Bank to identify potential methods that could be used to segregate data that is unrelated to the ANI Defendants, for the purpose of proposing a narrowed scope of the Receiver's subpoena to Union Bank that is nonetheless broad enough to obtain all bank records necessary for the Receiver to complete her accounting. Chicago Title shall update the Court as to its review and its proposal for a narrowed subpoena in a Telephonic,

1  Attorneys-Only Status Conference on **January 2, 2020**, at **1:00 PM**. Counsel shall call the
2  chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code to
3  join the conference. Counsel for Chicago Title must meet and confer with counsel for the
4  Receiver prior to the conference to attempt to reach an agreement on the narrowed scope,
5  if possible.
6        Counsel for non-parties may join the call, but must file a Notice with the Court of
7  their intent to do so by **December 31, 2020**, at **12:00 PM**.
8        **IT IS SO ORDERED.**
9  Dated: December 20, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge