UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>        Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>        Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SALE OF PERSONAL PROPERTY INTEREST IN PULLMAN LOFTS PHASE I, LLC**<br><br>**[ECF No. 229]** |

## I. BACKGROUND

Before the Court is the Joint Motion for Approval of Sale of Personal Property Interest in Pullman Lofts Phase I, LLC (the "Pullman Lofts Motion"), filed on January 29, 2020 by Plaintiff Securities and Exchange Commission ("SEC"), Defendant Gina Champion-Cain, and Krista Freitag, Court-appointed permanent receiver for Defendant ANI Development, LLC and Relief Defendant American National Investments, Inc. ("Receiver"). ECF No. 229.

No opposition has been filed to the Pullman Lofts Motion. Additionally, the Court has reviewed the motion along with the Court-ordered Joint Supplement to Clarify the Pullman Lofts Motion ("Supplemental Clarification") (ECF No. 258) and, being fully advised, finds good cause to **GRANT** the Motion, for the reasons explained in more detail below.

## II. DISCUSSION

### A. Proposed Sale of the Membership Interest

The parties to the Pullman Lofts Motion seek to sell receivership entity GCC Pullman Lofts Phase I, LLC's ("Seller") 40.5% membership interest in Pullman Lofts Phase I, LLC ("Project Owner") to Pullman Lofts First Phase LLC ("Buyer"). ECF No. 229. Project Owner holds an option to purchase the real property located at 701 Wilson Street, Santa Rosa, California, upon which the Project Owner intends to develop a 72-unit apartment building with retail space on the ground floor (the "Project"). ECF No. 229-1, Krista Freitag Decl. ¶ 3. In the Supplemental Clarification, the Receiver explains that Seller is an entity within the receivership because it is an affiliate of Defendant ANI Development, LLC and a single-member entity whose sole member is Defendant Gina Champion-Cain. ECF No. 258 at 2. The receivership entities also appear to have funded the purchase of Seller's membership interest in Pullman Lofts Phase I, LLC. *Id.* at 3. The Receiver is thus currently in control of Seller's membership interest in Project Owner pursuant to this Court's September 3, 2019 Order appointing the Receiver (the "Appointment Order") (ECF No. 6).

Subject to Court approval, the Receiver and Buyer have agreed on terms of a proposed sale of Seller's membership interest, plus assignment of Seller's claim against JB Resources, for a total price of $495,887.53, to be paid immediately in cash. ECF No. 229 at 2. The Membership Interest Purchase and Sale Agreement ("Agreement") is attached as Exhibit A to the Receiver's Declaration. *See* ECF No. 229-1 at 6-33. Although the Receiver calculates that the receivership entities invested $783,273 in the membership interest prior to the Receiver's appointment, and thus the purchase price represents a loss on the investment, the Receiver nonetheless believes that the proposed purchase price is in the best interest of the receivership entities and "likely is the best, most certain recovery the Receiver can hope to obtain from holding the Membership Interest or attempting to sell the Membership Interest on the open market[.]" ECF No. 229 at 4. Specifically, the Receiver explains that she extensively researched the history of the proposed Project to evaluate the prospective value of Seller's membership interest. ECF No. 229-1 ¶ 5. Through her research, the Receiver learned that development of the Project has languished for many years, and there have been at least 40 extensions of Project Owner's original Option Term under the Option Agreement signed in December 2013. *Id.* ¶ 6. Additionally, the real estate market in Sonoma County is uncertain following a spate of wildfires over the past several years, and at least one prospective lender has characterized the Project as "distressed." *Id.* ¶¶ 7-8. If the membership interest is not sold, Seller will likely be obligated to make further capital contributions to maintain the interest in the future. *Id.* ¶ 9. Therefore, the Receiver concluded that the proposed sale, notwithstanding the loss on the investment, is fair and reasonable in light of the known data and risks, especially given her charge of preserving value and recovering principal on behalf of the investors. *Id.* ¶¶ 8, 11. The Receiver further testifies that selling the interest at a loss "is consistent with the discounted sale of non-traded, non-distributing membership interests." *Id.* ¶ 10.

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the

securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). Nonetheless, federal statutes do provide some authority and guidance for courts overseeing equity receiverships. In particular, 28 U.S.C. §§ 2001 and 2002 set forth procedural and notice requirements for the sale of real property in the possession of a court-appointed receiver, while § 2004 governs the sale of personal property.

On January 22, 2020, the Court issued an Order Establishing Uniform Property Sale Procedures (ECF No. 219), which explained that § 2004 "lends the Court great discretion in directing sales of personalty, requiring such sales to comply with [public sale process requirement of] § 2001 'unless the court orders otherwise.' The notice requirement of § 2002 governing realty sales by the receiver does not apply to sales of personalty." *Id.* at 4. The Court proceeded to waive the requirements of 28 U.S.C. § 2001 with respect to all sales of personal property within the receivership estate, and affirmed that the Receiver is not required to file a noticed motion seeking approval of any such personalty sales. *Id.* at 9. However, the Receiver was required to follow standard auction procedures through one or more licensed auctioneers for sales of personal property that were not required to be approved through a noticed motion. *Id.* at 10. Therefore, although a noticed motion is ordinarily not required under the Court's sale procedures, the parties request that all procedural steps under 28 U.S.C. §§ 2001-2004 be waived in connection with the sale of the membership interest, in the Court's broad discretion.

Here, the parties' Pullman Lofts Motion thoroughly explains why the proposed sale of Seller's membership interest is in the best interest of the receivership. The Receiver's proffered justification for selling the membership interest at a loss for an immediate cash payment representing "a certain return of approximately 63% of . . . the amount invested by the Receivership Entities[,]" given the risks of the investment and possibility of ongoing future financial obligations if the interest is not sold, is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034,
4

3:19-cv-1628-LAB-AHG

1038 (9th Cir. 1986). Therefore, because of the nature of the membership interest and the considerations outlined by the Receiver in her Declaration, the Court agrees that the receivership estate would not benefit from requiring the Receiver to hold a public auction to sell the interest. Finding the parties' reasoning persuasive and noting the lack of opposition, the Court **GRANTS** the Pullman Lofts Motion (ECF No. 229).

### B. Request to Release Project Owner from the Receivership

As the Court previously noted in its order requiring the parties to clarify the Pullman Lofts Motion, Project Owner Pullman Lofts Phase I, LLC is an enumerated receivership entity in the Appointment Order. *See* ECF No. 253 n.1 (citing ECF No. 6 at 5). In the Supplemental Clarification, the Receiver requests that any order approving the sale of Seller's membership interest in Project Owner also include a provision that upon closing of the sale, Pullman Lofts Phase I, LLC be released in its entirety from the receivership since the transfer of Seller's membership interest will leave the receivership entities with no further interest in the project, and remaining subject to the receivership would greatly hamper Project Owner's further development of the project. *See* ECF No. 258 at 3. However, that request goes beyond the scope of the undersigned's authority in this matter. Instead, the request will be addressed by Chief Judge Larry A. Burns in accordance with the Court's Order Authorizing Briefing on Release of Pullman Lofts Phase I, LLC. *See* ECF No. 259.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

(1) The sale of Seller GCC Pullman Lofts Phase I, LLC's 40.5% membership interest in Pullman Lofts Phase I, LLC to Buyer Pullman Lofts First Phase LLC (or its designee) pursuant to the Agreement (ECF No. 229-1 at 6-33) for the purchase price of $495,887.53 is **APPROVED**. The purchase price shall be paid on the closing date to the Receiver in accordance with Sections 2.1 and 2.2 of the Agreement. *See id.* at 7.

5

1     (2) The Receiver is authorized to take all steps necessary to complete the sale in accordance with the terms of the Agreement, including executing such documents as may be necessary to close the sale transaction.

The parties' request to release Project Owner Pullman Lofts Phase I, LLC from the receivership is **DEFERRED** in accordance with the Court's Order Authorizing Briefing on Release of Pullman Lofts Phase I, LLC. ECF No. 259.

**IT IS SO ORDERED.**

Dated: March 6, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge