UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN, et al.,<br>　　　　　　　　　　Defendants. | Case No.:  19cv1628-LAB (AHG)<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL; AND**<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>**[Docket numbers 143, 232.]** |

On December 17, the Court granted in part attorney Gary Aguirre's Motion to Withdraw Appearance as Counsel for Certain Interested Nonparties (the "Averbuch Investors") filed December 3, 2019, (Dkt. No. 143). The Averbuch Investors are: Bonnie Averbuch; Brian Averbuch; Cassie Averbuch; Martin Averbuch; Megan Averbuch; Philip Averbuch; Rosa Averbuch; Linda Azzara; Kelly D. Cook; Theodore L. Cook; Theodore L. Cook Jr.; GKK Holdings, LLC; Nancy Heldt; Horn Family Trust Dated September 15, 2016, Barry Horn and Debra Horn, Trustees; Jan E. Horn IRA; Horn Family Trust, Maureen Horn and Jan E. Horn Trustees; Horn Family Trust Dated February 9, 1998, Randy Horn and Robin Horn Trustees; Randy Horn IRA; Taylor Horn; Marjorie L. Kaplowitz; Michael D.

1  Kaplowitz; Richard H. Kaplowitz; Randolph L. Levin IRA; Randolph L. Levin Roth
2  IRA; Roberta Mariani; Porter Revocable Trust, M. Joan Porter, Trustee; Scott
3  Porter Rev. Living Trust, Scott Porter, Trustee; and Steven Samuels.

Douglas A. Pettit and Jocelyn D. Hannah of Pettit Kohn Ingrassia Lutz on February 3, 2020 moved to be substituted in as counsel for the Averbuch Investors (Dkt. No. 232). For good cause shown, Aguirre's motion to withdraw as counsel for the Averbuch Investors (Dkt. No. 143) is **GRANTED**; and the substitution of Douglas A. Pettit and Jocelyn D. Hannah of Pettit Kohn Ingrassia Lutz & Dolin for Aguirre is hereby **APPROVED**. The Clerk is directed to make changes in the docket reflecting changes in representation, as requested in those motions and in this order. Substitutions in those motions are granted even if not specifically mentioned in this order.

In future, whenever counsel move for specific relief, the proposed orders they submit should be complete in themselves, without reference to the motion. In other words, anyone looking at the motion should know what the Court has ordered, without having to look at another document. Counsel should not leave this task to court staff. Counsel are reminded that proposed orders must not be filed in the docket, but must be electronically lodged in editable electronic format, as described in the Court's Electronic Case Filing Administrative Policies & Procedures Manual.

If parties or interested non-parties believe the Court's order does not accurately reflect the relief requested, or does not completely address the motion, they should file a joint motion (or if necessary, an ex parte motion) asking the Court to make the correction, and should submit an appropriate proposed order.

/ / /
/ / /
/ / /
/ / /

Parties and interested non-parties are reminded that only natural persons can appear *pro se*, and any entities such as trusts must be represented by counsel.

**IT IS SO ORDERED**.

Dated: March 19, 2020

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge