UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY LOCATED AT 724 ZANZIBAR COURT**<br><br>**[ECF No. 282]** |

## I. BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

1

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as a permanent receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver."). On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

On March 19, 2020, the Receiver filed the present Motion for Approval of Sale of Real Property Located at 724 Zanzibar Court (the "Zanzibar Court Motion"). ECF No. 282. The motion concerns one of the residential real properties within the receivership estate, a single-family residence located at 724 Zanzibar Court, San Diego, California (the "Zanzibar Court Property"). *See* ECF No. 282; ECF No. 76-2 at 3 (listing the Zanzibar Court Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019).

On March 20, 2020 the Court entered an order setting a briefing schedule and an April 27, 2020 hearing on the Zanzibar Court Motion. ECF No. 285. The Court set a deadline of April 3, 2020 for responses in opposition to the motion, and noted that "[i]f no opposition is filed by the deadline, and the overbid submission deadline has passed with

no overbids, the Court may take the motion under submission without oral argument." *Id.* at 2. No opposition was filed. Further, bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002 (described in more detail below) were due by April 14, 2020. *See* ECF No. 282-1 at 11; ECF No. 301 at 2. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Zanzibar Court Motion on April 15, 2020. ECF No. 301. Accordingly, the Court vacated the April 27, 2020 hearing and took the motion under submission on the papers on April 23, 2020. ECF No. 315.

For the reasons explained more fully below, the Court **GRANTS** the Zanzibar Court Motion.

## II.  LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the

sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[1] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

### III.   DISCUSSION

**A. Background of the Property and Proposed Sale**

The Zanzibar Court Property was purchased on February 27, 2015 by Luv Surf Brands LLC, an affiliated receivership entity, for $1,660,000. ECF No. 282-1 at 5. *See also* Freitag Decl., ECF No. 282-2 ¶ 2.

Following her appointment, the Receiver and her staff analyzed the value of the Zanzibar Court Property by reviewing automated valuation scores and a survey of market-comparable properties. *Id.* ¶ 3. The Receiver consulted with multiple licensed brokers with experience selling residential properties in the Mission Beach area, ultimately selecting

---

[1] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

Pacific Pines Real Estate ("Broker") due to its experience and low listing commission, and listed the property for sale at a listing price of $1,899,900. *Id.*

Broker marketed the Zanzibar Court Property by listing it on the local MLS and its website and holding two open houses. *Id.* ¶ 4. Broker reported that the listing received an average of 75 digital views per day, and that over 500 real estate agents viewed the listing and forwarded it to approximately 73 unique clients. *Id.* at 2 n.1. Broker received an offer near the full list price in February 2020. *Id.* ¶ 4, The Receiver negotiated terms with the offeror, Laurie J. Stone ("Buyer"), and, following negotiations, the Zanzibar Court Property went into escrow on February 22, 2020 with a purchase price of $1,875,000, to be paid in cash. *Id.*; *see also* ECF No. 282-1 at 7. The Receiver and Buyer executed a California Residential Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), along with an Addendum making court approval of the sale a condition to closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. ECF No. 282-3, Freitag Decl. Ex. A. Buyer agreed that the sale would be as-is and removed all contingencies other than Court approval, and deposited $37,500 (2% of the purchase price) into escrow. *Id.* at 13; *see also* ECF No. 282-1 at 7.

**B. Proposed Procedures and Distribution**

In the motion seeking approval of the sale, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 724 Zanzibar Court in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $1,900,000. The auction will take place on April 16, 2020 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of

>$41,250, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on April 14, 2020, by submitting the required materials to the receiver at 401 W. A Street, Suite 1830, San Diego, California, 92101.

ECF No. 282-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the Zanzibar Court Motion on April 15, 2020. ECF No. 301. In the Notice, the Receiver informs the Court that, after filing the Zanzibar Court Motion, and in addition to publishing the above notice in the San Diego Union-Tribune as proposed, she posted notice of the Motion on the receivership website anireceivership.com, and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid by April 14, 2020. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Laurie J. Stone remains the intended Buyer.

The Zanzibar Court Property is one of seven properties in the receivership estate encumbered by a deed of trust in favor of Axos Bank (the "Axos portfolio loan"). Two of the other properties encumbered by the loan—1617 Thomas Avenue and 805 Brighton Court—have already been sold following Court approval. ECF Nos. 163, 226. The estimated principal balance outstanding for the Axos portfolio loan (prior to the sale of the Zanzibar Court Property) is $3.07 million.[2] ECF No. 282-1 at 6 n.2. As explained in the Court's previous order approving the sale of the 1617 Thomas Avenue property, the documents governing the loan provide for partial release prices to facilitate the sale of separate properties. *See* ECF No. 163 at 7. Assuming a May 2020 closing with the May 2020 loan payment having been made in the ordinary course, the Receiver's estimate of

---

[2] According to the Receiver's calculations earlier provided in the Brighton Court Motion, the total estimated market value of the other five properties subject to the Axos Bank portfolio loan (including the Zanzibar Court Property, but not including the 1617 Thomas Avenue or 805 Brighton Court properties) is $8,244,000. ECF No. 148-1 at 6 n.1.

the release price for the Zanzibar Court Property is $1,540,000. ECF No. 282-2, Freitag Decl. ¶ 5.

Turning to the proposed distribution of the $1,875,000, the Receiver intends to use the proceeds of the sale of the Zanzibar Court Property to pay the approximately $1.54 million release price. *Id.* The Receiver estimates that the receivership estate will receive a property tax credit at closing in the range of $1,800 to $3,600, since the second installment of property taxes for 2019-2020 is expected to be paid prior to closing. ECF No. 282-1 at 6. The Receiver also estimates that costs of sale including escrow, title and recording fees will be approximately $9,500. *Id.* Broker's commission pursuant to the listing agreement is $12,000, with 2.5% of the gross sales price—or $46,875—to be paid to Buyer's broker, amounting to a total commission of $58,875. *Id.* at 6, 7. Based on these estimates, the Receiver anticipates that the net sale proceeds for the receivership estate will be in the range of $265,000 to $275,000. *Id.* at 6.

### C. Court Approval of Procedures and Proposed Sale

The Court has reviewed the documents submitted by the Receiver in support of the Zanzibar Court Motion, including the Purchase Agreement, and finds the purchase price of $1,875,000 to be fair and reasonable. This price exceeds the February 2015 purchase price of the property by $215,000, representing a return of approximately 12.9%. Although the sale price of $1,875,000 falls short of the listing price of $1,899,900, the Receiver successfully negotiated the price upward with the Buyer from $1,850,000 and obtained other valuable concessions, such as sale of the property "as is," payment of the purchase price in cash, removal of all contingencies besides Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. 282-2, Freitag Decl. ¶ 4; ECF No. 282-3 at 13. Additionally, the proposed total commission of 2.5% of the gross sales price for Buyer's broker plus a mere $12,000 commission for Broker is within the lower range of industry standards. The Court further finds the Receiver has demonstrated that Broker adequately marketed and advertised the property to be sure to fetch fair market value for the property. *See* ECF No. 282-2, Freitag

Decl. ¶ 4. And importantly, the sale of the Zanzibar Court Property brings the receivership estate closer to paying off the Axos portfolio loan—with a remaining principal balance of approximately $3.07 million—in full, which will reduce the ongoing monthly expenses of the receivership estate and thus aid the Receiver in ultimately creating a better return for all creditors.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for realty within the receivership is obtained. Upon review of the factual history and the Purchase Agreement itself, the Court finds the Purchase Agreement was negotiated at arm's-length and, further, that the Receiver implemented sufficient safeguards by way of the notice and overbid process to garner the highest possible price for the property. The Court is thus satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting in particular the lack of any opposition to the Zanzibar Court Motion, the Court finds the Receiver has sufficiently established that the proposed sale of the Zanzibar Court Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

### IV.   CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of Real Property Located at 724 Zanzibar Court (ECF No. 282) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion, and **APPROVES** the proposed sale of the single-family residence located at 724 Zanzibar Court, San Diego, California to

Buyer Laurie J. Stone, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 282-3). The purchase price of $1,875,000 for the Zanzibar Court Property is confirmed and approved.

The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1) The Receiver shall pay lender Axos Bank the amount necessary to have the Deed of Trust on the Property in favor of Axos Bank reconveyed and released from the Property, which amount is estimated to be approximately $1.54 million;

(2) The Receiver shall pay broker Pacific Pines Real Estate a commission of $58,875, which amount will be split with Buyer's broker in a fashion consistent with the listing agreement and the description in the Zanzibar Court Motion;

(3) The Receiver shall pay the seller's share of the costs of sale, including escrow, title and recording fees, which are anticipated to be approximately $9,500; and

(4) The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds, after the above-referenced payments have been made from escrow, going to the receivership estate.

**IT IS FURTHER ORDERED** that after closing, the Receiver shall provide a full accounting of sale costs, property tax credits received and/or property taxes paid, the precise release price paid to Axos Bank, and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated: May 12, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge