1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br>                              Defendants, and<br><br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br><br>                              Relief Defendant. | Case No.:  3:19-cv-1628-LAB-AHG<br><br>**ORDER:**<br>**(1) APPROVING THE RECEIVER'S REPOSITORY AND PROPOSED ALLOCATION OF PRODUCTION-RELATED COSTS; and**<br><br>**(2) GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING THE REPOSITORY**<br><br>**[ECF No. 326]** |

On June 9, 2020, the parties to this action—Plaintiff the Securities and Exchange Commission (the "Commission"), Defendant Gina Champion-Cain, and Krista L. Freitag ("Receiver"), the Court-appointed permanent receiver for Defendant ANI Development, LLC, Relief Defendant American National Investments, Inc., and their respective subsidiaries and affiliates ("Receivership Entities")—along with several interested non-parties, including Chicago Title Company, Brant Benun, individually and on behalf of Alina Inc. d/b/a Symphony Finance 401k Profit Sharing

Plan, *et al.*, Ovation Finance Holdings 2 LLC, Banc of California, CalPrivate Bank, Marc Shular, Blake E. Allred, Melissa M. Allred, and the proposed class in the related *Allred* action,[1] Kim Funding, LLC, Kim H. Peterson, Joseph J. Cohen, ABC Funding Strategies, LLC, and Mark Atherton, *et al.*, (collectively, the "Moving Parties"), filed a Joint Motion for (1) Entry of Protective Order and (2) Approval of Receiver's Data Repository and Allocation of Related Costs (the "Joint Motion"). ECF No. 326.

In the Joint Motion, the Moving Parties request that the Court enter a Protective Order ("Order") to govern the treatment of documents and information ("Materials") that the Receiver will produce as part of a database of documents and information ("Repository") relevant to the ANI liquor license lending program underlying this action. The Moving Parties also request that the Court approve the Receiver's use of the Repository in lieu of other document discovery methods, as well as their proposed cost allocation for production of materials to the Repository.

As proposed, the Receiver's Repository will operate as a centralized database that will allow the Materials to be uploaded and disseminated to: (1) all interested parties whose funds were deposited into escrow with Chicago Title, or otherwise invested in connection with, or loaned to, the Receivership Entities or Defendant Champion-Cain, as part of the ANI liquor license lending program ("Interested Parties"); (2) the Commission; and (3) Chicago Title Company, subject to the terms of the parties' proposed stipulated Protective Order. ECF No. 326 at 7. Because Defendant Champion-Cain has asserted that certain communications within the Materials are protected by the attorney-client privilege, her counsel will conduct a privilege review and provide a privilege log for those communications that her counsel identifies and removes. The Receiver will then provide a hard drive with the remaining Materials to the proposed recipients listed above. *Id.* at 7-8.

The Materials will take up approximately 800 gigabytes of data, to be produced

---

[1] *Allred, et al. v. Chicago Title Company, et al.*, Case No. 3:19-cv-2129-LAB-AHG.

in a bates-stamped, fully searchable format in the Repository. Based on her consultation with several vendors, the Receiver estimates that the total cost to complete this process will be approximately $105,000. *Id.* at 8. The Receiver proposes allocating this cost in three equal shares among (1) the receivership estate, (2) Chicago Title, and (3) the Interested Parties. *Id.* Additionally, if the Receiver obtains or locates additional documents or information related to the liquor license program, the Receiver proposes to meet and confer with the recipients regarding whether to produce such materials through the Repository, and an equitable allocation of costs in connection with such production. *Id.* at 9.

Upon thorough review of the Moving Parties' proposed cost allocation and the supporting case law, the Court agrees that the parties' cost-shifting proposal is appropriate under Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure. That provision permits the Court, for good cause shown, to issue an order protecting a party from "undue burden or expense," including by "specifying terms, including . . . the allocation of expenses, for the disclosure or discovery at issue." Fed. R. Civ. P. 26(c)(1)(B). "[T]he presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

As the Moving Parties discuss in their motion, courts have frequently employed this provision to order similar cost allocations in other complex cases involving costly productions of large amounts of discovery material. *See, e.g.*, *In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 965 (1st Cir. 1993) ("In this multidistrict litigation, involving upward of 2000 parties and raising a googol of issues, [the trial judge's] power to mandate contributions to, *inter alia*, a central discovery depository can scarcely be doubted."); *In re Air Crash Disaster at*

*Stapleton Int'l Airpor*t, *Denver, Colo., on Nov. 15, 1987*, No. MDL 751, 1988 WL 243502, at *10 (D. Colo. Apr. 18, 1988) ("The plaintiffs, as a group, and each defendant will provide a pro rata share of the costs of establishing the document depository. Defendants named in this litigation hereafter shall be required to pay a similar pro rata share unless the court, upon review, orders otherwise.").

Such cost-shifting measures for production are not limited to multidistrict litigation. *See Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 601 (E.D. Wis. 2004) ("A number of district courts have recognized the unique burden of producing documents stored on backup tapes and, by invoking Rule 26(c) to fashion orders to protect parties from undue burden or expense, have conditioned production on payment by the requesting party.") (collecting cases); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 239-40 (S.D. Cal. 2015) (collecting cases regarding shifting the cost of production to the requesting party where the "expenditure of resources required to access the contents [of electronically stored information] is itself unreasonable").

Here, the Court finds the Moving Parties have shown good cause to approve the Receiver's Repository and their proposed allocation of costs associated with the Receiver's production of the Materials into the Repository. In particular, the Moving Parties point to the considerable costs of production, the Receiver's efforts to conserve the limited resources of the receivership estate for the benefit of all creditors, the lack of availability of most of the Materials from other sources, and the benefits that the recipients will derive from obtaining the information through a streamlined process. ECF No. 326 at 14. These considerations align with the seven factors set forth in the two seminal cases on the issue of cost-shifting under Rule 26, *Zubulake v. UBS Warburg LLC, et al.*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) ("*Zubulake I*") and *Zubulake v. UBS Warburg LLC, et al.*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) ("*Zubulake II*"). These factors include:

1. The extent to which the request is specifically tailored to discover relevant information;
2. The availability of such information from other sources;
3. The total cost of production, compared to the amount in controversy;
4. The total cost of production, compared to the resources available to each party;
5. The relative ability of each party to control costs and its incentive to do so;
6. The importance of the issues at stake in the litigation; and
7. The relative benefits to the parties of obtaining the information.

*Zubulake II*, 216 F.R.D. at 284. *See also OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 476 (N.D. Cal. 2003) (considering the seven *Zubulake* factors to determine whether cost-shifting is appropriate for the discovery of "inaccessible" data).

The Court agrees that, applying the relevant factors, the parties' proposed cost allocation should be approved. Accordingly, the Court **GRANTS** the motion to approve the Receiver's Repository and the proposed allocation of production-related costs.

Further, having reviewed the parties' proposed Stipulated Protective Order (ECF No. 326 at 20-29), the Court grants the Joint Motion for the entry of the Protective Order, except to the extent the proposed order did not fully comply with chambers rules governing discovery disputes and stipulated protective orders. The Court has added its required provisions in more explicit terms in Paragraphs 6, 15, and 23 herein, but otherwise enters the following Stipulated Protective Order exactly as submitted by the parties:

The Court recognizes that some of the Materials to be produced as part of the Repository are, for current competitive and/or privacy reasons, normally kept confidential.

Upon entry of this Order, the Receiver will be permitted to produce these confidential Materials to the Repository. As provided in and subject to the cost-allocation terms discussed in the Joint Motion, all interested parties and interested non-

parties whose funds were deposited into escrow with the Chicago Title Company or Chicago Title Insurance Company (collectively, "Chicago Title"), or otherwise invested in connection with, or loaned to, the Receivership Entities and/or Gina Champion-Cain (collectively, the "Parties," and individually, a "Party"), as part of the alleged scheme that is the subject of the above-captioned Securities and Exchange Commission enforcement action, will be granted access to the Repository, along with those parties identified below in Paragraph 2. The Parties, through their counsel, have agreed to be bound by the terms of this Order and, accordingly, will be able to access, review, and use the Materials contained within the Repository, subject to the terms and conditions set forth herein.

The Receiver obtained the Materials principally from the following sources, pursuant to the authority conveyed upon her by virtue of the  receivership appointment order (ECF No. 6):  (a) electronic data, documents, and information stored by the Receivership Entities using remote cloud storage as well as computers, a server and hard drives located at the Receivership Entities' offices; (b) hard-copy documents and information retrieved by the Receiver and her staff from the Receivership Entities' offices and operating or storage locations; and (c) data, documents, and information obtained by the Receiver in response to subpoenas served upon third-parties.

The Materials may contain confidential and/or personal private information, trade secrets or other confidential information, as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of any such information in the Materials as much as practical in connection with the instant action and any current or potential future legal action(s) relating to the ANI liquor license lending program. As used herein, the term "Confidential Information" shall mean all information and data contained or disclosed in any of the Materials, except as provided in Paragraph 14 below, including documents, portions of documents, and data, summaries, and compilations derived therefrom, whether or not

previously designated as "CONFIDENTIAL," that includes or constitutes the following: (1) Social Security numbers; (2) dates of birth; (3) home addresses, except for city and state; (4) driver's license numbers; (5) bank account and routing numbers, except for the last four digits; and (6) trade secrets as defined in California Civil Code section 3426.1(d). The Receiver believes, in good faith, that the disclosure of Confidential Information could be potentially prejudicial to the commercial or personal interests of the original custodian(s).

<u>GENERAL RULES</u>

1.     All Confidential Information produced by the Receiver to, and contained within, the Repository will be considered "CONFIDENTIAL," and shall be treated as such pursuant to the terms of this Order, whether or not the Materials are specifically designated as "CONFIDENTIAL."

2.     Confidential Information shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation and any current or potential future legal action(s) relating to the ANI liquor license lending program (collectively, "Related Actions"), unless and until such disclosure is approved in writing either by Chicago Title with respect to its Materials, the Receiver with respect to the Receivership Entities' Materials, or by order of this Court. Persons and entities who are granted access to the Repository shall, subject to the provisions of this Protective Order and any order approving the Joint Motion, include: (1) the Parties; (2) a Party's counsel in connection with Related Actions; (3) the Commission, including personnel employed by the Commission; (4) the Receiver and her staff, consultants, and counsel; and (5) Chicago Title and its counsel in connection with Related Actions (together with (1)-(4), the "Repository Parties").

3.     Subject to the provisions of this Protective Order, Confidential Information may be disclosed to: a Party, staff and employees of a Party or Party's counsel; any person who actually was involved in the preparation of the document or

who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that originally produced or appears to have prepared said document; mediators or arbitrators and their staff in Related Actions; witnesses, deponents and court reporters in Related Actions; and juries and court personnel in Related Actions.  In addition, Confidential Information may be disclosed to expert witnesses, investigators, vendors, and consultants engaged or retained by a Party or a Party's counsel in this matter or in Related Actions, once they have executed the form attached hereto as **Exhibit A**.

4.     Whenever a deposition taken in the instant action or a Related Action involves a disclosure of Confidential Information:

a. that portion of the deposition shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party to the proceeding at issue may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party to the proceeding at issue will have until twenty-one (21) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b. the disclosing party will be obligated to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, videographer and the person(s) agreed upon pursuant to Paragraphs 2 and 3 above; and

c. those portions of original deposition transcripts containing Confidential Information, and all copies of the deposition transcripts, shall bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy

of a deposition transcript which contains Confidential Information ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court or the judge presiding over the Related Action.

5.      All of the Confidential Information produced by the Receiver to, and contained within, the Repository, and any and all reproductions of the Confidential Information, must be retained in the custody of the counsel for the Repository Parties identified in Paragraph 2, above, except that the Receiver and her staff may retain custody of copies as necessary.

6.      Before any Confidential Information is filed with this Court or any court in connection with any Related Action(s), for any purpose, the party seeking to file such material shall seek permission of this Court, or the court presiding over the Related Action, to file the applicable Material(s) under seal. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

7.      All Confidential Information shall be maintained as confidential by those inspecting or receiving it, and shall be used only for purposes of the Related Actions. Counsel for each Repository Party, and each person or entity receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person not authorized by this Order, the Repository Party responsible for the

unauthorized disclosure shall immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the Receiver and, without prejudice to any rights and remedies of the Receiver and/or the original custodian(s) of the Material(s), shall make every reasonable effort to prevent further disclosure including, but not limited to, requesting the person(s) or entities that received the unauthorized disclosure to destroy the Confidential Information immediately.

8.    The Materials may be used, subject to the terms of this Order, in any Related Action, and may be shared with the parties to such Related Action who agree to the terms of this Order and the cost-sharing provisions. All Repository Parties shall, upon the request of any other Repository Party, stipulate to the entry of a protective order with at least the protections in this Order in any Related Action.

9.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to any Related Action and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the Confidential Information shall not be disclosed.

10.    The existence of this Order shall not be used by any person or entity as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

11.    Nothing within this Order shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by court order.

12.    This Order shall not prevent the Commission from complying with its obligations under law concerning disclosure of documents including, but not limited to, its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the Commission, or interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

13.    Upon the final discharge of the Receiver or termination of the instant

case, whichever is later, counsel for each Repository Party shall, upon the request of the Receiver, use all reasonable efforts to destroy all Materials, including any copies or excerpts of such Materials, including from all machine-readable media on which it resides. "Reasonable efforts" shall not require the return or destruction of Materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) are located in the email archive system or archived electronic files of departed employees, or (iii) are subject to legal hold obligations. If Materials are subject to a legal hold obligation at the time the Receiver makes a request for destruction, counsel for the Repository Party that is subject to such hold obligation shall promptly provide the Receiver with reasonable written proof thereof. Backup storage media will not be restored for purposes of returning or certifying destruction of Materials, but such retained information shall continue to be treated in accordance with the Order. Notwithstanding the foregoing, in the event that any Repository Party is involved in a Related Action that terminates after the discharge of the Receiver or the termination of the above-captioned action, such Repository Party will promptly destroy all Materials, including any copies, excerpts, and summaries of such Materials, including from all machine-readable media on which it resides, upon the termination of the related legal action(s). Counsel for each Repository Party may retain all correspondence, transcripts, written discovery, pleadings, briefs, memoranda, motions, and other documents filed with this Court or any court in connection with a Related Action that refers to or incorporates Confidential Information, and will continue to be bound by this Order with respect to all such retained Confidential Information. Further, attorney work-product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product shall continue to be bound by this Order with respect to all such retained information.

14.    The restrictions and obligations set forth within this Order do not apply

to any information  that: (a) the Repository Parties agree, or a court determines, is already public knowledge; (b) the Repository Parties agree, or a court determines, has become public knowledge other than as a result of disclosure by a Repository Party, its employees, or its agents in violation of this Order; or (c) a Party or Party's counsel already possesses or obtains from a separate source by which the information was not designated as confidential.

15.     To the extent a Repository Party determines, in good faith, that any portion of the Materials includes or constitutes trade secrets as defined in California Civil Code section 3426.1(d), that Repository Party (a "Designating Party") may designate such materials as Confidential Information by written notice to all other Repository Parties. Any Repository Party may object to the designation of Confidential Information on the ground that such information does not constitute Confidential Information by serving written notice upon counsel for the Designating Party at any time, specifying the item(s) in question and the grounds for the objection. If a Repository Party objects to the designation of any materials as Confidential Information, the Repository Party challenging the designation shall arrange for a meet and confer conference under Local Civil Rule 26.1(a), which shall occur within ten (10) calendar days of service of the notice. If the parties cannot resolve the matter, before engaging in motion practice, the Repository Party challenging the designation must bring the dispute to the Court's attention by complying with Magistrate Judge Allison H. Goddard's Chambers Rules governing discovery disputes.[2] The party challenging the designation must raise the issue with the magistrate judge within ten (10) calendar days of the Local Civil Rule 26.1 conference, and may include the material at issue for the Court's *in camera* review. The Designating Party shall bear the burden of establishing that the document is entitled to protection. Any contested

---

[2] Judge Goddard's Chambers Rules are available at
https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

information shall continue to be treated as Confidential Information subject to this Protective Order until the Court issues a ruling on the dispute.

16.     This Order does not prohibit discussion of any Confidential Information with anyone if that person already has or obtains legitimate possession of the relevant Confidential Information.

17.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

18.     This Order may be modified by agreement of the Repository Parties, subject to approval by the Court.

19.     The terms and conditions of this Order apply with full force and effect to any and all Related Action(s). The terms and conditions of this Order, as applied to any Related Action, may be enforced by this Court. The Repository Parties consent and submit to the jurisdiction of this Court with respect to enforcement of the Order, including the imposition of any sanction(s) by the Court for violation thereof.

20.     In the event that the Receiver obtains additional data, documents, or information after entry of this Order relating to the ANI liquor license lending program, the Repository Parties shall meet and confer regarding the necessity, appropriateness and manner of the Receiver producing the additional data, documents, or information, the treatment of such data, documents, or information, and the parameters of any cost-sharing allocation, if necessary and appropriate.

21.     Nothing contained herein waives or prejudices any Repository Party's rights regarding the demand for, access to, or production of any of the Materials, or any documents, information, or data related to the subjects of the above-captioned action.

22.     Nothing contained herein constitutes an implied waiver of any rights regarding potential cost-sharing consistent with the Federal Rules of Civil Procedure, and the Receiver requests an allocation of costs associated with the production of the

Materials to the Repository, as set forth in the Motion.

23.     The Court may modify the protective order sua sponte in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated:  June 26, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

**EXHIBIT A**

I, _____, DECLARE:

I have read in its entirety and understand the Protective Order (the "Order") entered by the Court in this Action and have been provided with a copy of the Order.

**1.**	I agree to be bound by the terms of the Order. I will use the Materials only for the purposes of this litigation and related legal actions, pursuant to the terms of the Order.  I will hold such Materials in confidence and not disclose to any person or entity not qualified under the Order to receive it.

**2.**	I will destroy all Materials in my possession, custody, and/or control in accordance with the terms of the Order.

**3.**	I understand that violation of the terms of the Order will subject me to sanctions or penalties for contempt of the Order.  I consent and submit to the jurisdiction of this Court for the purpose of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____, 20__				_____