UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>                              Defendants, and<br><br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>                              Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE OF 4829 BELLA PACIFIC ROW PROPERTY**<br><br>**[ECF No. 421]** |

## I.     BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as a permanent receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver."). On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

On August 11, 2020, the Receiver filed the present Motion for Approval of Sale of 4829 Bella Pacific Row Property (the "Bella Pacific Motion"). ECF No. 421. The motion concerns one of the residential real properties within the receivership estate, a single-family residence located at 4829 Bella Pacific Row, Unit 215, San Diego, California (the "Bella Pacific Property"). *See* ECF No. 421-1 at 5; ECF No. 76-2 at 6 (listing the Bella Pacific Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019).

On August 11, 2020, the Court entered an order setting a briefing schedule and a September 18, 2020 hearing on the Bella Pacific Motion. ECF No. 423. The Court set a deadline of August 25, 2020 for responses in opposition to the motion and noted that "[i]f the motion is unopposed and the overbid submission deadline has passed with no overbids,

the Court may take the motion under submission without oral argument." *Id.* at 2. No opposition was filed. Further, bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002 (described in more detail below) were due by September 7, 2020. *See* ECF No. 421-1 at 11; ECF No. 423 at 2. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Bella Pacific Motion on September 9, 2020. ECF No. 450. Accordingly, the Court took the motion under submission on the papers on September 14, 2020. ECF No. 455.

For the reasons explained more fully below, the Court **GRANTS** the Bella Pacific Motion.

## II. LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the

sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[1] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

### III. DISCUSSION

**A. Background of the Property and Proposed Sale**

The Bella Pacific Property was purchased on April 5, 2019, by 2466 1st Avenue LLC, an affiliated receivership entity, for $475,000. ECF No. 421-1 at 5; *see also* ECF No. 6 at 4 (the Court's Appointment Order, listing 2466 1st Avenue LLC as an entity subject to the equitable receivership).

Following her appointment, the Receiver and her staff analyzed the value of the Bella Pacific Property by reviewing automated valuation scores and a survey of market-comparable properties. ECF No. 421-2 ¶ 3. The Receiver consulted with multiple licensed

---

[1] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

brokers and ultimately selected Resonate Real Estate ("Broker")[2] and listed the property for sale at a listing price of $495,000. *Id.*

Beginning in January 2020, Broker marketed the Bella Pacific Property by listing it on the local MLS and its website. *Id.* ¶ 4. Because of the Covid-19 epidemic, Broker used 3D marketing and socially distant property tours in compliance with guidance from the California Association of Realtors. *Id.* ¶ 4. Broker received two offers—one that was cancelled during due diligence and the current offer. *Id.* The Receiver negotiated terms with the offeror, Shawn Reed ("Buyer"), and following negotiations, the Bella Pacific Property went into escrow on July 9, 2020 with a purchase price of $490,000. *Id.*; *see also* ECF No. 421-1 at 6. Buyer undertook the expense of getting the condominium project approved for financing by the Veteran's Administration and received such approval on July 28, 2020. *Id.* The Receiver and Buyer executed a California Residential Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), along with an Addendum making court approval of the sale a condition of closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. ECF No. 421-3, Freitag Decl. Ex. A. Buyer agreed that the sale would be as-is, removed all contingencies other than Court approval, and deposited $7,500 into escrow. *Id.* at 3.

**B. Proposed Procedures and Distribution**

In the motion seeking approval of the sale, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 4829 Bella Pacific Row in San Diego County, California. Sale is

---

[2] The Receiver also enlisted the services of Resonate Real Estate in conjunction with the sale of a single-family residence located at 3548 Tennyson Street, San Diego, California, 92106. ECF No. 280.

>subject to Court confirmation after the auction is held. Minimum bid price is at least $500,000. The auction will take place on September 10, 2020 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California or as otherwise determined by the Court. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $8,250, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on September 7, 2020, by submitting the required materials to the receiver at 501 West Broadway, Suite 290, San Diego, California, 92101.

ECF No. 421-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the Bella Pacific Motion on September 9, 2020. ECF No. 450. In the Notice, the Receiver informs the Court that, after filing the Bella Pacific Motion, and in addition to publishing the above notice in the San Diego Union-Tribune as proposed, she posted notice of the Motion on the receivership website (anireceivership.com) and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid by September 7, 2020. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Shawn Reed remains the intended Buyer.

The Bella Pacific Property is one of four properties in the receivership estate encumbered by a deed of trust in favor of Seattle Funding Group (the "SFG loan"). ECF No. 421-1 at 6. The estimated principal balance outstanding for the interest-only SFG loan (prior to the sale of the Bella Pacific Property) is $1.1 million.[3] ECF No. 421-2 ¶ 5. The documents governing the loan provide for partial release prices to facilitate the sale of

---

[3] According to the Receiver's calculations, "the remaining three receivership assets encumbered by this loan have estimated market values exceeding $1 million in the aggregate." ECF No. 421-2 ¶ 5.

separate properties. *See* ECF No. 421-1 at 6. Assuming a September 2020 closing with the September 2020 loan payment having been made in the ordinary course, the Receiver's estimate of the release price for the 4829 Bella Pacific is $411,000.00 to $414,000.[4] *Id.*

Turning to the proposed distribution of the $490,000, the Receiver intends to use the proceeds of the sale of the Bella Pacific Property to pay the release price. *Id.* The Receiver estimates that the receivership estate will pay property tax in the range of $1,400 to $1,800, depending on when the sale closes (but again, assuming a September 2020 closing). ECF No. 421-2 ¶ 5. The Receiver also estimates that costs of sale including escrow, title, and recording fees will be approximately $4,900. *Id.* Broker's commission pursuant to the listing agreement is $19,600 (4% of the sales price) and will be split with Buyer's broker *Id.* Additionally, Receiver has agreed to give the buyer a $10,000 credit towards recurring and non-recurring closing costs. *Id.* Based on these estimates, the Receiver anticipates that the net sale proceeds for the receivership estate will be in the range of $40,000 to $43,000. *Id.*

### C. Court Approval of Procedures and Proposed Sale

The Court has reviewed the documents submitted by the Receiver in support of the Bella Pacific Motion, including the Purchase Agreement, and finds the purchase price of $490,000 to be fair and reasonable. This price exceeds the April 2019 purchase price of the property by $15,000. Although the sale price of $490,000 falls short of the listing price of $495,000 and the Receiver had to give the buyer a $10,000 credit, the Receiver obtained other valuable concessions, such as sale of the property "as is with all faults," removal of all contingencies except Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. 421-3 at 16-21. Additionally, the proposed total commission of 4% of the gross sales price, to be split by Broker and the broker for the Buyer, is within the lower range of industry standards. The

---

[4] The Court anticipates a slight adjustment to this figure and the following estimates as the sale likely will not close until October 2020.

Court further finds the Receiver has demonstrated that Broker adequately marketed and advertised the property—having shown the property for seven months despite the additional challenges presented by the Covid-19 pandemic—to be sure to fetch fair market value for the property. *See* ECF No. 421-1 at 10; ECF No. 421-2 ¶ 4. And, importantly, the sale of the Bella Pacific Property brings the receivership estate closer to paying off the SFG loan—with a remaining principal balance of approximately $692,000—in full, which will reduce the ongoing monthly expenses of the receivership estate and thus aid the Receiver in ultimately creating a better return for all creditors.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for realty within the receivership is obtained. Upon review of the factual history and the Purchase Agreement itself, the Court finds the Purchase Agreement was negotiated at arm's-length and, further, that the Receiver implemented sufficient safeguards by way of the notice and overbid process to garner the highest possible price for the property. The Court is thus satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting in particular the lack of any opposition to the Bella Pacific Motion, the Court finds the Receiver has sufficiently established that the proposed sale of the Bella Pacific Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

///

///

## IV. CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of 4829 Bella Pacific Row Property (ECF No. 421) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion, and **APPROVES** the proposed sale of the single-family residence located at 4829 Bella Pacific Row, Unit 215, San Diego, California to Buyer Shawn Reed, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 421-3). The purchase price of $490,000 for the Bella Pacific Row Property is confirmed and approved.

The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1) The Receiver shall pay lender Seattle Funding Group the amount necessary to have the Deed of Trust on the Property in favor of Seattle Funding Group reconveyed and released from the Property, which amount is estimated to be approximately $411,000 to 414,000;

(2) The Receiver shall pay broker Resonate Real Estate a commission of $19,600, which amount will be split with Buyer's broker in a fashion consistent with the listing agreement and the description in the Bella Pacific Motion;

(3) The Receiver shall pay the seller's share of the costs of sale, including escrow, title, and recording fees, which are anticipated to be approximately $4,900; and

(4) The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds, after the above-referenced payments have been made from escrow, going to the receivership estate.

///
///
///
///
///

1   **IT IS FURTHER ORDERED** that after closing, the Receiver shall provide a full
2   accounting of sale costs, property tax credits received and/or property taxes paid, the
3   precise release price paid to Seattle Funding Group, and the amount ultimately returned to
4   the receivership estate from the sale proceeds.

5   **IT IS SO ORDERED.**

6   Dated:  October 16, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge