UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY LOCATED AT 4030-4034 RANDOLPH STREET, SAN DIEGO**<br><br>[ECF No. 469] |

## I. BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

1

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as a permanent receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver."). On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

On October 5, 2020, the Receiver filed the present Motion for Approval of Sale of Real Property Located at 4030-4034 Randolph Street (the "Randolph Street Motion"). ECF No. 469. The motion concerns real properties within the receivership estate; specifically, two apartment buildings located at 4030-4034 Randolph Street, San Diego, California (the "Randolph Street Property").[1] *See* ECF No. 469-1 at 5; ECF No. 76-2 at 5 (listing the Randolph Street Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019).

---

[1] The property contains five apartment units, but one is an unoccupied, converted garage that was not permitted as a residential unit. ECF No. 469-1 at 5.

On October 6, 2020, the Court entered an order setting a briefing schedule and an October 26, 2020 hearing on the Randolph Street Motion. ECF No. 470. The Court set a deadline of October 19, 2020 for responses in opposition to the motion and noted that "[i]f the motion is unopposed, the Court may take the motion under submission without oral argument." *Id.* at 2. No opposition was filed so the Court vacated the October 26, 2020 hearing and took the motion under submission on October 21, 2020. ECF No. 485. Bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002 (described in more detail below) were due by October 26, 2020. *See* ECF No. 469-1 at 11; ECF No. 490 at 2. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Randolph Street Motion on October 27, 2020. ECF No. 490.

For the reasons explained more fully below, the Court **GRANTS** the Randolph Street Motion.

## II.  LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir.

1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[2] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

### III. DISCUSSION

**A. Background of the Property and Proposed Sale**

The Randolph Street Property was purchased on December 14, 2018 by ANI for $1,800,000 and title was taken in the name of The Gina Champion Cain Revocable Trust. ECF No. 469-1 at 5; *see also* Freitag Decl. ¶ 2, ECF No. 469-2. Four days later, receivership entity 4030 Randolph Street LLC acquired title by quitclaim deed. ECF No. 469-1 at 5; *see*

---

[2] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

*also* ECF No. 6 at 5 (Court's Appointment Order, listing 4030 Randolph Street LLC as an entity subject to the equitable receivership).

Following her appointment, the Receiver and her staff analyzed the value of the Randolph Street Property by reviewing automated valuation scores and a survey of market-comparable properties. ECF No. 469-1 at 5. The Receiver consulted with multiple licensed brokers and ultimately selected Cushman & Wakefield U.S., Inc. ("Broker") and listed the property for sale at a listing price of $1,975,000. *Id.*

Broker marketed the Randolph Street Property by listing it on LoopNet, CoStar, Crexi, the local Multiple Listing Service ("MLS") (as residential income and 2-4 units), MLS Affiliates, Virtual Office Websites, and Realtor.com as well as by an email campaign targeting 3,769 of Broker's contacts. *Id.* at 5-6. These efforts yielded six written offers and two verbal offers. *Id.* at 6. After evaluating the offers, the Receiver determined that an all-cash offer from Louisa Galbo and Evan Galbo ("Buyers") was the highest and best. *Id.* The Receiver, through Broker, negotiated terms with Buyers and the Randolph Street Property ultimately went into escrow around September 9, 2020 with a purchase price of $1,675,000. *Id.* Because it subsequently was determined that the property required sewer replacement (anticipated to cost approximately $16,000) and some foundational repairs (estimated to cost $33,000), the Receiver agreed to a purchase price reduction of $25,000 to partially offset some of Buyers' repair costs. *Id.*

The Receiver and Buyers executed a California Purchase and Sale Agreement and Joint Escrow Instructions ("Purchase Agreement") making court approval of the sale a condition to closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. Freitag Decl., Ex. A, ECF No. 469-3. Buyers then deposited $100,000 into escrow. ECF No. 469-1 at 7. Buyers further agreed that the sale would be as-is and, in an Addendum, removed all contingencies other than Court approval. ECF No. 469-3.

///

///

### B. Proposed Procedures and Distribution

In the motion seeking approval of the sale, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 4030-4034 Randolph Street in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $1,725,000. The auction will take place on October 30, 2020 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California or as otherwise determined by the Court. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $110,000, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on October 26, 2020, by submitting the required materials to the receiver at 501 West Broadway, Suite 290, San Diego, California, 92101.

ECF No. 469-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the Randolph Street Motion on October 27, 2020. ECF No. 490. In the Notice, the Receiver informs the Court that, after filing the Randolph Street Motion, and in addition to publishing the above notice in the San Diego Union-Tribune as proposed, she posted notice of the Motion on the receivership website anireceivership.com, and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid by October 26, 2020. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Louisa Galbo and Evan Galbo remain the intended buyers.

Turning to the proposed distribution of the $1,650,000, the Receiver intends to use the proceeds of the sale of the Randolph Street Property to pay off expenses, with the remainder going to the receivership estate. The Randolph Street Property is encumbered

by a deed of trust in favor of Axos Bank ("Axos") and the Receiver estimates that the loan payoff amount is in the range of $1,102,000 to $1,107.000. ECF No. 469-1 at 6.[3] The property taxes due at closing likely will be about $10,000, but the loan has a tax impound account, which will offset the anticipated property tax expense. *Id.* Broker's commission pursuant to the listing agreement is 4% of the sale price and will be split with Buyers' broker. *Id.* The Receiver also estimates that costs of sale including escrow, title and recording fees will be approximately $8,250. *Id.* Though the exact amounts will be determined at closing, the Receiver anticipates that the net sale proceeds for the receivership estate will be in the range of $470,000 to $475,000. *Id.*

### C. Court Approval of Procedures and Proposed Sale

The Court has reviewed the documents submitted by the Receiver in support of the Randolph Street Motion, including the Purchase Agreement, and finds the purchase price of $1,650,000 to be fair and reasonable. Though it is less than the purchase price and original list price, Broker showed the property for seven months and it was the best of the eight offers received. *See* ECF No. 469-2 ¶ 6. The Receiver also obtained other valuable concessions, such as sale of the property "as is," payment of the purchase price in cash, removal of all contingencies besides Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. ECF No. 469-3. Additionally, the proposed total commission of 4% of the gross sales price to be split by Broker and Buyers' broker is within the lower range of industry standards. The Court further finds the Receiver has demonstrated that Broker adequately marketed

---

[3] It does not appear the Randolph Street Property is encumbered to Axos under the Axos Bank Portfolio Loan discussed in prior orders. Seven properties in the receivership estate were/are encumbered by a deed of trust in favor of Axos Bank in what has been referred to as the Axos Bank Portfolio Loan. This loan covered the following properties: 1617 Thomas Avenue, 805 Brighton Court, 724 Zanzibar Court, 809 San Rafael, 737 Windemere Court, 812 San Rafael, and 750 Yarmouth Court Property. *See* ECF No. 491-1 at 6. The first four sales have closed and the balance of the Axos Bank Portfolio Loan has been reduced accordingly. *See* ECF Nos. 256, 243, 349, 466 (Receiver's accountings of costs).

and advertised the property to be sure to fetch fair market value for the property. *See* ECF No. 469-2 ¶ 4.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for realty within the receivership is obtained. The Receiver interviewed several brokers before choosing one and, through Broker, negotiated resolution of repair issues with the property in a satisfactory manner. The Court thus is satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting in particular the lack of any opposition to the Randolph Street Motion, the Court finds the Receiver has sufficiently established that the proposed sale of the Randolph Street Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

## IV. CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of Real Property Located at 4030-4034 Randolph Street, San Diego (ECF No. 469) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion, and **APPROVES** the proposed sale of the two apartment buildings located at 4030-4034 Randolph Street, San Diego, California to Buyers Louisa Galbo and Evan Galbo, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 469-3). The purchase price of $1,650,000 for the Randolph Street Property is confirmed and approved.

The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1)   The Receiver shall pay lender Axos Bank the loan payoff amount, which is estimated to be approximately $1,102,000 to $1,107,000 (with the exact amount to be determined at closing);

(2)   The Receiver shall pay the property taxes due from the seller at closing, which amount is estimated to be approximately $10,000 (with the exact amount to be determined at closing);

(3)   The Receiver shall pay broker Cushman & Wakefield U.S., Inc. a commission up to 4% of the gross sale, or $66,000, which amount will be split with Buyers' broker in a fashion consistent with the listing agreement and the description in the Randolph Street Motion;

(4)   The Receiver shall pay the seller's share of the costs of sale, including escrow, title and recording fees, which are anticipated to be approximately $8,250; and

(5)   The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds, which are estimated to be in the range of $470,000 to $475,000[4] (with the exact amount to be determined at closing), going to the receivership estate.

///
///
///

---

[4] The Court's calculations of the estimated net proceeds to the receivership estate fall more in the range of $458,000 to $464,000, though it is possible the Receiver is not including the property taxes in light of the tax impound account. The Court finds a total within either range, with the exact amount to be determined at closing, acceptable and approves the distribution of the net sale proceeds to the receivership estate even if the final amount is outside of this range.

(6)     After closing, the Receiver shall provide a full accounting of sale costs, property tax credits received and/or property taxes paid, the loan payoff amount paid to Axos Bank, and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated:  November 2, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge