UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>                              Defendants, and<br><br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>                              Relief Defendant. | Case No.:  3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY LOCATED AT 7940 UNIVERSITY AVENUE, #9, LA MESA**<br><br><br>**[ECF No. 472]** |

I.      BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

1

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as a permanent receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver."). On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

On October 8, 2020, the Receiver filed the present Motion for Approval of Sale of Real Property Located at 7940 University Avenue, #9, La Mesa (the "University Avenue Motion"). ECF No. 472. The motion concerns one of the residential real properties within the receivership estate, a condominium located at 7940 University Avenue, #9, La Mesa, California (the "University Avenue Property"). *See* ECF No. 472-1 at 5; ECF No. 76-2 at 6 (listing the University Avenue Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019).

On October 9, 2020, the Court entered an order setting a briefing schedule and a November 30, 2020 hearing on the University Avenue Motion. ECF No. 474. The Court set a deadline of October 23, 2020 for responses in opposition to the motion and noted that "[i]f no oppositions are filed by the deadline and the overbid submission deadline has

2

passed with no overbids, the Court may take the motion under submission without oral argument." *Id.* at 2. No opposition was filed. Further, bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002 (described in more detail below) were due by November 2, 2020. *See* ECF No. 472-1 at 11; ECF No. 474 at 2. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the University Avenue Motion on November 3, 2020. ECF No. 495. Accordingly, the Court took the motion under submission on the papers. ECF No. 497.

For the reasons explained more fully below, the Court **GRANTS** the University Avenue Motion.

## II.   LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the

sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, <u>Treatise on Law & Practice of Receivers</u>, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[1] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

## III.   DISCUSSION

### A. Background of the Property and Proposed Sale

The University Avenue Property was purchased on April 25, 2018, by 2466 1st Avenue LLC (an affiliated receivership entity) for $325,000. ECF No. 472-1 at 5; *see also* ECF No. 6 at 4 (the Court's Appointment Order, listing 2466 1st Avenue LLC as an entity subject to the equitable receivership).

Following her appointment, the Receiver and her staff analyzed the value of the University Avenue Property by reviewing automated valuation scores and a survey of market-comparable properties. ECF No. 472-2 ¶ 3. The Receiver consulted with multiple

---

[1] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

4

licensed brokers and ultimately selected Coldwell Banker West ("Broker") and listed the property for sale at a listing price of $340,000. *Id.*

Beginning in August 2020, Broker marketed the University Avenue Property by listing it on all of the major real estate platforms, including on the Multiple Listing Service ("MLS"), Zillow, Redfin, and Realtor.com. ECF No. 472-1 at 5. These advertising efforts resulted in twenty-three buyer showings within the first week. *Id.* Three prospective buyers made offers, and Broker sent multiple counteroffers. *Id.* The Receiver ultimately accepted an offer from Henry J. Tran and Crystal Q. Tran ("Buyers") for $351,000. *Id.* Broker represented that this is the highest sale price in the condominium complex. *Id.* at 5-6.

The Receiver and Buyers executed a California Residential Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), along with an Addendum making court approval of the sale a condition of closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. ECF No. 472-3. Buyers paid an initial deposit of $5,000 and will finance the remainder with a loan from the Veteran's Administration. *Id.* at 3, 13. Buyers agreed that the sale would be as-is and expressly removed all contingencies other than Court approval. *Id.* at 14, 19 ¶ 6.11.

**B. Proposed Procedures and Distribution**

In the motion seeking approval of the sale, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 7940 University Avenue, #9 in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $356,000. The auction will take place on November 6, 2020 at 2:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California or as otherwise determined by the Court. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase

and sale agreement, an earnest money deposit of $5,500, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on November 2, 2020, by submitting the required materials to the receiver at 501 West Broadway, Suite 290, San Diego, California, 92101.

ECF No. 472-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the University Avenue Motion on November 3, 2020. ECF No. 495. In the Notice, the Receiver informs the Court that, after filing the University Avenue Motion, and in addition to publishing the above notice in the San Diego Union-Tribune as proposed, she posted notice of the motion on the receivership website (anireceivership.com) and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid by November 2, 2020. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Henry J. Tran and Crystal Q. Tran remain the intended buyers.

The University Avenue Property is one of four properties in the receivership estate encumbered by a deed of trust in favor of Seattle Funding Group (the "SFG loan"). ECF No. 472-1 at 6. The estimated principal balance outstanding for the interest-only SFG loan at the time the Receiver filed the University Avenue Motion was $1.1 million. *Id*. On October 16, 2020, the Court approved the sale of one of these properties—the Bella Pacific Property (ECF No. 481)—and the Receiver applied $408,000 of the net sale proceeds to pay down the principal balance of the SFG loan (ECF No. 501-1 at 6 n.1). With regard to the University Avenue Property, SFG has agreed to extend the maturity date of the loan to March 1, 2021, and to a release price of 85% of the sale price of this property, or $298,350. ECF No. 472-1 at 6. Taking into account subsequently accrued interest, the Receiver estimates the total amount paid to SFG at closing will be between $302,000 and $305,000. *Id.*

///

3:19-cv-1628-LAB-AHG

Turning to the proposed distribution of the $351,000, the Receiver anticipates a net gain for the receivership estate. She first intends to use the proceeds of the sale of the University Avenue Property to pay the release price. *Id.* Based on the assumption that the sale will close after December 10, 2020 (it may, in fact, close before then), the Receiver estimates that a few hundred dollars of property taxes will be credited to the seller. *Id.* The Receiver also anticipates that costs of sale including escrow, title, and recording fees will be approximately $1,750. *Id.* Broker's commission pursuant to the listing agreement is $14,040 (4% of the sales price) and will be split with Buyers' broker. *Id.* Based on these estimates, the Receiver expects that the net sale proceeds for the receivership estate will be in the range of $30,000 to $33,000. ECF No. 472-2 ¶ 5.

### C. Court Approval of Procedures and Proposed Sale

The Court has reviewed the documents submitted by the Receiver in support of the University Avenue Motion, including the Purchase Agreement, and finds the purchase price of $351,000 to be fair and reasonable. This price exceeds the April 2018 purchase price of the property by $26,000 and is the highest sale price in the condominium complex in which it is located. The Receiver, through Broker, received three offers for the property and made counteroffers. In addition, the Receiver obtained other valuable concessions, such as sale of the property "as is," removal of all contingencies except Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. 472-3 at 15-20. Additionally, the proposed total commission of 4% of the gross sale price, to be split by Broker and the broker for Buyers, is within the lower range of industry standards. And, importantly, the sale of the University Avenue Property brings the receivership estate closer to paying off the SFG loan in full, which will reduce the ongoing monthly expenses of the receivership estate and thus aid the Receiver in ultimately creating a better return for all creditors.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation

7

of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for realty within the receivership is obtained. Upon review of the factual history and the Purchase Agreement itself, the Court finds that the Receiver negotiated the best deal for the receivership estate and verified Buyers' ability to complete the transaction. Further, the Receiver provided the Court with a detailed breakdown of the proposed distributions from the sale proceeds, as required. The Court thus is satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting in particular the lack of any opposition to the University Avenue Motion, the Court finds the Receiver has established sufficiently that the proposed sale of the University Avenue Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

## IV.   CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of Real Property Located at 7940 University Avenue, #9, La Mesa (ECF No. 472) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion and **APPROVES** the proposed sale of the condominium located at 7940 University Avenue, #9, La Mesa, California to Buyers Henry J. Tran and Crystal Q. Tran, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 472-3). The purchase price of $351,000 for the University Avenue Property is confirmed and approved.

///

///

///

///

8

The Court further **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1)    The Receiver shall pay lender Seattle Funding Group the release price for the property, plus accrued interest on the loan, which amount is estimated to be approximately $302,000 to 305,000 (with the exact amount to be determined at closing);

(2)    The Receiver shall pay the property taxes due from the seller at closing, if any (with the exact amount to be determined at closing);

(3)    The Receiver is authorized to pay broker Coldwell Banker West a commission of 4% of the sales price, or $14,040, which amount will be split with Buyers' broker in a fashion consistent with the listing agreement and the description in the University Avenue Motion;

(4)    The Receiver shall pay the seller's share of the costs of sale, including escrow, title, and recording fees, which are anticipated to be approximately $1,750; and

(5)    The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds—which are estimated to be in the range of $302,000 to $305,000[2] (with the exact amount to be determined at closing)—going to the receivership estate.

///

///

///

///

///

---

[2] Because the Court understands that numerous contingencies (e.g., the amount of interest accrued on the loan before closing, the amount of property taxes owed, etc.) may affect the net sale proceeds of this particular sale, the Court approves the distribution of the net sale proceeds to the receivership estate even if the final amount is outside of this range.

3:19-cv-1628-LAB-AHG

**IT IS FURTHER ORDERED** that after closing, the Receiver shall provide a full accounting of sale costs, property tax credits received and/or property taxes paid, the precise release price paid to Seattle Funding Group, and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated:  November 13, 2020

_____

Honorable Allison H. Goddard
United States Magistrate Judge