1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SECURITIES AND EXCHANGE                Case No.:  3:19-cv-1628-LAB-AHG
     COMMISSION,
12                                          **ORDER GRANTING RECEIVER'S**
                                Plaintiff,  **MOTION FOR APPROVAL OF**
13                                          **SALE OF 4364 VALLE VISTA**
     v.                                     **PROPERTY**
14
     GINA CHAMPION-CAIN AND ANI
15   DEVELOPMENT, LLC,
16                            Defendants, and  **[ECF Nos. 478]**
17

18   AMERICAN NATIONAL
19   INVESTMENTS, INC.,
20                         Relief Defendant.
21

22

23   **I.      BACKGROUND**

24          As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action

25   brought by the Securities and Exchange Commission ("SEC") against Defendants ANI

26   Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant

27   American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities

28   laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

                                          1

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as the receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property [within the equitable receivership] passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver.").

On December 11, 2019, the presiding judge in this action, Chief District Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

The Receiver filed the Motion for Approval of Sale of 4364 Valle Vista Property ("Valle Vista Motion") on October 14, 2020. ECF No. 478. The motion concerns one of the real properties within the receivership estate, a single-family residence located at 4364 Valle Vista in the Mission Hills neighborhood of San Diego, California (the "Valle Vista Property"). *See* ECF No. 478-1 at 5; ECF No. 76-2 at 3 (listing the Valle Vista Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019). The Court set a filing deadline of November 12, 2020, for any oppositions to the motion. ECF No. 474 at 2. No oppositions were filed.

Further, bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002

(described in more detail below) were due by November 9, 2020. *See* ECF No. 478-1 at 11. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Valle Vista Motion on November 10, 2020. ECF No. 500. The Court then took the motion under submission on the papers. ECF No. 507.

For the reasons explained more fully below, the Court **GRANTS** the Valle Vista Motion.

## II.   LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

///

3

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[1] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

## III.   DISCUSSION

### A. Background of the Property and Proposed Sale

The Valle Vista Property was purchased for $840,000 on July 26, 2014 by Joseph Alex Himmelberg and transferred less than a year later to the Joseph Alex Himmelberg and Gina Champion-Cain Trust Dated January 26, 2015 ("Trust")[2]. ECF No. 478-1 at 5. It is a single-family residence with three bedrooms and one and a half bathrooms. *Id.*

---

[1] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

[2] This Trust is not listed as a receivership entity in Chief District Judge Burns's order appointing the Receiver. *See* ECF No. 6. According to the Receiver, "the title company will require that the Receiver be expressly authorized and directed in the sale approval order to act on behalf of the Trust for all purposes related to the sale of the Valle Vista Property." ECF No. 478-1 at 12. The Receiver discussed this matter (through her counsel) with counsel for Ms. Champion-Cain, who is the sole remaining grantor and trustee of the Trust. ECF No. 478-1 at 12, ECF No. 478-2 ¶ 2. Though the Receiver represented that Ms. Champion-Cain has no objection to this language being included in the sale approval order

1    Following her appointment, the Receiver and her staff analyzed the value of the

2    Valle Vista Property by reviewing automated valuation scores and a survey of market-

3    comparable properties. ECF No. 478-2 ¶ 3. The Receiver consulted with multiple licensed

4    brokers experienced in selling residential properties in the Mission Hills area. *Id.* She

5    ultimately selected Pacific Pines Real Estate ("Broker") and listed the property for sale at

6    a listing price of $1,349,000. *Id.*

7    Beginning in August 2020, Broker marketed the Valle Vista Property by listing it on

8    the local Multiple Listing Service ("MLS") and its website. ECF No. 478-1 at 5. Broker

9    showed the property to over twenty interested parties and complied with the Covid-19

10   pandemic-related mandate of utilizing 3D marketing and socially-distanced property tours.

11   *Id.* at 5-6. One offer was received, but then withdrawn during negotiations. *Id.* at 6. The

12   Receiver and Broker then agreed to reduce the list price to a range of $1,199,900 to

13   $1,279,900, at which point they received two offers. *Id.* The Receiver negotiated terms

14   with the prospective buyers and, on September 16, 2020, the property went into escrow

15   with Kirsten Worley ("Buyer") for a purchase price of $1,150,000, with a $19,000 credit

16   to Buyer[3]. *Id.*

17

18   _____

19

20   (*see* ECF No. 478-1 at 12), the Court found this representation insufficient (particularly

21   since the Receiver, not Ms. Champion-Cain, signed the Purchase Agreement).
     Accordingly, the Court ordered the Receiver to file a declaration from Ms. Champion-Cain

22   in her capacity of trustee of the Trust. ECF No. 528. On December 10, 2020,

23   Ms. Champion-Cain filed a declaration wherein she declared: "I hereby expressly confirm
     that the Receiver is authorized to act on behalf of The Joseph Alex Himmelberg and Gina

24   Champion-Cain Trust Dated January 26, 2015 for all purposed related to the sale of the

25   property located at 4364 Valle Vista, San Diego, California." ECF No. 529-1 at 2. In light
     of this declaration by the trustee of the Trust, the Court is satisfied that the Receiver is

26   authorized to sell the Valle Vista Property on behalf of the Trust.

27   [3] The Court has not found any mention of the $19,000 credit to Buyer in the Purchase

28   Agreement or accompanying counteroffers. *See* ECF No. 478-3. However, as discussed
     more fully below, the Court finds the proposed sale fair and reasonable, even with the

5

The Receiver and Buyer executed a California Residential Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), along with an Addendum making court approval of the sale a condition of closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. ECF No. 478-3. Buyer paid an initial deposit of $10,000, agreed to deposit an additional $215,000 into escrow, and planned to finance the remainder. *Id.* at 3.

In the Valle Vista Motion, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 4364 Valle Vista in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $1,175,000. The auction will take place on November 13, 2020 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California or as otherwise determined by the Court. To be allowed to participate in the auction, prospective purchasers must meet certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $11,000, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on November 9, 2020, by submitting the required materials to the receiver at 501 West Broadway, Suite 290, San Diego, California, 92101.

ECF No. 478-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Valle Vista Motion on November 10, 2020. ECF No. 500. In the notice, the Receiver informed the Court that, after filing the Valle Vista Motion, and in

_____

credit. Therefore, the Court will not hold up the sale on this issue, but will require a complete accounting upon closing of the sale.

addition to publishing the above notice in the San Diego Union-Tribune, she posted notice of the motion on the receivership website (anireceivership.com) and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Kirsten Worley remains the intended Buyer.

## B. Proposed Procedures and Distribution

The Valle Vista Property is encumbered by a first position mortgage in favor of Nations Direct Mortgage, LLC ("Nations Direct") and a Small Business Administration loan and deed of trust in favor of First Choice Bank. ECF No. 478-1 at 6. If the sale closes in December, the Receiver estimates the amount required to pay off the Nations Direct loan to be approximately $493,000 (which includes accrued interest) and the amount required to pay off the First Choice Bank loan to be approximately $495,000.[4] *Id.*

The Receiver estimates that, if the sale closes in December (after December 10, 2020), there will be a small credit to the seller at closing for property taxes. *Id.* The costs of sale including escrow, title, and recording fees will be approximately $5,650 and the commission due to Broker under the listing agreement is $12,000 plus 2.5% of the sale price, or $40,750, which amount will be split with Buyer's broker. *Id.*

Based on these costs and estimates, the Receiver expects that the net sale proceeds for the receivership estate will be approximately $95,000. *Id.*

---

[4] As with much of the real estate subject to the receivership, the First Choice Bank loan encumbers more than one receivership property. In this case, the loan was partially paid down with the sale of the 4205 Lamont Street, #12 property. ECF No. 478-1 at 6 n.1. However, it still encumbers the personal property associated with the Mission Beach Surf Rider restaurant (the Court has approved the sale of this property, but closing is pending the California Department of Alcoholic Beverage Control's approval of the liquor license transfer (ECF No. 488)) and Steven and Gina Champion-Cain's residence, located at 4014 Bandini Street, San Diego. *Id.* Assuming the Valle Vista Property sale closes first, it will pay off the remainder of the First Choice Bank loan.

### C. Court Approval of the Proposed Procedures and Sale

The Court has reviewed the documents submitted by the Receiver in support of the Valle Vista Motion, including the Purchase Agreement, and finds the purchase price of $1,150,000 to be fair and reasonable. Even taking into account the $19,000 buyer credit, this price exceeds the July 2014 purchase price of the property by $291,000. The Receiver obtained valuable concessions, such as sale of the property "as is with all faults," removal of all contingencies except Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. 478-3 at 13-18. Additionally, the proposed total commission, which is less than 3.5% of the gross sales price and will be split between Broker and the broker for Buyer according to their agreement, is within the lower range of industry standards. The Court further finds the Receiver has demonstrated that Broker adequately marketed and advertised the property to be sure to fetch fair market value for the property. Broker showed the property to over twenty parties in the midst of a pandemic and received a total of three offers. *See* ECF No. 478-1 at 6. And, importantly, the proceeds of the sale will pay off both the Nations Direct and the First Choice Bank loans and still result in a sizable return to the receivership estate. *Id.* at 6-7.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for realty within the receivership is obtained. Upon review of the factual history and the Purchase Agreement itself, the Court finds that the Receiver negotiated the best deal for the receivership estate and verified Buyer's ability to complete the transaction. The Receiver also promptly filed a declaration from Ms. Champion-Cain in order to clear up any uncertainty regarding the Receiver's authority to act on behalf of the Trust. Further,

the Receiver provided the Court with a detailed breakdown of the proposed distributions from the sale proceeds, as required. The Court thus is satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting the lack of any opposition to the Valle Vista Motion, the Court finds the Receiver has established that the proposed sale of the Valle Vista Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

## IV.  CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of 4364 Valle Vista Property (ECF No. 478) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion and **APPROVES** the proposed sale of the single-family property located at 4364 Valle Vista, San Diego, California 92103 to Buyer Kirsten Worley, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 478-3). The Receiver is authorized and directed to act on behalf of The Joseph Alex Himmelberg and Gina Champion-Cain Trust Dated January 26, 2015 for all purposed related to the sale of the property located at 4364 Valle Vista, San Diego, California, 92103. The purchase price of $1,150,000, with a $19,000 buyer credit, for the Valle Vista Property is confirmed and approved.

The Court **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1)     The Receiver is authorized to pay Nations Direct Mortgage, LLC and First Choice Bank all amounts due on the loans, including accrued interest, which total is estimated to be approximately $493,000 for the Nations Direct loan and approximately $495,000 for the First Choice Bank loan (with the exact amount to be determined at closing);

(2)     The Receiver shall pay the property taxes due from the seller at closing, if any (with the exact amount to be determined at closing);

(3)     The Receiver is authorized to pay broker Pacific Pines Real Estate a commission of $12,000 plus 2.5% of the sale price, or $40,750[5], which amount will be split with Buyer's broker in a fashion consistent with the listing agreement and the description in the Valle Vista Motion;

(4)     The Receiver shall pay the seller's share of the costs of sale, including escrow, title, and recording fees, which are anticipated to be approximately $5,650; and

(5)     The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds—which are estimated to be approximately $95,000[6] (with the exact amount to be determined at closing)—going to the receivership estate.

**IT IS FURTHER ORDERED** that after closing, the Receiver shall provide a full accounting of sale costs, property tax credits received and/or property taxes paid, and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated:  December 11, 2020

Honorable Allison H. Goddard
United States Magistrate Judge

---

[5] The Valle Vista Motion lists the total as $40,775, but by the Court's calculations, it should be $40,750. Either amount is reasonable and is authorized by this order.

[6] Because the Court understands that numerous contingencies (e.g., the interest due on the loans, the amount of property taxes owed, etc.) may affect the net sale proceeds of this particular sale, the Court approves the distribution of the net sale proceeds to the receivership estate even if the final amount is outside of this range.