UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>                       Defendants, and<br><br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>                       Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE OF CAMINO DEGRAZIA PROPERTY**<br><br>**[ECF No. 501]** |

## I.     BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

1

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as a permanent receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver."). On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

On November 10, 2020, the Receiver filed the present Motion for Approval of Sale of Camino Degrazia Property (the "Camino Degrazia Motion"). ECF No. 501. The motion concerns one of the residential real properties within the receivership estate, a two-bedroom, two-bathroom condominium located at 7243 Camino Degrazia, Unit 59, San Diego, California 92111 (the "Camino Degrazia Property"). *See* ECF No. 501-1 at 5; ECF No. 76-2 at 6 (listing the Camino Degrazia Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019). The Court set a deadline of November 25, 2020, for responses in opposition to the Camino Degrazia Motion. ECF No. 502 at 2. No oppositions were filed.

Further, bid qualifications from prospective bidders seeking to submit overbids pursuant to the notice and auction process set forth in 28 U.S.C. §§ 2001 and 2002

(described in more detail below) were due by November 30, 2020. *See* ECF No. 501-1 at 11. The Receiver filed a Notice of Non-Receipt of Qualified Overbids regarding the Camino Degrazia Motion on December 1, 2020. ECF No. 513. The Court then took the motion under submission on the papers. ECF No. 532.

For the reasons explained more fully below, the Court **GRANTS** the Camino Degrazia Motion.

## II. LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located.[1] These safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

### III. DISCUSSION

**A. Background of the Property and Proposed Sale**

The Camino Degrazia Property was purchased on April 5, 2019, by 2466 1st Avenue LLC, an affiliated receivership entity, for $460,000. ECF No. 501-1 at 5; *see also* ECF No. 6 at 5 (the Court's Appointment Order, listing 2466 1st Avenue LLC as an entity subject to the equitable receivership).

Following her appointment, the Receiver and her staff analyzed the value of the Camino Degrazia Property by reviewing automated valuation scores and a survey of market-comparable properties. ECF No. 501-2 ¶ 3. The Receiver consulted with multiple licensed brokers and ultimately selected Resonate Real Estate ("Broker") and listed the property for sale at a listing price of $510,000. *Id.*

---

[1] 28 U.S.C. § 2001 also provides for a private sale process under subsection (b), but the requirements of that subsection are more stringent. The Receiver does not propose a private sale here.

Beginning in April 2020, Broker marketed the Camino Degrazia Property by listing it on the local Multiple Listing Service ("MLS") and its website. ECF No. 501-1 at 5. It also appeared on Realtor.com, Redfin, Zillow, and Trulia. *Id.* Due to a lack of interest, the Receiver and Broker agreed to reduce the list price until it reached a range of $450,000 to $475,000. *Id.* Broker showed the property to dozens of interested parties and complied with the Covid-19 pandemic-related mandate of utilizing 3D marketing and socially-distanced property tours. *Id.* Ultimately, they received four offers. *Id.* The Receiver negotiated terms with the prospective buyers and, on October 12, 2020, the Camino Degrazia Property went into escrow with a purchase price of $450,000 and a $5,000 credit to buyer, Dani J. Harrelson ("Buyer"). *Id.* at 5-6.

The Receiver and Buyer executed a California Residential Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), along with an Addendum making court approval of the sale a condition of closing and providing for the overbid and auction process required by 28 U.S.C. §§ 2001 and 2002. ECF No. 501-3. Buyer agreed that the sale would be as-is, removed all contingencies other than Court approval, and deposited $8,750 into escrow. *Id.* at 3. Buyer intends to finance the property with a Veteran's Administration loan.

**B. Proposed Procedures and Distribution**

In the motion seeking approval of the sale, the Receiver proposed compliance with the overbid and auction process mandated by 28 U.S.C. §§ 2001 and 2002 by publishing the following notice in the San Diego Union-Tribune once a week for four weeks:

> In the action pending in U.S. District Court for the Southern District of California, Case No. 19-CV-01628-LAB-AHG, Securities and Exchange Commission v. Gina Champion-Cain, et al., notice is hereby given that the court-appointed receiver will conduct a public auction for the real property located at 7243 Camino Degrazia in San Diego County, California. Sale is subject to Court confirmation after the auction is held. Minimum bid price is at least $455,000. The auction will take place on December 4, 2020 at 1:30 p.m. in front of the entrance to the United States Courthouse, 221 W. Broadway, San Diego, California or as otherwise determined by the Court. To be allowed to participate in the auction, prospective purchasers must meet

certain bid qualification requirements, including submitted a signed purchase and sale agreement, an earnest money deposit of $9,625, and proof of funds. All bidders must be qualified by 5:00 p.m. PT on November 30, 2020, by submitting the required materials to the receiver at 501 West Broadway, Suite 290, San Diego, California, 92101.
</blockquote>

ECF No. 501-1 at 11. For those interested in qualifying as bidders, the notice also provided a phone number and email address for the relevant point of contact. *Id.*

As previously noted, the Receiver filed a Notice of Non-Receipt of Qualified Overbids Regarding the Camino Degrazia Motion on December 1, 2020. ECF No. 513. In the Notice, the Receiver informs the Court that, after filing the Camino Degrazia Motion, and in addition to publishing the above notice in the San Diego Union-Tribune as proposed, she posted notice of the Motion on the receivership website (anireceivership.com) and continued to market the property through Broker and notify potential purchasers about the opportunity to submit an overbid by November 30, 2020. *Id.* at 2. No overbids were submitted by the deadline. *Id.* Therefore, Dani J. Harrelson remains the intended Buyer.

The Camino Degrazia Property was one of four properties in the receivership estate encumbered by a deed of trust in favor of Seattle Funding Group (the "SFG loan"). ECF No. 501-1 at 6. With the sale of the Bella Pacific property and the anticipated closing of the 7940 University Avenue property (the sale of which the Court previously approved (ECF No. 508)), the balance of the SFG loan will be reduced to about $393,650. *Id.* For the Camino Degrazia Property, the lender has agreed to a release price of 85% of the sale price ($382,500). *Id.* Assuming the University Avenue and Camino Degrazia properties close as expected, only $11,150 will remain due to SFG on the remaining receivership asset encumbered by the loan. *Id.*

The Receiver estimates that, if the sale closes in December (after December 10, 2020), there will be a small credit to the seller at closing for property taxes. *Id.* The costs of sale including escrow, title, and recording fees will be approximately $2,250 and the commission due to Broker under the listing agreement is 4% of the sale price, or $18,000, which amount will be split with Buyer's broker. *Id.*

6

3:19-cv-1628-LAB-AHG

Based on these costs and estimates, the Receiver expects that the net sale proceeds for the receivership estate will be in the range of $37,000 to $42,000. *Id.*

### C. Court Approval of Procedures and Proposed Sale

The Court has reviewed the documents submitted by the Receiver in support of the Camino Degrazia Motion, including the Purchase Agreement, and finds the purchase price of $450,000 to be fair and reasonable. Though the sale price (taking into account the $5,000 credit) is $15,000 less than what the property was purchased for just over a year ago, the Court cannot find fault with Broker's efforts to market the property. Broker listed the Camino Degrazia Property well above the purchase price, but the property did not garner any buyer interest at that price point. ECF No. 501-1 at 5. Broker further marketed the property on multiple platforms for six months, coordinated dozens of showings, and finally obtained four offers once the price was reduced to a range that sparked buyer interest. *Id.* Likewise, the Receiver appears to have negotiated terms effectively and obtained other valuable concessions, such as sale of the property "as is with all faults," removal of all contingencies except Court approval, and making the sale subject to the requisite public notice and auction process of 28 U.S.C. §§ 2001 and 2002. *See* ECF No. 501-3 at 14-20. The proposed total commission of 4% of the gross sales price, to be split by Broker and the broker for the Buyer, is within the low to average range of industry standards and, thus, acceptable to the Court. And, importantly, the sale of the Camino Degrazia Property brings the receivership estate very close to paying off the SFG loan in full, which will reduce the ongoing monthly expenses of the receivership estate and thus aid the Receiver in ultimately creating a better return for all creditors.

As for the procedures followed, the Court finds that all of its uniform property sale procedures have been satisfied. *See* ECF No. 219. The Receiver's publication of notice seeking qualified overbids in the San Diego Union-Tribune, in addition to the solicitation of overbids through the receivership website and continued efforts to market the property, establish that the Receiver satisfied the public sale and auction procedures set forth in 28 U.S.C. §§ 2001 and 2002, which are designed to ensure that the best purchase price for

realty within the receivership is obtained. Upon review of the factual history and the Purchase Agreement itself, the Court finds that the Receiver negotiated the best deal for the receivership estate and verified Buyer's ability to complete the transaction. Further, the Receiver provided the Court with a detailed breakdown of the proposed distributions from the sale proceeds, as required. The Court thus is satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled.

Based on these considerations, and noting in particular the lack of any opposition to the Camino Degrazia Motion, the Court finds the Receiver has sufficiently established that the proposed sale of the Camino Degrazia Property and proposed distribution of the sale proceeds are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

## IV. CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of 7243 Camino Degrazia Property (ECF No. 501) on its merits and noting that there is no opposition thereto, the Court **GRANTS** the Motion, and **APPROVES** the proposed sale of the condominium located at 7243 Camino Degrazia, Unit 59, San Diego, California 92111 to Buyer Dani J. Harrelson, as described in the Purchase Agreement attached as Exhibit A to the Declaration of the Receiver (ECF No. 501-3). The purchase price of $450,000, with a $5,000 buyer credit, for the Camino Degrazia Property is confirmed and approved.

The Court **ORDERS** the proceeds of the sale to be distributed from escrow at the close of sale as follows:

(1) The Receiver shall pay lender Seattle Funding Group the amount necessary to have the Deed of Trust on the Property in favor of Seattle Funding Group reconveyed and released from the Property, which amount is estimated to be approximately $382,500 to $387,500 (with the exact amount to be determined at closing);

1  (2) The Receiver shall pay the property taxes due from the seller at closing, if any (with the exact amount to be determined at closing);

(3) The Receiver shall pay broker Resonate Real Estate a commission of $18,000 (4% of the sale price), which amount will be split with Buyer's broker in a fashion consistent with the listing agreement and the description in the Camino Degrazia Motion;

(4) The Receiver shall pay the seller's share of the costs of sale, including escrow, title, and recording fees, which are anticipated to be approximately $2,250; and

(5) The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so, with the remaining sale proceeds—which are estimated to be in the range of $37,000 to $42,000[2] (with the exact amount to be determined at closing)—going to the receivership estate.

**IT IS FURTHER ORDERED** that after closing, the Receiver shall provide a full accounting of sale costs, property tax credits received and/or property taxes paid, the precise release price paid to Seattle Funding Group, and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated: December 11, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Because the Court understands that numerous contingencies (e.g., the interest due on the loans, the amount of property taxes owed, etc.) may affect the net sale proceeds of this particular sale, the Court approves the distribution of the net sale proceeds to the receivership estate even if the final amount is outside of this range.