UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>　　　　　　　　　　Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>　　　　　　　　　　Relief Defendant. | Case No.: 3:19-cv-1628-LAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO APPROVE SALE OF 140 KELLER STREET PROPERTY TO WINNING BIDDER; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION FOR APPROVAL OF SALE OF 140 KELLER STREET PROPERTY**<br><br>**[ECF Nos. 615, 643]** |

## I.　BACKGROUND

As described in prior orders, *see, e.g.*, ECF Nos. 54, 162, 163, this is an action brought by the Securities and Exchange Commission ("SEC") against Defendants ANI Development, LLC ("ANI Development") and Gina Champion-Cain and Relief Defendant American National Investments, Inc. ("ANI Inc."), alleging violations of federal securities laws based on a purportedly fraudulent liquor license loan scheme. ECF No. 1.

On September 3, 2019, the Court established an equitable receivership and appointed Krista L. Freitag ("Receiver") as the receiver of ANI Development and ANI Inc., authorizing her to take control over all funds and assets owned, managed, or in the possession or control of the receivership entities. *See* ECF No. 6 at 14-16. In that role, the Receiver acts under the control and direction of the Court to facilitate the "orderly and efficient administration of the estate . . . for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *See also Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370 (1908) (explaining that a motion to appoint a receiver to take charge of property is "to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. . . . Immediately upon such appointment and after the qualification of the receiver, the property [within the equitable receivership] passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer [], the receiver.").

On December 11, 2019, the presiding judge in this action, Chief Judge Burns, granted the parties' Joint Motion (ECF No. 156) to give limited consent to the undersigned to hear and directly decide all motions filed in this action to approve sales of receivership assets. ECF No. 160. *See also* 28 U.S.C. § 636(c); CivLR 72.1(g). All property sale motions are set before the undersigned pursuant to that grant of consent.

Pursuant to 28 U.S.C. § 2001(a), realty in the possession of an appointed receiver is subject to a public sale process, "upon such terms and conditions as the court directs." 28 U.S.C. § 2002 further requires that notice be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district where the realty is located. The purpose of such notice "is to inform the public of the kind and condition of the property to be sold, the time, the place, and the terms of the sale. It is to secure bidders and prevent the sacrifice of the property." *Breeding Motor Freight Lines v. R.F.C.*, 172 F.2d 416, 422 (10th Cir. 1949). Therefore, the safeguards of notice and opportunity to submit overbids help to ensure that the sale is able to fetch the best price possible, which is consistent with the principle that

"a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. *See also United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (noting that "the intent of" the requirement in 28 U.S.C. § 2001 that property be sold in the county in which the land is situated is "to bring a better price at the sale").

The Receiver filed a Motion for Approval of Sale of 140 Keller Street Property (the "140 Keller Street Motion") on March 9, 2021. ECF No. 615. The motion concerns one of the real properties within the receivership estate, an approximately 10,000 square foot office/co-work center located at 140 Keller Street, Petaluma, California 94952, APN #006-363-025 Parcel I (the "140 Keller Street Property"). *See* ECF No. 615-1 at 2; ECF No. 76-2 at 5 (listing the 140 Keller Street Property in the Preliminary Real Estate and Liquor License Asset Schedule filed on October 3, 2019).

At the time the motion was filed, the intended buyer of the 140 Keller Street Property was Cara Recine and Anthony Sanchez, and the intended sale price was $2,040,000. ECF No 615-1 at 3, 4. In the motion, the Receiver proposed compliance with 28 U.S.C. §§ 2001 and 2002 by publishing notice once a week for four weeks in the Santa Rosa Press Democrat, a newspaper of general circulation in Sonoma County, of a public auction for the property on April 5, 2021. *Id.* at 8. Potential bidders were invited to qualify for the auction by submitting a signed purchase and sale agreement, an earnest money deposit of $66,000, and proof of funds by March 29, 2021. *Id.*

The Court set a deadline of March 24, 2021 to file any response in opposition to the 140 Keller Street Motion, and ordered the Receiver to file a notice of non-receipt of overbids if no qualified overbids were received by March 29, 2021. ECF No. 618. No opposition to the 140 Keller Street Motion was filed. However, on March 31, 2021, the Receiver filed a Notice of Receipt of Qualified Overbids, reporting that two qualified overbids were received for the 140 Keller Street Property. ECF No. 631. The Receiver, through her broker, obtained the consent of the original buyer and each of the qualified overbidders to conduct the live auction via Zoom call on April 5, 2021. *Id.*

On April 12, 2021, the Receiver filed a Notice of Results of Auction for 140 Keller Street Property and Request to Approve Sale to Winning Bidder. ECF No. 643 ("Notice of Results"). In the Notice of Results, the Receiver requests that the Court approve the sale of the 140 Keller Street Property to the winning bidder, 140 Keller Street, LLC (an Ohio limited liability company) ("Winning Bidder"), and also to approve the sale of the property to the back-up bidder (and original intended buyer) Cara Recine and Anthony Sanchez ("Back-Up Bidder") in the event the Winning Bidder does not close the sale for any reason. *Id.* at 2-3. The Winning Bidder submitted a bid of $2,600,000 for the property, while the Back-Up Bidder submitted the second-highest bid of $2,525,000. *Id.* Other than approval of the sale to the Winning Bidder (and the Back-Up Bidder if the sale falls through) at a new sale price, all other relief requested in the 140 Keller Street Motion remains the same. *Id.* at 3. That relief includes but is not limited to granting the Receiver the authority to (1) pay off the mortgage on the property in favor of Seattle Funding Group, (2) pay Adam Lewis Construction for work done on the 132 and 140 Keller Street properties prior to the Receiver's appointment, and subject to a mechanic's lien recorded after the Receiver's appointment, and (3) pay the costs of sale, all from the sale proceeds.

Being fully advised and noting the lack of opposition to the 140 Keller Street Motion, the Court will **GRANT** (1) the request to approve the sale of the 140 Keller Street Property to the Winning Bidder; (2) the request to approve the sale of the 140 Keller Street Property to the Back-Up Bidder if the Winning Bidder does not close the sale for any reason; and (3) all relief requested in the 140 Keller Street Motion, other than the request to approve the sale to the former buyer at the sale price of $2,040,000. That portion of the 140 Keller Street Motion will be **DENIED**.

## II.  LEGAL STANDARD

"[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). Where a district court sits in equity, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts

the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. As part of this broad discretion, the district court sitting in equity and having custody and control of property "has power to order a sale of the same in its discretion. The power of sale necessarily follows the power to take control of and to preserve property[.]" *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992)). If the court approves an equitable receiver's proposed property sale, the sale "does not . . . purport to convey 'legal' title, but rather 'good,' equitable title enforced by an injunction against suit." *Id.* (citing 2 Clark, Treatise on Law & Practice of Receivers, §§ 342, 344, 482(a), 487, 489, 491).

### III.  DISCUSSION

#### A. Background of the Property and Proposed Sale

As discussed in the Court's prior order granting the sale of the adjoining 132 Keller Street property (ECF No. 166), both the 132 and 140 Keller Street Property were purchased for $2.9 million on November 2, 2015 by receivership entity 132 & 140 Keller Street, LLC. ECF No. 615-1 at 2. *See also* ECF No. 6 at 4 (the Court's Appointment Order, listing 132 & 140 Keller Street, LLC as one of the receivership entities). At the time of purchase, the 132 & 140 Keller Street property was only one lot with two buildings on it: the 132 Keller Street restaurant property, and the co-working office space at 140 Keller Street. ECF No. 615-1 at 2. The lot with the two buildings was split into two lots after purchase. *Id.* Following the Receiver's appointment in September 2019, the 132 Keller Street property (which had already ceased operations prior to the receivership) was sold upon Court

1 approval. *See* ECF No. 166. The co-working office space at 140 Keller Street continued to operate, and has operated throughout the receivership. ECF No. 615-1 at 2.

Following her appointment, the Receiver and her staff analyzed the value of both the 132 and 140 Keller Street properties by conducting a review of automated valuation scores for the property and a survey of the market comparable properties. *Id.* After selling the 132 Keller Street property with Court approval, the Receiver and her staff then consulted with multiple licensed brokers about the terms of a potential listing agreement for the 140 Keller Street Property, ultimately selecting Keegan & Coppin Co., Inc. ("Broker") to list the property for sale at a list price of $2.5 million in October 2019. *Id.* at 2-3. As she did with many of the restaurant properties in the receivership, the Receiver had the broker set up a due diligence platform and issued a March 31, 2020 call-for-offers deadline for prospective buyers. *Id.* at 3. However, interest in the property quickly dwindled due to the COVID-19 pandemic, and the Receiver gradually reduced the list price to $2 million. *Id.* In December 2020, the original buyer and Back-Up Bidder Cara Recine and Anthony Sanchez made an offer of $2,050,000. *Id.* Through Broker, the Receiver negotiated terms with Back-Up Bidder, ultimately leading to the property going into escrow in December 2020, with Back-Up Bidder to pay the original purchase price of $2,040,000.[1] *Id.*

As previously noted, however, pursuant to 28 U.S.C. §§ 2001 and 2002, the Receiver published notice in the Santa Rosa Press Democrat of a public auction for the property. and received two qualified overbids. *Id.* at 8; *see also* ECF Nos. 631, 643. Based on the results of the auction, the high bidder and current Buyer is 140 Keller Street, LLC, with a bid of $2,600,000. If the sale with Buyer falls through for any reason, the property will be sold to Back-Up Bidder for $2,525,000. ECF No. 643.

Both the Winning Bidder and Back-Up Bidder have executed a Form Purchase and Sale Agreement and Joint Escrow Instructions ("Form PSA"), and each of them also

---

[1] The Receiver agreed to a $10,000 reduction in the purchase price due to deferred maintenance on the HVAC system for the building. ECF No. 615-1 at 3.

provided an earnest money deposit of $66,000 (Buyer) and $60,000 (Back-Up Bidder). *See* ECF Nos. 643-1; 643-2. Pursuant to §§ 2.2(a) and 15.4 of the Form PSAs, the earnest money deposit is non-refundable to Winning Bidder, and will only be returned to Back-Up Bidder after the closing for the sale of the property to Winning Bidder occurs. After the auction, on April 7 and April 9, 2021, respectively, both Winning Bidder and Back-Up Bidder executed amendments to their respective Form PSAs with the Receiver, which, among other terms, amend the purchase price in the Form PSAs to correspond with their bids. ECF No. 643-1 at 56-58; ECF No. 643-2 at 56-59.

### B. Proposed Procedures and Distribution

The 140 Keller Street Property is encumbered by a mortgage in favor of Seattle Funding Group ("SFG"), with a principal balance due on the interest-only loan of $1,101,183.42. ECF No. 615-1 at 3. The Receiver intends to use the proceeds of the sale of the property to pay off the mortgage, and estimates that an additional amount of approximately $8,500 will be owing at the time of closing. *Id.*

In addition, and as discussed at length in the Court's prior order approving the sale of the 132 Keller Street property (ECF No. 166 at 7-20), the 140 Keller Street Property is also encumbered by a mechanic's lien in favor of Adam Lewis Construction ("ALC"), a contractor who performed work on the 132 and 140 Keller Street properties, and who recorded the lien after the creation of the receivership. Although the Receiver disputed the validity of the lien due to the timing of its recording, the Court determined that it had the authority to approve the sale of 132 Keller Street property free and clear of the lien regardless of its validity, but directed the Receiver to include a proposed distribution of the sale proceeds of 140 Keller Street to pay the mechanic's lien. *Id.* at 18-21. The Receiver has done so in the 140 Keller Street Motion, proposing that $82,527.17 of the sale proceeds go to pay off the ALC lien. ECF No. 615-1 at 3-4.

The Receiver estimates that costs of sale including escrow, title and recording fees will be approximately $15,000. *Id.* The Broker's fee pursuant to the listing agreement is 4% of the sale price, or $81,600. *Id.* Based on these estimates, the Receiver estimated in

the 140 Keller Street Motion that the net sale proceeds for the receivership estate will be in the range of $752,000 to $762,000. *Id.* at 4.

In light of the substantially higher winning bid ($2,600,000) and back-up bid ($2,525,000) compared to the formerly agreed-upon purchase price of $2,040,000, however, the Court assumes an adjusted Broker's fee in the range of $101,000 to $104,000, and a resultant adjusted estimate of net sale proceeds for the receivership estate in the range of $1.21 million to $1.3 million. Upon inquiry from the Court, counsel for the Receiver has confirmed an updated estimated net sale proceed amount of $1.285 – 1.295 million will be returned to the estate. Counsel has also confirmed that the second installment of property taxes due on April 10, 2021 has now been paid, which will result in a small credit to the receivership estate for property taxes, consistent with the Receiver's estimate in the 140 Keller Street Motion that the property tax reimbursement due to seller at closing will be in the range of $1,900 to $3,800. *Id.* at 3.

### C. Court Approval of the Proposed Procedures and Sale

The Court has reviewed the documents submitted by the Receiver in support of the 140 Keller Street Motion, as well as the Notice of Results and request to approve the sale to Winning Bidder, or to Back-Up Bidder if Winning Bidder does not close the sale for any reason. The Court finds that both the winning bid and the back-up bid are fair, reasonable, and will represent a strong return of proceeds to the receivership estate. Coupled with the $1.8 million purchase price obtained for the 132 Keller Street property (*see* ECF No. 166), both bids exceed the November 2015 $2.9 million purchase price of both properties by more than $1.4 million. Despite the pandemic's devastating effect on interest from prospective buyers, the Receiver continued marketing the property for more than eight months after the initial call-for-offers deadline, before reducing the original list price and accepting the offer of $2,040,000 from the previous intended buyer. Even then, the Receiver continued to market the property, and successfully secured two overbids well above that purchase price. Additionally, Broker's proposed commission of 4% of sale price is consistent with industry standards.

Moreover, the Receiver's publication of notice seeking qualified overbids in the Santa Rosa Press Democrat, in addition to the solicitation of overbids and holding of a public auction, establish that the Receiver fully satisfied the requirements for the public sale procedures set forth in 28 U.S.C. §§ 2001(a) and 2002, which are designed to ensure the best price for real property is obtained. The Court is convinced that the carrying out of the notice and auction process alone suffices to show that the Receiver has secured the best and highest price for the 140 Keller Street Property, whether the sale closes with either Winning Bidder with a sale price of $2.6 million or Back-Up Bidder with a sale price of $2.525 million. The Court is thus satisfied that the intent of the statutory scheme—to ensure that the best and highest possible price is paid for property within the receivership estate—has been fulfilled. Even taking into account the need to pay off the loan on the property from the sale proceeds, the anticipated return to the receivership estate is substantial.

Based on these considerations, and noting the lack of any opposition to the motion, the Court finds the Receiver has established that the proposed sale of the 140 Keller Street Property and proposed distribution of the sale proceeds, whether the sale closes with Winning Bidder or Back-Up Bidder, are consistent with principles of equity and the goal of a receivership to ensure the orderly and efficient administration of the estate for the benefit of creditors. *See Hardy*, 803 F.2d at 1038.

## IV. CONCLUSION

Having considered the Receiver's Motion for Approval of Sale of 140 Keller Street Property (ECF No. 615), as modified by the Receiver's Notice of Results of Auction for 140 Keller Street Property and Request to Approve Sale to Winning Bidder (ECF No. 643), the Court **GRANTS IN PART** and **DENIES IN PART** the 140 Keller Street Motion (ECF No. 615). Specifically, the Court **GRANTS** all relief requested therein, other than the approval of the sale to the former intended buyer at the former purchase price. The Court **GRANTS** the Receiver's request to approve the sale of the 140 Keller Street Property to Winning Bidder at the winning bid price of $2,600,000. If Winning Bidder does not close

the sale for any reason, the Court further **APPROVES** the sale of the 140 Keller Street Property to Back-Up Bidder at the sale price of $2,525,000.

Accordingly, it is **ORDERED** as follows:

(1)     The sale of property located at 140 Keller Street, Petaluma, California 94952, as described in Exhibit A of the Purchase and Sale Agreement and Joint Escrow Instructions (including the Amendment thereto) attached as Exhibit A to the Notice of Results of Auction of 140 Keller Street Property and Request to Approve Sale to Winning Bidder (ECF No. 643-1 at 37), by Krista L. Freitag, as receiver, to 140 Keller Street, LLC or its designee ("Winning Bidder") is confirmed and approved;

(2)     The purchase price of $2,600,000, to be paid by Winning Bidder for the 140 Keller Street Property, is confirmed and approved;

(3)     The Receiver is authorized to pay Adam Lewis Construction the amount of $82,587.17 from the sale proceeds;

(4)     The Receiver is authorized to pay Seattle Funding Group from the sale proceeds the amount necessary to pay off the mortgage on the 140 Keller Street Property, which is estimated to be approximately $1,101,183.42 (with the exact amount to be determined at closing);

(5)     The Receiver is authorized to pay any property taxes due on the property or, as is more likely, to collect the small property tax credit anticipated to be due to seller at closing (with the exact amount to be determined at closing), which amount will be returned to the receivership estate;

(6)     The Receiver is authorized to pay the costs for title, escrow, and recording, which are estimated to be $15,000 (with the exact amount to be determined at closing);

(7)     The Receiver is authorized to pay Broker Keegan & Coppin Co., Inc. a commission of 4% of the sale price;

(8)     After the aforementioned estimated amounts are paid, the net sale proceeds, which are estimated to be approximately $1.285 million to $1.295 million (with the exact amount to be determined at closing), shall be paid to the receivership estate;

(9)     The Receiver is immediately authorized to complete the sale transaction, including executing any and all documents as may be necessary and appropriate to do so; and

(10)    ***If and only if*** Winning Bidder fails to close the sale transaction pursuant to the Purchase and Sale Agreement and Joint Escrow Instructions (including the Amendment thereto) attached to the Notice of Results of Auction as Exhibit A (ECF No. 643-1), then the sale of the 140 Keller Street Property by the Receiver to Cara Recine and Anthony Sanchez, or their designee ("Back-Up Bidder") pursuant to the Purchase and Sale Agreement and Joint Escrow Instructions (including the Amendment thereto) attached to the Notice of Results of Auction as Exhibit B (ECF No. 643-2) for $2,525,000 is approved, the Receiver is authorized to make the payments from escrow described above, and the Receiver is authorized to complete the sale to Back-up Bidder (or his designee), including executing any and all documents as may be necessary and appropriate to do so.

After closing, the Receiver shall provide a full accounting of sale costs, the precise amount used to pay off the SFG mortgage, property taxes paid (if any), and the amount ultimately returned to the receivership estate from the sale proceeds.

**IT IS SO ORDERED.**

Dated:  April 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge