1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11  SECURITIES AND EXCHANGE            Case No.:  3:19-cv-1628-LAB-AHG
    COMMISSION,
12                                     **ORDER GRANTING JOINT**
                          Plaintiff,   **MOTION TO DEPOSE GINA**
13                                     **CHAMPION-CAIN**
    v.
14                                     **[ECF No. 734]**
    GINA CHAMPION-CAIN AND ANI
15  DEVELOPMENT, LLC,
16                        Defendants, and
17

18
    AMERICAN NATIONAL
19  INVESTMENTS, INC.,
20                      Relief Defendant.
21
22
23
24
25
26
27
28

1

Before the Court is the parties' Joint Motion Regarding Deposition of Federal Inmate Gina Champion-Cain ("Joint Motion"). ECF No. 734. Ms. Champion-Cain is a Defendant in this federal receivership action stemming from a fraudulent liquor license loan scheme that she orchestrated. On March 31, 2021, Defendant Champion-Cain was sentenced to 15 years in federal prison in connection with the scheme, and she is currently serving her sentence at the Federal Correctional Institution in Dublin, California. *See United States v. Champion-Cain*, No. 3:20-cr-02115-LAB (S.D. Cal.); ECF No. 734 at 2.

After the Securities and Exchange Commission ("SEC") instituted this action on August 28, 2019, the Court granted the SEC's Motion for Preliminary Injunction and appointed Krista Freitag ("Receiver") as the permanent receiver of Defendant ANI Development and Relief Defendant American National Investments, Inc., and their subsidiaries and affiliates. ECF Nos. 1, 2, 6. Additionally, the liquor license scheme spurred a number of related actions in the Superior Court for the County of San Diego California ("State Court Litigations"). The defendants in the State Court Litigations include Chicago Title Company ("CTC"), Chicago Title Insurance Company ("CTIC"), and certain current or former employees of Chicago Title Company (collectively, the "CT Defendants"). The Receiver is currently seeking authority from this Court to bring suit against CTC and CTIC. *See* ECF No. 703. There are also upwards of a dozen related federal actions in this Court brought by the Receiver to recoup funds from defendants who are alleged to be net "winners" in the scheme ("Federal Court Litigations").

The parties to the Joint Motion include (1) the Receiver; (2) counsel for plaintiffs in the State Court Litigations; (3) counsel for the CT Defendants; and (4) counsel for Kim Peterson and related entities, who are plaintiffs, defendants, and cross-defendants in the State Court Litigations and defendants in one of the Federal Court Litigations, *Freitag v. Peterson et al.*, Case No. 3:21-cv-01620-LAB-AHG (S.D. Cal.). Because Champion-Cain is a party to some of the State Court Litigations and a critical witness to all of the pending actions discussed herein, the parties to the Joint Motion seek to depose her in connection with both the State Court Litigations and Federal Court Litigations.

Upon due consideration of the parties' stipulation pursuant to Southern District of California Local Rule 7.2, and pursuant to Fed. R. Civ. P. 30(a)(2)(B),[1] the Court **GRANTS** the Joint Motion, and orders as follows:

1.    There exists a substantial federal interest in the parties to the Joint Motion obtaining testimony from Ms. Champion-Cain in connection with the State Court Litigations and the various Federal Court Litigations.

2.    Ms. Champion-Cain's testimony is both relevant and necessary to the State Court Litigations and to the Federal Court Litigations.

3.    The Federal Bureau of Prisons shall make Ms. Champion-Cain available for depositions in the State Court Litigations and the Federal Court Litigations, respectively, by the undersigned parties in accordance with this Order.

4.    Ms. Champion-Cain shall be made available for depositions in the State Court Litigations and the Federal Court Litigations for no less than three (3) non-consecutive days, the first to occur no later than January 21, 2022, the second to occur no later than February 28, 2022, and the third to occur no later than March 31, 2022, all of which are to be scheduled in a cooperative and good faith manner by the parties to this Joint Motion consistent with this Order.

5.    The deposition time on each day shall be allocated between the parties in the State Court Litigations and the parties in the Federal Court Litigations as set forth in

---

[1] In the Joint Motion, the parties refer to the authority of the Court to grant a writ of habeas corpus *ad testificandum* pursuant to 28 U.S.C. § 2241(c)(5). However, § 2241(c)(5) writs are typically used to order the production of an incarcerated person to be transferred to the custody of the U.S. Marshal Service in order to appear in court (e.g., as a witness in trial or at an in-person settlement conference), and to be returned to the prisoner's place of incarceration after the court-ordered appearance is complete. Because the parties do not anticipate that Ms. Champion-Cain will be released from incarceration to accomplish her deposition, the Court will not issue a writ of habeas corpus *ad testificandum*. Instead, the Court orders her deposition pursuant to the Federal Rules of Civil Procedure, which permit depositions of persons who are confined in prison with leave of Court. *See* Fed. R. Civ. P. 30(a)(2)(B).

paragraph 6. The parties have stipulated in their joint motion that the testimony obtained by the parties to the depositions may be used in both the State Court Litigations and the Federal Court Litigations. The parties shall not cede their allocated time to another party, and if the Receiver and the Peterson Parties do not use their full time allotment on any given day, any remaining time shall be split evenly between the Plaintiffs and the CT Defendants.

6.    The total on-the-record deposition time of not less than 18 hours shall be allocated between the undersigned parties as follows:

        A.    Day 1: Plaintiffs (3.0) and CT Defendants (3.0);

        B:    Day 2: Receiver (2.5) / Peterson Parties (2.0), and CT Defendants (1.5);

        C.    Day 3: Plaintiffs (2.5); Receiver (1.0); CT Defendants (2.5); and

        D.    If an additional day is agreed to by the parties or ordered by this Court, and the Bureau of Prisons agrees: the Receiver (1.5) Peterson Parties (1.5), Plaintiffs (1.5) and CT Defendants (1.5)

7.    On the respective deposition dates, and subject to the policies and the discretion of the Bureau of Prisons, Ms. Champion-Cain shall be available from 8:00 a.m. to 3:00 p.m., Pacific Time, with reasonable time allotted for rest and lunch breaks.  If circumstances result in a party having less than their allotted time on one day, the time in later days shall be equitably adjusted as is reasonably possible.

8.    Any further scheduling and logistical issues within the above guidelines will be left to the discretion of the Bureau of Prisons.

9.    Additionally, pursuant to Fed. R. Civ. P. 30(b)(4), the Court **ORDERS** that Ms. Champion-Cain's deposition may be taken by remote means. In light of the ongoing COVID-19 pandemic, the Court further **WAIVES** the requirement of Fed. R. Civ. P. 30(c)(1), and will permit the Court Reporter recording the depositions to do so remotely. The Parties are **ORDERED** to confer with the Bureau of Prisons to, if necessary, provide secure computers and other equipment within parameters defined by the Bureau of Prisons to facilitate a remote deposition.

10.     This Order granting the parties' Joint Motion, and the taking of the deposition of Ms. Champion-Cain provided for herein, shall in no way affect the rights of any party to request further depositions of Ms. Champion-Cain, and shall not be construed or determined to be an exercise, use, or waiver of any such rights to take such depositions.

**IT IS SO ORDERED.**

Dated:  December 13, 2021

Honorable Allison H. Goddard
United States Magistrate Judge