UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>GINA CHAMPION-CAIN and ANI DEVELOPMENT, LLC,<br><br>          Defendants,<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>          Relief Defendant. | Case No. 3:19-cv-01628-LAB-AHG<br><br>**ORDER VACATING HEARING AND APPROVING SETTLEMENT OF PENDING LITIGATION IN FLORIDA [Dkt. 736]** |

The Court having considered the motion of Krista Freitag ("Receiver"), the Court-appointed permanent receiver for Defendant ANI Development, LLC, Relief Defendant American National Investments, Inc., and their subsidiaries and affiliates (the "Receivership Entities") for an order approving the settlement agreement and the settlement (the "Settlement") of the pending litigation in Florida, (the "Motion," Dkt. 736), finds the Motion appropriate for resolution without oral argument and **VACATES** the hearing currently set for Tuesday, January 18, at 11:30 a.m. For the reasons discussed below, the Court **GRANTS** the Motion and **APPROVES** the Settlement.

In considering whether to approve a settlement, the Court must evaluate whether the compromise is "fair and equitable," taking into consideration the probability of success in litigation, any difficulties that may be encountered in collection, the complexity of the litigation, the expense, inconvenience, and delay necessarily attending, and the interest of the receivership entities' creditors and their reasonable views. *See In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988) (considerations for evaluating settlement in bankruptcy context); *see also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (bankruptcy law "analogous" and therefore persuasive in administration of receivership estates). Considering these factors, the Court finds good cause to approve the settlement.

In particular, the Court finds the recovery of $100,000 reasonable, despite the claimed direct damages of $600,000 and consequential damages of $6.7 million. After the parties were referred to non-binding arbitration, the arbitrator awarded no recovery to the relevant Receivership Entity, Westlink Development Company, LLC. This adverse result, even if the arbitrator applied (as the Receiver argues) an incorrect standard of proof, indicates the difficulty Westlink faces in proving its claims. Moreover, it creates a risk under Florida's applicable fee-shifting statutes that Westlink will be liable for arbitration costs, court costs, reasonable attorneys' fees, and other reasonable costs should it object to the arbitration award and not prevail at trial. Florida Stat. § 44.103(6). The risk of non-recovery, plus the attendant risk that the Westlink would then be liable for fees and costs, substantially reduces the expected recovery in the Florida litigation. A settlement awarding Westlink $100,000 is reasonable under these circumstances.

The Court finds good cause to approve the Settlement, so the Motion is
///
///
///
///

1  **GRANTED**. The Settlement Agreement, a copy of which is attached as Exhibit A to
2  the Declaration of Krista Freitag in support of the Motion, is **APPROVED**.

4       **IT IS SO ORDERED.**

6  Dated: January 13, 2022

                                           Hon. Larry A. Burns
                                           United States District Judge