UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GINA CHAMPION-CAIN and ANI DEVELOPMENT, LLC,<br><br>    Defendants,<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>    Relief Defendant. | Case No. 3:19-cv-01628-LAB-AHG<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM ORDER ENJOINING SUIT AGAINST RECEIVERSHIP ENTITIES [Dkt. 741]** |

In this receivership action, the Court previously exercised its equitable power to enjoin suit against Defendant ANI Development, LLC ("ANI"), Relief Defendant American National Investments, Inc., and their subsidiaries and affiliates (the "Receivership Entities"). (Dkt. 6). While the receivership action progressed, several investors filed suit (the "Investor Actions") against non-party Chicago Title Company ("CTC"), alleging that CTC conspired with the Receivership Entities' principal, Gina Champion-Cain, to misappropriate funds invested in the those Entities. Subsequently, Receiver Krista Freitag

(the "Receiver") sought and received the Court's authorization to sue CTC in state court.

CTC believes it has meritorious crossclaims against ANI in the Investor Actions and asks the Court to permit it to join ANI as a defendant to those actions and to file claims against ANI. The Court issued its injunction preventing CTC from filing suit to permit the Receiver time to organize and understand the Receivership Entities sufficiently to engage in litigation against CTC. That purpose has been fulfilled as to the claims CTC seeks to bring, so injunctive relief is no longer necessary to prevent those claims from moving forward.

Courts may stay litigation against entities in receivership for as long as "necessary to achieve the purposes of the receivership." *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) ("*Wencke I*"). Such stays afford receivers the opportunity "to organize and understand the entities under [their] control" unimpeded by the exigencies of litigation. *Id.* at 1373–74. Three factors bear on the question of whether to except an applicant from a blanket stay: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) ("*Wencke II*") (interpreting *Wencke I*). This test "simply requires the district court to balance the interests of the Receiver and the moving party." *S.E.C. v. Universal Financial*, 760 F.2d 1034, 1038 (9th Cir. 1985) (citing *Wencke I*).

The question of timing is paramount: "[t]he issue is . . . *when* during the course of a receivership a stay should be lifted . . ., *not* whether the stay should be lifted *at all*." *Wencke II*, 742 F.2d at 1231 (emphasis in original). That time has come for CTC's claims. The stay has been in place for twenty-seven

months, during which time the Receiver completed her forensic accounting, (Dkt. 659), "monetized or otherwise resolved" "nearly all real and personal property assets of the Receivership Entities," (Dkt. 699 at 5), and filed numerous lawsuits on behalf of the Receivership Entities, including a suit against CTC itself. *See, e.g., Freitag v. Merit Financial*, Case No. 21-cv-1633 (S.D. Cal.); *Freitag v. Lulis*, Case No. 21-cv-1715 (S.D. Cal.); *Freitag v. Potter*, 21-cv-1717 (S.D. Cal.); *Freitag v. ROJ, LLC*, Case No. 21-cv-1732 (S.D. Cal.); *Freitag v. Covington*, Case No. 21-cv-1748 (S.D. Cal.); *Freitag v. Levene*, Case No. 21-cv-1754 (S.D. Cal.); *Freitag v. Luongo*, Case No. 21-cv-1771 (S.D. Cal.); *Freitag v. Libs*, Case No. 22-cv-98 (S.D. Cal.); (Dkt. 737 (conditionally granting authority for Receiver to file suit against CTC)). It is no longer "plausible . . . that [the Receiver] needs more time to explore the affairs of the [Receivership Entities]" before engaging in litigation with CTC over those parties' respective roles, so the issue of timing supports granting CTC's motion. *Wencke II*, 742 F.2d at 1231–32.

The next factor has two parts—the likelihood that continuing to protect the Receivership Entities from suit would injure CTC and preservation of the status quo. It, too, supports permitting CTC to proceed. First, CTC will be at risk of conflicting or duplicative judgments if it is prevented from filing claims against ANI because the Receiver's action and the Investor Actions seek overlapping damages from CTC. (*See* Dkt. 737). While consolidation of those actions before a single judge in state court reduces this risk, permitting CTC to implead ANI in the Investor Actions permits the state court to address those issues efficiently. Second, ANI now may be a necessary and indispensable party to those Investor Actions—declining to lift the stay puts the investors' claims against CTC at risk of dismissal. *See* Cal. Code Civ. Proc. § 389; (Dkt. 745-7 at 6 (state court found that ANI was not "necessary party" because "at [that] time the Receiver ha[d] not been permitted to pursue claims . . . against

CTC").

The final *Wencke* factor—the merit of the movant's underlying claim—supports modifying the stay if the movant shows that its claim is at least "*colorable.*" *Wencke II*, 742 F.2d at 1232.  CTC has made that showing.  It contends that ANI is liable to its investors for fraud that Champion-Cain admitted to engaging in while acting as ANI's principal.  The Receiver argues, to the contrary, that ANI can't be liable because "[o]nce the Receiver was appointed, ANI was freed from . . . the stain of [Champion-Cain's] fraudulent conduct."  (Dkt. 745 at 13).  Neither party cites any California law directly on point.  But the willingness of California courts to impute a fraudster's bad acts to an entity he solely owns, even after that entity has passed to the control of a bankruptcy trustee, suggests that CTC's claims are at least colorable.[1] *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 679 (2005).

To this point, the stay has given the Receiver sufficient time to organize and understand the Receivership Entities and to prepare to initiate litigation against CTC. Because the Receiver is prepared to engage in that litigation, the stay is no longer necessary to protect the Receivership Entities from CTC's own litigation covering similar subject matter. CTC's motion to for relief

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The SEC argues that CTC's claims aren't meritorious because they would not benefit the Receivership Estate and would complicate the receivership process isn't relevant to the merits of those claims.  (*See* Dkt. 742 at 4–5). But these issues have no bearing on the merits of those claims.

from the stay is **GRANTED**. CTC may join ANI as a defendant to the Investor Actions and file claims against ANI.

**IT IS SO ORDERED.**

Dated: February 28, 2022

*Larry A. Burns*
Hon. Larry A. Burns
United States District Judge