UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>GINA CHAMPION-CAIN and ANI DEVELOPMENT, LLC,<br><br>  Defendants,<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>  Relief Defendant. | Case No. 3:19-cv-01628-LAB-AHG<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO APPROVE ADAMS SETTLEMENT [Dkt. 628]**<br><br>**2) GRANTING MOTION FOR LEAVE TO FILE JOINDER IN RECEIVER'S MOTION [Dkt. 642]**<br><br>**3) GRANTING MOTION FOR LEAVE TO FILE JOINDER IN RECEIVER'S REPLY [Dkt. 656]** |

Court-appointed Receiver, Krista L. Freitag (the "Receiver") filed a Motion for Approval seeking approval of a settlement between, on the one hand, Defendant ANI Development, LLC, Relief Defendant American National Investments, Inc., and their subsidiaries and affiliates, and on the other, William Adams, William Adams, APC, and Norton Moore & Adams LLP (collectively, the "Adams Parties"). (Dkt. 628). The Receivership Entities were part of a scheme whereby Defendant Gina Champion-Cain fraudulently raised around $300 million from approximately 50 investors. (Dkt. 1 ¶ 4). Adams

allegedly conspired with Champion-Cain, lending the scheme his credibility as an attorney in exchange for payment. (*See* Dkt. 650-3, Ex. B at 6).

The settlement hinges on the Court's entry of a bar order providing that "all Persons and Entities are forever enjoined and barred from [pursuing claims] against any of the Adams Parties or [their] Insurer [Greenwich Insurance Company ("Greenwich")] . . . related to or involving any of the facts and matters described" in this action. Non-parties Chicago Title Company and Chicago Title Insurance Company object to the proposed bar order and oppose the Motion for Approval, arguing that such an order would preclude too broad a category of claims against Greenwich.

The Court agrees with the Non-parties' arguments. The requested bar is too broad and, as such, is unjustified. The Court won't approve a settlement barring claims against Greenwich relating to the facts and matters described in this action unless the bar is limited to claims related to Adams' conduct only.[1] *See In re U.S. Oil and Gas Litig.*, 967 F.2d 489, 496 (11th Cir. 1992) ("The propriety of the settlement bar order should turn upon the

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The parties disagree over whether the Court can issue a bar order at all without first ensuring that a proportionate share offset rule is applied to any judgments against non-settling defendants, but the only case any party cites on that point is *Renfrew v. Toms*, 109 Fed. Appx. 143, 146 (9th Cir. 2004). The Court can't rely on unpublished Ninth Circuit cases predating January 1, 2007. Circuit Rule 36-3. If the Receiver and Adams renew their motion and seek a bar order, they should be prepared to fully brief the propriety of such an order where cases against non-settling defendants are proceeding in other venues in which the applicable offset rule is beyond the Court's control.

interrelatedness of the claims it precludes.").

The Motion is **DENIED**. The Adams parties' related motions to join in the Receiver's Motion and Reply are **GRANTED**. (Dkt. 642; Dkt. 656).

**IT IS SO ORDERED.**

Dated: March 18, 2022

Hon. Larry A. Burns
United States District Judge