UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN and ANI DEVELOPMENT, LLC,<br><br>Defendants,<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>Relief Defendant. | Case No. 3:19-cv-01628-LAB-AHG<br><br>**ORDER:**<br><br>**1) VACATING STATUS CONFERENCE;**<br><br>**2) DENYING NON-PARTY CALPRIVATE BANK'S *EX PARTE* APPLICATION FOR LEAVE TO APPEAR AS MOOT [Dkt. 786]; and**<br><br>**3) DIRECTING RECEIVER TO FILE NOTICE PLAN** |

The Court set a status conference in this matter for May 23, 2022 for the purpose of permitting the Receiver, Chicago Title Company, and Chicago Title Insurance Company (together with Chicago Title Company, "Chicago Title) to inform the Court of the status of the remaining disputes in this action and related actions. Non-party CalPrivate Bank then filed an *ex parte* application for leave to appear and be heard at that conference and to file a brief addressing a "recent conditional Settlement and Release Agreement

between the Receiver and Chicago Title [that] would severely impact CalPrivate." (Dkt. 786 at 2). The Receiver and Chicago Title oppose that motion, acknowledging that, no later than May 23, 2022, they intend to move jointly for approval of a "Global Settlement" that, if approved, would resolve all remaining state court litigation related to the fraudulent scheme that forms the core of this action. They state, too, that they intend to seek a bar order enjoining certain interested parties from pursuing state court actions against Chicago Title in connection with that scheme. The Receiver further states that she intends to file a motion for approval of claims, resolution of disputed claims, and approval of a distribution plan no later than May 31, 2022.

This briefing has obviated the need for a status conference, so the May 23, 2022 status conference is **VACATED**, and CalPrivate's motion seeking to appear at and submit a statement in connection with that hearing is **DENIED AS MOOT**.

Both the Receiver and Chicago Title have previously relied on *Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883 (5th Cir. 2019), in support of the proposition that the Court has authority to bar non-parties' claims against an alleged non-party tortfeasor in order to facilitate that alleged tortfeasor's settlement with entities in receivership. (*See* Dkt. 706 at 7 n.3; Dkt. 377 at 17). In that case, the Fifth Circuit Court of Appeals approved a bar order based in part on a determination that the trial court had "afforded the [objectors] all the process due: notice and opportunity to be heard on the proposed settlement and bar orders." *Id.* at 903. Notice consistent with due process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To ensure proper notice, the trial court in *Zacarias* required the receiver to propose a plan to give adequate notice to potential objectors. *See Zacarias v. Willis Group Holdings Public Co. Ltd.*, 2017 WL 6442190 at *2 (N.D. Tex. 2017).[1] And to provide ample time to appear, the court scheduled the hearing on the bar order motion for a date three months after it approved the notice procedures. *Id.* Following the lead of that case, and to ensure that the due process rights of any potential objectors are protected, the Court **ORDERS**:

1) The Receiver and Chicago Title may file a joint motion for approval of a settlement agreement and bar order, and the Receiver may file a motion for approval of claims and approval of a distribution plan (together, the "Motions"), without securing a hearing date;

2) The Receiver must propose a plan to provide notice "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the [motions] and afford them an opportunity to present their objections" no later than **May 26, 2022**;

3) The Court intends to set a hearing date and a deadline for objections to the Motions upon issuing an order approving a notice plan. Absent a showing that an earlier date is consistent with due process, the Court intends to set that hearing for a date no sooner than 90 days after such an order.

**IT IS SO ORDERED**.

Dated: May 18, 2022

_____
Hon. Larry A. Burns
United States District Judge

---

[1] A copy of the order describing the notice plan deemed reasonable under the circumstances of that case—which may differ materially from the circumstances in this case—is attached as Exhibit 1.