1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:19-cv-01628-LAB-AHG |
| Plaintiff, | **ORDER:** |
| v. | **1) GRANTING EX PARTE MOTION FOR LEAVE TO FILE OPPOSITION TO DKT. 798, [Dkt. 808];** |
| GINA CHAMPION-CAIN and ANI DEVELOPMENT, LLC, | **2) GRANTING IN PART *EX PARTE* APPLICATION TO APPROVE PROPOSED BRIEFING AND HEARING SCHEDULE [Dkt. 798];** |
| Defendants, | |
| AMERICAN NATIONAL INVESTMENTS, INC., | **3) APPROVING IN PART NOTICE PLAN; AND** |
| Relief Defendant. | **4) SETTING HEARING DATE AND BRIEFING SCHEDULE** |

The Securities and Exchange Commission brought this action against Defendant ANI Development, LLC and Gina Champion-Cain ("Cain"), the CEO of ANI Development's parent, Relief Defendant American National Investments, Inc. (collectively, "Defendants"). Through ANI Development, Cain sold fraudulent investment products, misappropriating the funds with the alleged assistance of escrow agents Chicago Title Company and Chicago

1  Title Insurance Company (together, "CTC").

2  The Court appointed Krista Freitag as permanent receiver (the
3  "Receiver") for ANI Development, American National Investments, and their
4  subsidiaries and affiliates (collectively, the "Receivership Entities"). The
5  Receiver and CTC informed the Court that they intended to file two motions
6  implicating the interests of non-parties.[1] The first would seek approval (the
7  "Settlement Approval Motion") of a settlement (the "Global Settlement") that
8  would resolve all remaining state court litigation related to the fraudulent
9  scheme that forms the core of this action and result in a bar order enjoining
10 certain interested parties from pursuing state court actions against CTC in
11 connection with that scheme (the "Proposed Bar Order"). And the second
12 would seek approval of the Receiver's recommendations regarding the
13 treatment of claims against the Receivership Entities and a plan for
14 distributing those Entities' funds (the "Distribution Plan Motion," and together
15 with the Settlement Approval Motion, the "Motions").

16 The Motions would adjudicate the rights of non-parties, raising due
17 process concerns, so the Court ordered the Receiver to propose a plan to
18 give adequate notice and an opportunity to be heard to interested non-parties.
19 Preliminarily, the Court anticipated setting a hearing date on the Motions no
20 sooner than 90 days following approval of a notice plan.

21 The Receiver now has filed a proposed notice plan (the "Notice Plan")
22 with a shorter proposed briefing and hearing schedule, (Dkt. 797), and CTC
23 responded with a document styled as a joinder in the Notice Plan and an *ex*
24 *parte* application to approve the Receiver's proposed schedule. (Dkt. 798).
25 This latter document (but not the Receiver's document seeking identical relief)
26 has drawn opposition from CalPrivate Bank, (Dkt. 804), Wakefield Capital,

27

28 [1] The Receiver now has filed both Motions. (*See* Dkt. 795; Dkt. 807)

1  LLC, Wakefield Investments, LLC, and 2Budz Holding, LLC, (Dkt. 809), (the
2  "Wakefield Entities," and collectively with CalPrivate Bank, the "Objectors").
3  The Wakefield Entities' application to file that opposition is **GRANTED**. The
4  Court has reviewed the briefing and finds that the form and manner of the
5  Receiver's proposed notice comport with due process. But because any
6  objectors may need more time to respond to the two Motions, the Court
7  **REJECTS** the proposed schedule in favor of the schedule stated below. The
8  Notice Plan is **APPROVED IN PART**.

9  **DISCUSSION**

10  **I.    The Manner of Notice Satisfies Due Process**

11  Where a movant seeks relief affecting the rights of non-parties—as in
12  any "proceeding which is to be accorded finality"—it must provide notice that
13  is "reasonably calculated, under all the circumstances, to apprise interested
14  parties of the pendency of the action." *Mullane v. Central Hanover Bank &*
15  *Trust Co.*, 339 U.S. 306, 314 (1950). The Court has reviewed the Receiver's
16  proposed notice form, (Dkt. 797-1), and finds that, in providing instructions on
17  how to access the Motions and a clear and accurate description of those
18  Motions and their potential effects on interested parties, the proposed form
19  would provide a reader with sufficient notice.

20  That leaves the question of how to ensure that the notice reaches those
21  interested parties. The Receiver knows the identity of many of them. The
22  Proposed Bar Order would bar the claims of the seven plaintiffs opting out of
23  the Global Settlement with CTC. And the Receiver's distribution plan would
24  affect every party with a disputed claim in the receivership. The proposal to
25  deliver notice to these parties directly via mail and e-mail is reasonably
26  calculated to apprise them of the Motions.

27  The Receiver's proposed steps to notify any unknown parties also
28  satisfy due process. She intends to post the Motions and supporting

1 documents on the longstanding receivership website and email a summary of
2 the same materials, along with a link to the website, to all known investor and
3 creditor email addresses. These steps are reasonably calculated to reach
4 potential claimants against either CTC, as to the Settlement Approval Motion,
5 or the Receivership Entities, as to the Distribution Plan Motion.

6     **II.**    **A 60-Day Schedule Wouldn't Provide Sufficient Opportunity**
7                 **to Respond to Both Motions**

8     Notice of a final proceeding "must [also] afford a reasonable time for
9 those interested to make an appearance." *Mullane*, 339 U.S. at 314. To
10 address this concern, the Court previously stated that, it was inclined follow
11 the example of *Zacarias v. Willis Group Holdings Public Co. Ltd.*, 2017 WL
12 6442190 (N.D. Tex. 2017), in setting the Motions for a hearing no earlier than
13 90 days after approval of a notice plan "[a]bsent a showing that an earlier date
14 is consistent with due process." (Dkt. 789). The Receiver and CTC have made
15 such a showing, but they haven't shown that their proposed 60-day schedule
16 affords enough time to respond to two separate motions.

17     The Court is unaware of direct guidance from the Ninth Circuit
18 concerning what notice is necessary to satisfy due process when the motion
19 seeks to impose a bar order against non-parties or setting a distribution plan
20 for assets of entities in receivership. But in a class action setting, the Ninth
21 Circuit has held that notice sent 31 days prior to an objection deadline and 45
22 days prior to a hearing is sufficient to provide due process before terminating
23 the claims of class members. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,
24 1375 (9th Cir. 1993). The non-party claimants affected by the Motions are
25 sufficiently analogous to absent class members—and likely better-informed
26 about the status of this action than the class member-shareholders in *Torrisi*—
27 so similar timing for a single motion would satisfy due process here.

28     But the proposed schedule wouldn't relate to only one motion, but two.

A party that objects to both would have an unfairly compressed briefing schedule, so the Court **REJECTS** the proposed briefing schedule and sets a different schedule below.

## CONCLUSION

The Notice Plan is **APPROVED IN PART**, and CTC's *ex parte* application to approve the Receiver's proposed schedule is **GRANTED IN PART**. (Dkt. 798). The Court sets the following schedule consistent with that conclusion:

1) The Receiver must revise her proposed notice form, (Dkt. 797-1), and provide notice in the manner she proposes no later than **June 10, 2022**. She must file an affidavit certifying that she has done so **by the same date**.

2) Any brief in opposition to either of the Motions must be filed on or before **July 25, 2022**.

3) The Receiver and CTC may file one joint reply brief in support of the Settlement Approval Motion on or before **August 15, 2022**. Absent further order of the Court, that brief must be no longer than 25 pages.

4) The Receiver may file one reply brief in support of the Distribution Plan Motion on or before **August 15, 2022**. Absent further order of the Court, that brief must be no longer than 25 pages.

5) Both Motions are set for a hearing on **August 29, 2022 at 11:30 a.m.**

**IT IS SO ORDERED**.

Dated: June 8, 2022

Hon. Larry A. Burns
United States District Judge