Everett G. Barry, Jr. (SBN 053119)
John H. Stephens (SBN 082971)
Christopher B. Ghio (SBN 259094)
MULVANEY BARRY BEATTY LINN & MAYERS LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Fax: 619 238-1981
Emails:ebarry@mulvaneybarry.com

Michael G. Yoder (SBN 83059)
Adam Levine (SBN 200522)
Ashton T. Massey (SBN 307940)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel.: (949) 823-6900
Fax: (949) 823-6994
Emails: myoder@omm.com; alevine@omm.com; amassey@omm.com

Attorneys for Claimant,
CALPRIVATE BANK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC,<br><br>Defendants, and<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>Relief Defendant. | CASE NO.: 3:19-cv-01628-LAB-AHG<br>Judge:      Hon. Larry Alan Burns<br>Magistrate: Allison H. Goddard<br><br>**DECLARATION OF JOHN H. STEPHENS IN SUPPORT OF CLAIMANT CALPRIVATE BANK'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER: (1) APPROVING RECEIVER'S RECOMMENDED TREATMENT OF CLAIMS (ALLOWED, DISALLOWED, DISPUTED); (2) APPROVING DISTRIBUTION METHODOLOGY; AND (3) APPROVING PROPOSED DISTRIBUTION PLAN**<br><br>Date:       August 29, 2022<br>Time:       11:30 AM<br>Courtroom: 14A<br>Trial Date: None Set |

## DECLARATION OF JOHN H. STEPHENS

I, John H. Stephens, declare as follows:

1. I am a partner with the law firm Mulvaney Barry Beatty Linn & Mayers, counsel for Claimant CalPrivate Bank ("CalPrivate"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could testify competently about the facts. I make this declaration in support of Claimant CalPrivate Bank's Opposition to Receiver's Motion for Order: (1) Approving Receiver's Recommended Treatment of Claims (Allowed, Disallowed, Disputed); (2) Approving Distribution Methodology; and (3) Approving Proposed Distribution Plan ("Claims Motion").

2. On September 16, 2019 and within weeks after the SEC filed its August 28, 2019 complaint against Gina Champion-Cain and ANI Development, LLC ("ANI"), this firm sent Receiver's counsel all the loan documents evidencing Calprivate's first-priority security interest in the assets of ANI, and ANI License Fund, LLC ("ANI License"). The documents included the Business Loan Agreement ("Loan"), Commercial Security Agreements for ANI and ANI License, and UCC-1 Financing Statements for both. Copies of the Loan documents are attached to the concurrently-filed declaration of Karen Lister and are also part of CalPrivate's Proof of Claim, which is Exhibit F to the Declaration of Krista Freitag in Support of the Claims Motion.

3. When Chicago Title Company failed to voluntarily turnover ANI's account that held about $11.3 million, the Receiver pursued contempt proceedings against Chicago Title. CalPrivate responded that it did not object to the turnover provided the funds remained subject to CalPrivate's security interest. [Dkt. 31.] The matter was referred to Magistrate Judge Allison Goddard who recommended the turnover commenting as well that ownership of the funds would be deferred.

[Dkt. 54.]

4.    This Court adopted Judge Goddard's report and directed the interested parties and non-parties to meet-and-confer about how the funds could be used. [Dkt. 127.] Thereafter, the interested parties and non-parties entered a joint motion stipulating that everyone was reserving all rights regarding the "nature, extent and priority of claims [Dkt. 157], which the Court granted [Dkt. 395].

5.    Similarly, when the Receiver first began sales of Receivership assets and filed motions for approval, CalPrivate again responded that it did not oppose the sales provided it retained its claim of a first-prior security interest in the net proceeds. [Dkt. 198 & 204.] Once more, Judge Goddard stated in her order regarding the sales that CalPrivate's interest is not waived by the Court's approval of any Receivership asset sales. [Dkt. 226.]

6.    Following Receiver's Motion for Order Approving Procedures for the Administration of Claims [Dkt. 681] and the Court Order approving the procedures [Dkt. 716], CalPrivate filed its Proof of Claim for $12.475 million, plus interest, charges and fees. Thereafter, Receiver's counsel sent a letter-notice of deficiencies which CalPrivate discredited in all regards. True and correct copies of Receiver's 3/30/22 deficiency letter, and of CalPrivate's 4/12/22 refutation letter are attached hereto as **Exhibits A and B**.

7.    Receiver now has filed her Claims Motion that proposes to have this Court treat CalPrivate's first-priority secured and perfected claim as any other unsecured claim. Among the most preposterous reasons given is that CalPrivate could not have a perfected interest in ANI's account at Chicago Title because the account did not belong to ANI. Receiver ignores the Escrow Agreement (Holding Funds) entered by ANI and Chicago Title, that identified ANI Development, LLC as the "Buyer" and Chicago Title Company as the "Escrow Holder." A true and

correct of the 12/31/18 Holding Funds Agreement is attached hereto as **Exhibit C.**

8.  Receiver contends further that because CalPrivate wired funds to Chicago Title's account at City National Bank, CalPrivate could not have a security interest in funds maintained there because that account belonged to Chicago Title. However, the City National Bank account was subject to the Escrow Agreement (Holding Funds) and was simply the location where Chicago Title transferred funds wired into and out of ANI's escrow account. According to the Business Account Agreement between Chicago Title and City National Bank, the "Type of Account" was "Business Checking." A true and correct copy of the Business Account Agreement is attached hereto as **Exhibit D.**

9.  The Honorable Ronald Styn discussed the relationship between Chicago Title and CalPrivate, and the other plaintiffs in the state court cases, in ruling on Chicago Title's demurrers to the complaints. A true and correct copy of the 4/12/21 Minute Order is attached hereto as **Exhibit E.** He accepted the allegations that CalPrivate and the plaintiffs expressly remained owners of the funds sent to Chicago Title and were express third-party beneficiaries, which prohibited Chicago Title from releasing the funds to anyone other than the lender.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on July 24, 2022, in San Diego, California.

*/s/ John H. Stephens*

John H. Stephens