# EXHIBIT C



# Chicago Title Company

*701 B Street, Suite 1120, San Diego, CA 92101*
*Phone (619) 230-6363 Fax 629-230-6368*

Escrow No:  **102122DD**          Officer: **Della DuCharme**
Date:          **December 31, 2018**     Fax Number:  **(619) 230-6368**

## ESCROW AGREEMENT
### (Holding Funds)

This Escrow Agreement ("Agreement") is made and entered into as of January 1, 2019, by and between ANI Development, LLC, a California limited liability company and/or its assignees/nominees ("Buyer") and Chicago Title Company, a California corporation ("Escrow Holder").

## *RECITALS*

Buyer desires to deposit certain funds (the "Deposit") into this escrow and to provide Escrow Holder with written instructions setting forth the conditions under which Escrow Holder will invest and hold the funds and ultimately disburse same.

Buyer understands that this is a limited escrow only and is being opened solely for the purposes set forth, and is subject only to the terms and conditions contained, in this Agreement.

NOW, THEREFORE the parties agree as follows.

## *AGREEMENTS*

**Deposit.**   Buyer will deposit the sum of **$500,000.00 or more** with Escrow Holder, which funds will either be in the form of a Wire Transfer or certified bank check.  This sum represents the Deposit.  Upon receipt of the Deposit, Escrow Holder will do the following:

**Release of the Initial Deposit: Unilateral Instruction.**   At any time Buyer may provide written notice to Escrow Holder as to the release of all or a portion of the Deposit and the interest thereon to various Chicago Title Escrow Nos. or otherwise directed by Buyer.  Upon receipt of such notice, Escrow Holder's only duty shall be to comply with said notice and to release the funds as requested by Buyer.  There are no other requirements or duties on the part of Escrow Holder.

**Escrow Holder's Right to Terminate Escrow After One Hundred and Twenty (120) Days.**   In the event that on or after one hundred twenty (120) days following Escrow Holder's receipt of the Deposit funds remain in this escrow, Escrow Holder shall have the right to deliver any and all funds then on deposit, including interest, but less Escrow Holder's unpaid fees, TO THE BUYER and to terminate this escrow.

CONFIDENTIAL

**Escrow Holder's Fee.**   The base Escrow Fee is **$3,000.00** is to be paid to Escrow Holder when the deposit is received and additional Escrow Fees of **$500.00** per disbursement is to be paid to Escrow Holder when each disbursement is made.

**Escrow Holder's General Provisions.**  By signature hereon, Buyer approve Escrow Holder's General Provisions, a copy of which is attached to this Agreement as **Exhibit "A"** and are incorporated by reference as if fully set forth in this Section.

IN WITNESS WHEREOF, this Escrow Agreement has been executed by the parties effective as of the date indicated above.

**BUYER**                                    **ESCROW HOLDER**

ANI Development, LLC,                 Chicago Title Company,
a California limited liability company     a California corporation
Address: 3515 Hancock St. Ste 200
Address: San Diego CA 92110

By: _____                  By: _____
Name: Gina Champion-Cain             Name: Della DuChamp
Its: Managing Member                   Its: Senior Escrow Officer

CONFIDENTIAL                                                      ANI DEV 0004392

Ex. C, pg. 15

## Exhibit "A"
## GENERAL PROVISIONS

**1.    DEPOSIT OF FUNDS**

The law dealing with the disbursement of funds requires that all funds be available for withdrawal as a matter of right by the title entity's escrow and/or sub escrow account prior to disbursement of any funds. Only wire-transferred funds can be given immediate availability upon deposit. Cashier's checks, teller's checks and Certified checks may be available one business day after deposit. All other funds such as personal, corporate or partnership checks and drafts are subject to mandatory holding periods which may cause material delays in disbursement of funds in this escrow. In order to avoid delays, all fundings should be wire transferred. Outgoing wire transfers will not be authorized until confirmation of the respective incoming wire transfer or of availability of deposited checks.

Deposit of funds into general escrow trust account unless instructed otherwise. You may instruct Escrow Holder to deposit your funds into an interest bearing account by signing and returning the "Escrow Instructions - Interest Bearing Account", which has been provided to you. If you do not so instruct us, then all funds received in this escrow shall be deposited with other escrow funds in one or more general escrow trust accounts, which include both non-interest bearing demand accounts and other depository accounts of Escrow Holder, in any state or national bank or savings and loan association insured by the Federal Deposit Insurance Corporation (the "depository institutions") and may be transferred to any other such escrow trust accounts of Escrow Holder or one of its affiliates, either within or outside the State of California. A general escrow trust account is restricted and protected against claims by third parties and creditors of Escrow Holder and its affiliates.

Receipt of benefits by Escrow Holder and affiliates. The parties to this escrow acknowledge that the maintenance of such general escrow trust accounts with some depository institutions may result in Escrow Holder or its affiliates being provided with an array of bank services, accommodations or other benefits by the depository institution. Some or all of these benefits may be considered interest due you under California Insurance Code Section 12413.5. Escrow Holder or its affiliates also may elect to enter into other business transactions with or obtain loans for investment or other purposes from the depository institution. All such services, accommodations, and other benefits shall accrue to Escrow Holder or its affiliates and Escrow Holder shall have no obligation to account to the parties to this escrow for the value of such services, accommodations, interest or other benefits.

Said funds will not earn interest unless the instructions otherwise specifically state that funds shall be deposited in an interest-bearing account. All disbursements shall be made by check of **Chicago Title Company**. The principals to this escrow are hereby notified that the funds deposited herein are insured only to the limit provided by the Federal Deposit Insurance Corporation. Any instruction for bank wire will provide reasonable time or notice for Escrow Holder's compliance with such instruction. Escrow Holder's sole duty and responsibility shall be to place said wire transfer instructions with its wiring bank upon confirmation of (1) satisfaction of conditions precedent or (2) document recordation at close of escrow. Escrow Holder will NOT be held responsible for lost interest due to wire delays caused by any bank or the Federal Reserve System, and recommends that all parties make themselves aware of banking regulations with regard to placement of wires.

In the event there is insufficient time to place a wire upon any such confirmation or the wires have closed for the day, the parties agree to provide written instructions for an alternative method of disbursement. WITHOUT AN ALTERNATIVE DISBURSEMENT INSTRUCTION, FUNDS WILL BE HELD IN TRUST IN A NON-INTEREST BEARING ACCOUNT UNTIL THE NEXT OPPORTUNITY FOR WIRE PLACEMENT.

**2.    PRORATIONS AND ADJUSTMENTS**

All prorations and/or adjustments called for in this escrow are to be made on the basis of a thirty (30) day month unless otherwise instructed in writing. You are to use information contained on last available tax statement, rental statement as provided by the Seller, beneficiary's statement and fire insurance policy delivered into escrow for the prorations provided for herein.

**3.    SUPPLEMENTAL TAXES**

The within described property may be subject to supplemental real property taxes due to the change of ownership taking place through this or a previous escrow transaction. Any supplemental real property taxes arising as a result of the transfer of the property to Buyer shall be the sole responsibility of Buyer and any supplemental real property taxes arising prior to the closing date shall be the sole responsibility of the Seller. TAX BILLS OR REFUNDS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

**4.    UTILITIES/POSSESSION**

Transfer of utilities and possession of the premises are to be settled by the parties directly and outside escrow.

**5.    PREPARATION AND RECORDATION OF INSTRUMENTS**

Escrow Holder is authorized to prepare, obtain, record and deliver the necessary instruments to carry out the terms and conditions of this escrow and to order the policy of title insurance to be issued at close of escrow as called for in these instructions. Close of escrow shall mean the date instruments are recorded.

CONFIDENTIAL                          ANI DEV 0004393

Ex. C, pg. 16

6.    AUTHORIZATION TO FURNISH COPIES

You are authorized to furnish copies of these instructions, supplements, amendments, notices of cancellation and closing statements, to the Real Estate Broker(s) and Lender(s) named in this escrow.

7.    RIGHT OF CANCELLATION

Any principal instructing you to cancel this escrow shall file notice of cancellation in your office in writing. You shall, within two (2) working days thereafter, deliver, one copy of such notice to each of the other principals at the addresses stated in this escrow. UNLESS WRITTEN OBJECTION TO CANCELLATION IS FILED IN YOUR OFFICE BY A PRINCIPAL WITHIN TEN (10) DAYS AFTER DATE OF SUCH DELIVERY, YOU ARE AUTHORIZED TO COMPLY WITH SUCH NOTICE AND DEMAND PAYMENT OF YOUR CANCELLATION CHARGES. If written objection is filed, you are authorized to hold all money and instruments in this escrow and take no further action until otherwise directed, either by the principals' mutual written instructions, or by final order of a court of competent jurisdiction.

8.    PERSONAL PROPERTY

No examination or insurance as to the amount or payment of personal property taxes is required unless specifically requested.

By signing these General Provisions, the parties to the escrow hereby acknowledge that they are indemnifying the Escrow Holder against any and all matters relating to any "Bulk Sales" requirements, and instruct Escrow Agent to proceed with the closing of escrow without any consideration of matter of any nature whatsoever regarding "Bulk Sales" being handled through escrow.

9.    RIGHT OF RESIGNATION

Escrow Holder has the right to resign upon written notice delivered to the principals herein. If such right is exercised, all funds and documents shall be returned to the party who deposited them and Escrow Holder shall have no liability hereunder.

10.    AUTHORIZATION TO EXECUTE ASSIGNMENT OF HAZARD INSURANCE POLICIES

Either Buyer, Seller and/or Lender may hand you the insurance agent's name and insurance policy information, and you are to execute, on behalf of the principals hereto, form assignments of interest in any insurance policy (other than title insurance) called for in this escrow, forward assignment and policy to the insurance agent, requesting that the insurer consent to such transfer and/or attach a loss payable clause and/or such other endorsements as may be required, and forward such policy(s) to the principals entitled thereto. It is not your responsibility to verify the information handed you or the assignability of said insurance. Your sole duty is to forward said request to insurance agent at close of escrow.

Further, there shall be no responsibility upon the part of Escrow Holder to renew hazard insurance policy(s) upon expiration or otherwise keep it in force either during or subsequent to the close of escrow. Cancellation of any existing hazard insurance policies is to be handled directly by the principals, and outside of escrow.

11.    ACTION IN INTERPLEADER

The principals hereto expressly agree that you, as Escrow Holder, have the absolute right at your election to file an action in interpleader requiring the principals to answer and litigate their several claims and rights among themselves and you are authorized to deposit with the clerk of the court all documents and funds held in this escrow. In the event such action is filed, the principals jointly and severally agree to pay your cancellation charges and costs, expenses and reasonable attorney's fees which you are required to expend, or incur in such interpleader action, the amount thereof to be fixed and judgment therefore to be rendered by the court. Upon the filing of such action, you shall thereupon be fully released and discharged from all obligations imposed by the terms of this escrow or otherwise.

12.    TERMINATION OF AGENCY OBLIGATION

If there is no action taken on this escrow within six (6) months after the "time limit date" as set forth in the escrow instructions or written extension thereof, your agency obligation shall terminate at your option and all documents, monies or other items held by you shall be returned to the parties depositing same. In the event of cancellation of this escrow, whether it be at the request of any of the principals or otherwise, the fees and charges due Chicago Title Company, including expenditures incurred and/or authorized shall be borne equally by the parties hereto (unless otherwise agreed to specifically).

13.    CONFLICTING INSTRUCTIONS

Upon receipt of any conflicting instructions, you are to take no action in connection with this escrow until non-conflicting instructions are received from all of the principals to this escrow (subject to sections 7, 9, 11 and 12 above).

14.    DELIVERY/RECEIPT

Delivery to principals as used in these instructions unless otherwise stated herein is to be by hand in person to the principal, regular mail, email or fax to any of the contact information provided in these instructions. If delivered by regular mail receipt is determined to be 72 hours after such mailing. All documents, balances and statements due to the undersigned may be delivered to the contact information shown herein. All notices, change of instructions, communications and documents are to be delivered in writing to the office of Chicago Title Company as set forth herein.

15.    STATE/FEDERAL CODE NOTIFICATIONS

According to Federal Law, the Seller, when applicable, will be required to complete a sales activity report that will be utilized to generate a 1099 statement to the Internal Revenue Service.

Pursuant to State Law, prior to the close of escrow, Buyer will provide Escrow Holder with a Preliminary Change of Ownership Report. In the event said report is not handed to Escrow Holder for submission to the County in which subject property is located, upon

CONFIDENTIAL

ANI DEV 0004394
Ex. C, pg. 17

recording of the Grant Deed, Buyers acknowledge that the applicable fee will be assessed by said County and Escrow Holder shall debit the account of Buyer for same at close of escrow.

**16.    NON-RESIDENT ALIEN**

The Foreign Investment in Real Property Tax Act (FIRPTA), Title 26 U.S.C., Section 1445, and the regulations there under, provide in part, that a transferee (buyer) of a U.S. real property interest from a foreign person must withhold a statutory percentage of the amount realized on the disposition, report the transaction and remit the withholding to the Internal Revenue Service (IRS) within twenty (20) days after the transfer. Chicago Title Company will not determine nor aid in the determination of whether the FIRPTA withholding provisions are applicable to the subject transaction, nor act as a Qualified Substitute under state or federal law, nor furnish tax advice to any party to the transaction. Chicago Title Company will not determine nor aid in the determination of whether the transaction will qualify for an exception or an exemption and is not responsible for the filing of any tax forms with the IRS as they relate to FIRPTA, nor responsible for collecting and holding of any documentation from the buyer or seller on the buyer's behalf for the purpose of supporting a claim of an exception or exemption. Chicago Title Company is not an agent for the buyer for the purposes of receiving and analyzing any evidence or documentation that the seller in the subject transaction is a U.S. citizen or resident alien. Chicago Title Company is not responsible for the payment of this tax and/or penalty and/or interest incurred in connection therewith and such taxes are not a matter covered by the Owner's Policy of Title Insurance to be issued to the buyer. Chicago Title Company is not responsible for the completion of any IRS documents or related forms related to the referenced statute. The buyer is advised: they must independently make a determination of whether the contemplated transaction is subject to the withholding requirement; bear full responsibility for compliance with the withholding requirement if applicable and/or for payment of any tax, interest, penalties and/or other expenses that may be due on the subject transaction; and they are responsible for the completion of any and all forms, including but not limited to applicable IRS documentation, and the mailing of those forms. The Buyer is advised any forms, documents, or information received from Chicago Title Company is not tax or legal advice and should not be construed as such nor treated as a complete representation of FIRPTA requirements. Buyer should seek outside counsel from a qualified individual to determine any and all implications of the referenced statute.

**17.    ENCUMBRANCES**

Escrow Holder is to act upon any statements furnished by a lienholder or his agent without liability or responsibility for the accuracy of such statements. Any adjustments necessary because of a discrepancy between the information furnished Escrow Holder and any amount later determined to be correct shall be settled between the parties direct and outside of escrow.

You are authorized, without the need for further approval, to debit my account for any fees and charges that I have agreed to pay in connection with this escrow, and for any amounts that I am obligated to pay to the holder of any lien or encumbrance to establish the title as insured by the policy of title insurance called-for in these instructions. If for any reason my account is not debited for such amounts at the time of closing, I agree to pay them immediately upon demand, or to reimburse any other person or entity who has paid them.

**18.    ENVIRONMENTAL ISSUES**

Chicago Title Company has made no investigation concerning said property as to environmental/toxic waste issues. Any due diligence required or needed to determine environmental impact as to forms of toxification, if applicable, will be done directly and by principals outside of escrow. Chicago Title Company is released of any responsibility and/or liability in connection therewith.

**19.    USURY**

Escrow Holder is not to be concerned with any questions of usury in any loan or encumbrance involved in the processing of this escrow and is hereby released of any responsibility or liability therefore.

**20.    DISCLOSURE**

Escrow Holder's knowledge of matters affecting the property, provided such facts do not prevent compliance with these instructions, does not create any liability or duty in addition to these instructions.

**21.    FACSIMILE/ELECTRONIC SIGNATURE**

Escrow Holder is hereby authorized and instructed that, in the event any party utilizes electronic or "facsimile" transmitted signed documents or instructions to Escrow Holder, you are to rely on the same for all escrow instruction purposes and the closing of escrow as if they bore original signatures. "Electronic Signature" means, as applicable, an electronic copy or signature complying with California Law.

**22.    CLARIFICATION OF DUTIES**

Chicago Title Company serves ONLY as an Escrow Holder in connection with these instructions and cannot give legal advice to any party hereto.

Escrow Holder is not to be held accountable or liable for the sufficiency or correctness as to form, manner of execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same. Escrow Holder's duties hereunder shall be limited to the proper handling of such money and the proper safekeeping of such instruments, or other documents received by Escrow Holder, and for the disposition of same in accordance with the written instructions accepted by Escrow Holder.

The agency and duties of Escrow Holder commence only upon receipt of copies of these Escrow Instructions executed by all parties.

CONFIDENTIAL

23.   **FUNDS HELD IN ESCROW**

When the company has funds remaining in escrow over 90 days after close of escrow or estimated close of escrow, the Company shall impose a monthly holding fee of $25.00 that is to be charged against the funds held by the Company.

CONFIDENTIAL

ANI DEV 0004396
Ex. C, pg. 19

THIS AGREEMENT IN ALL PARTS APPLIES TO, INURES TO THE BENEFIT OF, AND BINDS ALL PARTIES HERETO, THEIR HEIRS, LEGATEES, DEVISEES, ADMINISTRATORS, EXECUTORS, SUCCESSORS AND ASSIGNS, AND WHENEVER THE CONTEXT SO REQUIRES THE MASCULINE GENDER INCLUDES THE FEMININE AND NEUTER, AND THE SINGULAR NUMBER INCLUDES THE PLURAL. THESE INSTRUCTIONS AND ANY OTHER AMENDMENTS MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, EACH OF WHICH SHALL BE CONSIDERED AS AN ORIGINAL AND BE EFFECTIVE AS SUCH.

MY SIGNATURE HERETO CONSTITUTES INSTRUCTION TO ESCROW HOLDER OF ALL TERMS AND CONDITIONS CONTAINED IN THIS AND ALL PRECEDING PAGES AND FURTHER SIGNIFIES THAT I HAVE READ AND UNDERSTAND THESE GENERAL PROVISIONS.

Chicago Title Company conducts escrow business under a Certificate of Authority No. 350 issued by the California Department of Insurance.

### ACKNOWLEDGED BY

ANI Development, LLC,
a California limited liability
company
Address: 3515 Hancock St. Ste 200
Address: San Diego CA 92110

By: _____
Name: Gina Champion-Cain
Its: Managing Member