1  Everett G. Barry, Jr. (SBN 053119)
   John H. Stephens (SBN 082971)
2  Christopher B. Ghio (SBN 259094)
   MULVANEY BARRY BEATTY LINN & MAYERS
3  LLP
   401 West A Street, 17th Floor
4  San Diego, CA 92101-7994
   Telephone: (619) 238-1010 / Fax: (619) 238-1981
5  Emails: ebarry@mulvaneybarry.com;
   jstephens@mulvaneybarry.com;
6  cghio@mulvaneybarry.com

7  Michael G. Yoder (SBN 83059)
   Adam G. Levine (SBN 307940)
8  Ashton Massey (SBN 307940)
   O'MELVENY & MYERS LLP
9  610 Newport Center Drive, 17th Floor
   Newport Beach, CA 92660-6429
10 Telephone: (949) 823-6900 / Fax: (949) 823-6994
   Emails: myoder@omm.com; alevine@omm.com
11 amassey@omm.com

12 Attorneys for Claimant
   CALPRIVATE BANK
13

14                    **UNITED STATES DISTRICT COURT**

15                    **SOUTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:19-CV-01628-LAB-AHG |
| 18              Plaintiff, | **CALPRIVATE BANK'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KRISTA L. FREITAG IN SUPPORT OF MOTION FOR ORDER: (1) APPROVING RECEIVER'S RECOMMENDED TREATMENT OF CLAIMS (ALLOWED, DISALLOWED, DISPUTED); (2) APPROVING DISTRIBUTION METHODOLOGY; AND (3) APPROVING PROPOSED DISTRIBUTION PLAN** |
| 19       v. | |
| 20  GINA CHAMPION-CAIN AND ANI DEVELOPMENT, LLC, | |
| 21  Defendants, and | |
| 22  AMERICAN NATIONAL INVESTMENTS, INC., | |
| 23              Relief Defendant. | |
| 24 | Date:  August 29, 2022<br>Time:  11:30<br>Dept:  14A<br>Judge: Hon. Larry Alan Burns<br>Magistrate: Allison H. Goddard |

28

## I. INTRODUCTION

Claimant CalPrivate Bank ("CalPrivate") hereby objects to certain portions of the declaration of Krista L. Frietag ("Frietag Declaration"), Dkt No. 807, filed in support of Motion for Order: (1) Approving Receiver's Recommended Treatment of Claims (Allowed, Disallowed, Disputed); (2) Approving Distribution Methodology; and (3) Approving Proposed Distribution Plan.

## II. SUMMARY OF STATE FUND'S OBJECTIONS

Declaration testimony is subject to the evidentiary requirements of the Federal Rules of Evidence ("FRE"). *See Block v. City of Los Angeles*, 253 F. 3d 410, 418-19 (9th Cir. 2001). As identified below in the specific objections, portions of the Freitag Declaration are objectionable on the following grounds.[1]

## III. SPECIFIC OBJECTIONS TO THE FREITAG DECLARATION

| Material Objected To | Specific Objections | Ruling on Objection |
|---|---|---|
| **1. Paragraph 5 (3:5-10):** Considering that the facts underlying the Ponzi scheme are not disputed and have been admitted by Cain in connection with her guilty plea in the related criminal case (*See United States of America v. Gina Champion-Cain*, Case No. 20-cr-02115-LAB-1, Dkt. 5, Plea Agreement July 22, 2020), the | CalPrivate objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. FRE 701. CalPrivate further objects on the ground that this testimony constitutes inadmissible hearsay. FRE 801-802. | Sustained: \_\_\_\_  Overruled: \_\_\_\_ |

---

[1] CalPrivate reserves its right to object to any and all evidence presented at trial on any additional public grounds.

| | | |
|---|---|---|
| focal point of the accounting became the identification of investor-specific data and prospective recoveries for the receivership estate. | | |
| **2. Footnote 2 (4:23-27)** The CTC settlement amounts reflected herein represent the total and gross amounts of the settlements (gross of legal fees) reported to me. As further discussed below, the settlement amount, for purposes of a receivership claim does not get reduced by legal fees paid by investors, if any. This amount does not include the approximate $22.3 million that will be paid to the receivership and distributed to Plaintiff Investors (as defined therein) under the proposed Global Settlement, if the Court approves same. | CalPrivate objects on the ground that this testimony constitutes inadmissible hearsay. FRE 801-802. CalPrivate further objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. FRE 701. | Sustained: ____ Overruled: ____ |
| **3. Footnote 3 (4:27-28)** CTC states that it has paid nearly $164 million in | CalPrivate objects on the ground that this testimony constitutes inadmissible | Sustained: ____ Overruled: ____ |

| | | |
|---|---|---|
| settlements to investors. Of this amount, approximately $36 million went to two investors in excess of their MIMO Net Losses, so the amount paid toward MIMO Net Losses is approximately $128 million. | hearsay. FRE 801-802. CalPrivate further objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. FRE 701. | |
| **4. Paragraph 8 (5:3-9):** With respect to Trade Claims and Tax Claims, the Forensic Accounting Report presented what I then believed might be approximately $1.5 million in noninvestor claims for amounts that potentially would be undisputed and owed to third party creditors. Upon completion of the claims process, the total non-investor claims filed totaled approximately $1.8 million, of which I am recommending allowance of approximately $1.05 million and disallowance of approximately $750,000. | CalPrivate objects on the grounds that this testimony purports to describe the Forensic Accounting Report that is currently available to the parties and therefore violates the best evidence rule. FRE 1002–1004. CalPrivate further objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. FRE 701. CalPrivate also objects on the ground that this testimony constitutes inadmissible hearsay. FRE 801-802. | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |

| | | |
|---|---|---|
| **5. Paragraph 9 (5:11-23):** Unlike a pro-rata distribution approach in which each claimant receives a set percentage of their net loss, the Rising Tide distribution method brings all claimants up to the same level of recovery, factoring in both pre-receivership recoveries and post-receivership recoveries. Rising Tide is the most equitable and appropriate distribution method in this case primarily because Prior Recovery Rates vary widely from investor to investor. Prior to the receivership, certain Investor Claimants received payments from the Scheme reflecting a return of more than 100% of their actual payments made to Scheme, while others received no payments from the Scheme at all. Furthermore, the vast majority of third-party | CalPrivate objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. FRE 701.  Moreover, CalPrivate objects on the grounds that this testimony purports to describe the Rising Tide narrative description that is currently available to the parties and therefore violates the best evidence rule.  FRE 1002–1004. CalPrivate objects on the ground that this testimony constitutes inadmissible hearsay.  FRE 801-802. | Sustained: _____ Overruled: _____ |

4

CLAIMANT'S EVID. OBJS. TO DECL. ISO
MOT. FOR ORDER
3:19-CV-01628-LAB-AHG

| | | | |
|---|---|---|---|
| | settlement payments from CTC have varied from 50% to 75% of MIMO Net Losses, which has perpetuated the disparate recoveries among Investor Claimants. Accordingly, I determined the Rising Tide distribution method to be the approach best suited for the equitable treatment of all holders of Allowed Claims. | | |
| | **6. Paragraph 22 (9:25-10:6)**: CalPrivate and ANI License Fund LLC (the "License Fund") entered into loan agreements whereby the License Fund borrowed the principal amount of $12,500,000 (the "Loan"). License Fund was owned 80% by Kim Petersen and 20% by Cain. ANI, Kim Peterson and others guaranteed the Loan. In connection with ANI's guarantee, Cain executed security agreements which | CalPrivate objects on the grounds that this testimony purports to describe the UCC-1 financing statement that is currently available to the parties and therefore violates the best evidence rule. FRE 1002–1004. CalPrivate also objects on the grounds that the declarant has no personal knowledge of the transactions and therefore has no basis to testify | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| authorized the filing of a UCC-1 financing statement (the "**UCC-1**") generally granting CalPrivate a security interest in ANI's personal property. The UCC-1 was limited to ANI's personal property; it did not include assets of any other entities, nor did it reference the CTC's account at City National Bank (the "**CNB Account**"), CTC, or any escrow. | about them.  FRE 602. | |
| **7. Paragraph 24 (10:13-20):** CalPrivate's loan agreements incorporated many of the same terms as those found in loan agreements executed by ANI with other investors. *See* Exhibit F, Proof of Claim, Attachment 3, Change in Terms Agreement, p.1. CalPrivate's loan agreements provided that their loan proceeds were to be funded pursuant to the fake "Chicago Title Company Escrow | CalPrivate objects on the grounds that this testimony purports to describe the Change in Terms Agreement that is currently available to the parties and therefore violates the best evidence rule.  FRE 1002–1004. CalPrivate objects on the grounds that this testimony contains otherwise inadmissible opinions and conclusions. | Sustained: ____<br><br>Overruled: ____ |

| | | |
|---|---|---|
| Agreement (Holding Funds)" between ANI as Lender and CTC as Escrow Holder, in which the Escrow, was "opened for the benefit of ….[Applicant], who is applying for approval of a transfer to Applicant of a license issues by the …[ABC]". *See Id.*, Exhibit B. | FRE 701. | |
| **8. Paragraph 25 (10:21-11:6):** I believe the Loan History with regard to CalPrivate's Loan further demonstrates that it was no more a lender than any other Investor Claimant. *See* Exhibit G, Loan History. As confirmed by my accounting, CalPrivate did not simply lend $12.475 million to the License Fund pursuant to some established line of credit. Instead, CalPrivate participated in the Scheme by investing $43.5 million pursuant to funding requests | CalPrivate objects on the grounds that this testimony is irrelevant and contains otherwise inadmissible opinions and conclusions. FRE 401-403 and 701. Moreover, CalPrivate objects on the grounds that this testimony purports to describe the Loan History that is currently available to the parties and therefore violates the best evidence rule. FRE 1002–1004. CalPrivate further objects on the | Sustained: \_\_\_\_ Overruled: \_\_\_\_ |

| | | |
|---|---|---|
| tied to fictitious licenses. Then, just like other Investor Claimants in the Scheme, CalPrivate received loan payments based on fictitious closings of sales of liquor licenses, amounting to over $34 million.  Moreover, from the start, just as other investors did, CalPrivate communicated directly with Cain, who forged emails, documents and signatures of Chicago Title employees, Betty Elixman and Della DuCharme. | grounds that there is no foundation for the declarant to offer testimony about events prior to her appointment. FRE 602.  CalPrivate objects on the ground that this testimony constitutes inadmissible hearsay. FRE 801-802. | |

Dated:  July 24, 2022

O'MELVENY & MYERS LLP

By: */s/ Michael G. Yoder*
Michael G. Yoder
Adam G. Levine
Ashton Massey

Attorneys for Claimant
CALPRIVATE BANK