# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>　　　　　　　　　　　Defendants.<br><br>AMERICAN NATIONAL INVESTMENTS, INC.,<br><br>　　　　　　　　　　Relief Defendants. | Case No.: 19-cv-1628-LAB-AHG<br><br>**ORDER ENTERING NOSSAMAN BAR ORDER** |

Non-parties Chicago Title Company ("CTC") and Chicago Title Insurance Company ("CTIC" and, together with CTC, "Chicago Title"), have requested the Court enter a bar order in favor of Nossaman LLP and Marco Costales (the "Nossaman Bar Order") in connection with the Nossaman Settlement Agreement (the "Agreement"), a copy of which is attached as Exhibit 12 to Chicago Title's joinder in support of the Receiver's motion for approval of the settlement agreement with Chicago Title (the "Motion"). (Dkt. 796-14). The Court-appointed Receiver Krista L. Freitag (the "Receiver") supports the request. (Dkt. 795-1 at 28). Following notice and a hearing, and having considered the filings and heard

the arguments of counsel, the Court granted the Receiver's Motion and approved the settlement agreement between Chicago Title and the Receiver. (Dkt. 927). The Court now **GRANTS** Chicago Title's request to enter the Nossaman Bar Order.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Agreement was entered into amongst the following:

   a. CTC and CTIC, inclusive of each's past, present and/or future parent companies, including but not limited to Fidelity National Financial, Inc., subsidiaries, affiliates, officers, directors, agents, employees, including but not limited to Adelle (Della) DuCharme, Betty Elixman, Thomas Schwiebert, and their heirs, executors, representatives, and/or trusts, if any, predecessors, successors, assigns, sureties, insurers, excess insurers, reinsurers, and any and all of their respective shareholders, owners, and/or partners, limited, general or limited liability (collectively, the "Chicago Title Parties");

   b. Nossaman LLP ("Nossaman"), inclusive of its past, present and/or future parent companies, subsidiaries, affiliates, officers, directors, owners, partners, agents, employees, heirs, executors, representatives, and/or trusts, if any, predecessors, successors, assigns, sureties, insurers, excess insurers, reinsurers, and any and all of their respective shareholders, owners, and/or partners, whether general or limited liability, including but not limited to Marco D. Costales (collectively, the "Nossaman Parties"); and

   c. The Receiver for ANI Development, LLC, American National Investments, Inc. and their subsidiaries and affiliates (the "Receivership Entities")

2

19-cv-1628-LAB-AHG

2. In August 2019, the Securities and Exchange Commission initiated this action against Gina Champion-Cain and the Receivership Entities, styled as *SEC v. Gina Champion-Cain, et al.*, Case No. 19-cv-1628-LAB-AHG, in connection with a fraudulent liquor license loan program (the "Program").

3. There is other currently pending litigation, in the California Superior Court for San Diego County, relating to the Program and styled as *Ovation Finance Holdings 2 LLC, Ovation Fund Management II, LLC, and Banc of California, N.A. v. Chicago Title Insurance Company, et al.*, Case No. 37-2020-00034947-CU-FR-CTL (the "Ovation/BoC Action"); *Banc of California, N.A. v. Laurie Peterson, et al.*, Case No. 37-2019-00060809 (the "BoC Action"); *CalPrivate Bank v. Chicago Title Company, et al.*, Case No. 37-2020-00039790-CU-FR-CTL* ("CalPrivate Action I"); *CalPrivate Bank v. Kim H. Peterson, Trustee of the Peterson Family Trust dated April 14, 1992*, Case No. 37-2019-00058664-CU-BC-CTL ("CalPrivate Action II"); *Kim Funding, LLC, et al. v. Chicago Title Company, et al.*, Case No. 37-2019-00066633-CU-FR-CTL (the "Kim Funding Action"); *Krista Freitag, Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates v. Chicago Title Company, et al.*, Case No. 37-2022-00000818-CU-FR-CTL (the "Receiver/CTC Action"); *Susan Heller Fenley Separate Property Trust, DTD 03/04/2010, et al. v. Chicago Title Company, et al.*, Case No. 37-2020-00022394 (the "Heller-Fenley Action"); and *Wakefield Capital LLC, Wakefield Investments, LLC, 2Budz Holdings, LLC, Doug and Kristine Heidrich, and Jeff and Heidi Orr v. Chicago Title Company, et al.*, Case No. 37-2020-00012568-CU-FR-CTL (the "Wakefield Action" and, together with the Ovation/BoC Action, the BoC Action, CalPrivate Action I, CalPrivate Action II, the Kim Funding Action, the Receiver/CTC Action, and the Heller-Fenley Action, the "State Court Actions").

4. CTC and CTIC have also brought crossclaims for equitable indemnity in six of the State Court Actions against the Nossaman Parties, including

specifically, but not limited to, Marco D. Costales, (the "Nossaman Crossclaims").

5. On or about April 26, 2022, the Chicago Title Parties and the Receiver entered into a Settlement and Mutual Release Agreement (the "Receiver Settlement"), which was subject to this Court's approval, and which, among other things, includes that as part of any such settlement between the Chicago Title Parties and the Nossaman Parties, the Chicago Title Parties would request and the Receiver would support the entry of a bar order in favor of the Nossaman Parties, thereby furthering the goals of global peace and finality that motivated the Receiver Settlement.

6. The notice of the Motion provided by the Receiver was reasonably calculated, under all the circumstances, to apprise interested parties of the relief sought in the Motion and afforded them an opportunity to present their objections and a reasonable time to make their appearance.

7. The Court hereby permanently bars and enjoins all persons and entities whatsoever, including but not limited to the Chicago Title Parties; Ovation Finance Holdings 2 LLC; Ovation Fund Management II, LLC; Banc of California, N.A.; CalPrivate Bank (f/k/a San Diego Private Bank) and inclusive of C3 Bank (f/k/a First National Bank of Southern California); Susan Heller Fenley; the Susan Heller Fenley Separate Property Trust, DTD 03/04/2010; the Susan Heller Fenley Inherited ROTH IRA; Shelley Lynn Tarditi; the Shelley Lynn Tarditi Trust; ROJ, LLC; John Milito; Wade Wakefield; Stacy Wakefield; Wakefield Capital LLC; Wakefield Investments, LLC; 2Budz Holding LLC; Doug Heidrich; Kristine Heidrich; Living at the Next Level, LLC; Heidi Orr; Jeffrey Orr; Greg Glassberg; Joseph J. Cohen; ABC Funding Strategies, LLC; ABC Funding Strategies Management, LLC; Laurie Peterson; Kim H. Peterson; Kim Funding, LLC; the Peterson Family Trust dated 4/14/1992; the Peterson Family Trust dated 9/29/1983; Kim Media, LLC; Kim Management, Inc.; Kim Aviation, LLC; Aero Drive, LLC; Aero Drive Three, LLC; Baltimore Drive, LLC; George Palmer

Corporation; Kim Funding LLC Defined Benefit Pension Plan; ANI License Fund, LLC; Payson R. Stevens; Kamaljit K. Kapur; the Payson R. Stevens and Kamljit Kaur Kapur Trust Dated March 28, 2014; the Babette Newman Trust; Anthony D. Radojevich; Eugene Shapiro; Robert McArdle; Gina Champion-Cain; the Receiver and the Receivership Entities; any and all persons or entities who have been, are, or will be subject to any fraudulent transfer claim brought by the Receiver; any and all persons or entities who brought any of the State Court Actions and/or previously put any of the Nossaman Parties on notice of a claim or a potential claim; and any and all persons or entities who have submitted investor claim forms with the Receiver, or anyone else whomsoever that has a claim arising from the Program, from commencing, instituting, prosecuting, maintaining, or continuing, directly or indirectly, any lawsuit, action, cause of action, claim, crossclaim, third-party claim, demand, controversy, claim over, appeal (except for an appeal from this Court as it pertains to its approval of the Receiver Settlement and/or this Bar Order) or other action, of whatsoever nature at common law, statutory, legal, or equitable, or otherwise, including but not limited to any claim seeking damages, indemnity, contribution, or otherwise, in any forum against the Nossaman Parties related to or arising from, directly or indirectly any damages, injuries, or losses allegedly sustained by, or related directly or indirectly, to the subject matter of *SEC v. Champion-Cain*, the State Court Actions, and/or the Nossaman Crossclaims.

**IT IS SO ORDERED.**

Dated: November 23, 2022

*Larry A. Burns*
**Hon. Larry Alan Burns**
United States District Judge